UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALIHA MADDEN, on behalf
of herself and all others
similarly situated,

          Plaintiff,

     vs.

MIDLAND FUNDING, LLC
and MIDLAND CREDIT
MANAGEMENT, INC.

          Defendants.

**COMPLAINT**

**JURY DEMANDED HEREON**

**INDEX:**

**JUDGE:**

'11 CIV 8149

## I. <u>INTRODUCTION</u>

1.     This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, New York General Business Law §349, which prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service, and New York General Obligations Law §5-501 et seq., which prohibits the charging usurious interest, *i.e.* - interest in excess of 16%.

2.     Plaintiff Saliha Madden, on behalf of herself and all persons similarly situated, seeks injunctive relief, declaratory judgment, actual, statutory and punitive damages against Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC arising from their routine practice of charging, collecting and seeking to collect interest in excess of 16%.

## II.  JURISDICTION

3.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA and New York statutory law occurred in this judicial district.

## III.  PARTIES

5.      Plaintiff Saliha Madden is an adult individual residing in White Plains, New York and is a "consumer" as defined in 15 U.S.C. § 1692a(3).

6.      Defendant Midland Funding, LLC (hereinafter "Midland Funding") is a purchaser of debts in default with its primary place of business located in San Diego, California.  Midland Funding is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

7.      Midland Funding, LLC is a debt buying entity that is a wholly owned subsidiary of Encore Capital Group, Inc. ("Encore") a publicly traded company that is among the largest buyers and collectors of defaulted credit card receivables in the United States.

8.       Defendant Midland Credit Management, Inc. (hereinafter "MCM") is a collection agency with its primary place of business located in San Diego, California.  MCM is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

9.      MCM is, likewise, a wholly owned subsidiary of Encore, and acts as a servicer of all or the vast majority of Encore's consumer debt portfolio.  See Encore website, stating "If you are one of our consumers, you probably know us as Midland Credit Management (or MCM)." http://www.encorecapital.com/consumers

## IV. FACTUAL ALLEGATIONS

10.     Plaintiff Saliha Madden incurred an obligation with Bank of America for personal, family, or household purposes.

11.     Defendant Midland Funding acquired Ms. Madden's alleged obligation after it had gone into default.

12.     Defendant Midland Funding placed Ms. Madden's alleged obligation with MCM for collection.

13.     On or about November 20, 2010, Defendant MCM on behalf of Defendant Midland Funding sent or caused to be sent a letter to Plaintiff Saliha Madden to collect on a debt allegedly originally due to Bank of America, now allegedly due Midland Funding.  Attached hereto as Exhibit A.

14.     Exhibit A includes a Statement which provides:  "Interest Rate: 27%."

15.     The letter purports to show "Accrued Interest" for one day (11-20-2011) of $3.94 which represents interest of approximately 27% per annum.

16.     The letter shows both a "previous balance" without the "accrued interest", and a "current balance" that includes the "accrued interest".

17.     New York General Obligation Law § 5-501 states that the "rate of of interest. . . upon the loan or forbearance of any money, goods, or things in action. . . shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law."

18.     Section §14-a(1) of New York's Banking Law, in turn, provides that "[t]he maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum."

19.     New York General Obligations Law §5-511 provides that, subject to exceptions not applicable in the instant case (e.g. certain shipping-related loans, and loans made by a "savings bank, a savings and loan association or a federal savings and loan association")  contracts which provide for payments greater than that authorized by New York General Obligations Law §5-501 are void.

20.     Although the original creditor, Bank of America, is exempt from New York's usury laws pursuant to the National Banking Act, 12 U.S.C. §85, the Defendants are not national banks, and are not exempt.

21.     Moreover, a non-national bank assignee does not get the benefit of the federal exemption under New York law.  See, e.g. New York General Obligations Law, § 13-105.

## V.  THE STATE COURT ACTION BROUGHT BY MIDLAND FUNDING AGAINST SALIHA MADDEN

22.     In May 2011, Defendant Midland Funding sued Ms. Madden on her alleged debt to Bank of America in White Plains City Court, in an action titled *Midland Funding, LLC DBA In New York As Midland Funding of Delaware LLC A/P/O Bank Of America v. Saliha Madden* (Index 0361-cv-2011)(the "State Action").

23.     Midland Funding entered a default judgment against Ms. Madden on July 15, 2011 in the amount of $5,694.61.

24.     Because Ms. Madden was never served with the Summons and Complaint in the State

Action, she did not learn of the state court lawsuit filed by Midland Funding until late August

2011, when she received an income execution from the Marshal's office dated August 24, 2011.

25.     Ms. Madden, by and through Schlanger & Schlanger, LLP (co-counsel in the instant

federal action), filed an Order to Show Cause seeking vacatur and dismissal of the State Action

on October 12, 2011.

26.     The State Action was dismissed with prejudice by stipulation of the parties thereto on

October 24, 2011.

## VI.     DEFENDANT'S PRACTICES AND POLICIES

27.     It is the standard practice and policy of Defendants to charge, collect and attempt to

collect interest in excess of 16%, *inter alia*, by means of communications such as Exhibit A, that

falsely state that the interest rate for an account is higher than 16%, and that incorrectly calculate

the "current balance" on the basis of the higher, unlawful interest rate.

28.     It is the standard practice and policy of Defendants to falsely represent the character,

amount, or legal status of the debt by stating in its written communications with debtors (e.g.

Exhibit A), that the interest rate for an account is higher than 16%, and by calculating the

"current balance" on the basis of the higher, unlawful interest rate.

29.     It is the standard practice and policy of Defendants to threaten to take action that cannot

legally be taken or that is not intended to be taken, *i.e.* - charging interest in excess of 16%.

30.     It is the standard practice and policy of Defendants to collect or attempt to collect interest

at a rate higher than permitted by law.

## VII.  CLASS RULE ALLEGATIONS

31.     Pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, this action is brought as a class action.  The umbrella class is defined as:

> (i) all persons residing in New York; (ii) who were sent a letter by Defendants attempting to collect interest in excess of 16%; (iii) regarding debts incurred for personal, family, or household purposes.

32.     The subclass for violations of the FDCPA covers the period of one year prior to the date of filing this action through the date of class certification.

33.     The subclass for violations of N.Y. GBL §349 covers the period of 3 year prior to the date of filing this action through the date of class certification.

34.     The subclass for violations of N.Y. GOL §5-501 et seq. covers the period of one year prior to the date of filing this action through the date of class certification.

35.     The members of the class are so numerous that joinder of all parties is impracticable.  At this time, the precise number cannot be determined.  After preliminary investigation, and upon information and belief, there appear to be thousands of members of the class.

36.     Plaintiff notes in this regard that Defendants collect and attempt to collect a staggering volume of debts in New York.  For example, a study of New York Civil Court filings for 2007 found that Midland Funding *filed* 26,998 cases against consumers in that year alone, and was the second highest volume filer of consumer credit actions that year.  MFY Legal Services, Inc., Justice Disserved, June 2008, at p. 4. http://www.mfy.org/wp-content/uploads/reports/Justice_Disserved.pdf.

37.     A study of a sample of 600 consumer credit actions initiated in New York City's Civil Courts in 2006 likewise found that Midland and related entities filed 12% of all such actions that

year.  Urban Justice, *Debt Weight:  The Consumer Credit Crisis in New York City and its Impact on the Working Poor*, October 2007, at p. 14.

38.     Encore Capital, the parent corporation of which Midland Funding and MCM are the consumer-facing subsidiaries, boasts on its website that its database includes some "25 million active accounts".  http://www.encorecapital.com/about.  Encore reported gross collections of $195.1 million dollars for the second quarter of 2011.  http://phx.corporate-ir.net/phoenix.zhtml?c=115920&p=irol-newsArticle&ID=1591449&highlight=

39.     There are questions of law or fact common to the class, including whether letters in the form of Exhibit A, or otherwise seeking interest at a rate exceeding 16%, violate the FDCPA, N.Y. GBL §349, and N.Y. GOL §5-501 et seq.

40.     Plaintiff's claims are typical of the class members in that she alleges the same claims asserted on behalf of the class as a whole.

41.      Plaintiff will fairly and adequately protect the interests of the class in that she has a personal desire to vindicate the rights of the class and she has retained competent counsel experienced with FDCPA as well as other consumer litigation and class actions to represent the class.

42.     Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

43.     Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for defendants who are expected to oppose the class.

44.     Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

45.     Many of the persons with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

46.     A class action is a superior method for the fair and efficient adjudication of this controversy. Classwide damages are essential to induce defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because the maximum statutory damages on an individual are $1000 for violation of the FDCPA. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g., for securities fraud.

47.     Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

48.     Ms. Madden requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VIII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
### 15 USC § 1692 *et seq.*

49.     Plaintiff realleges and incorporates by references all of the allegations contained in the above paragraphs.

50.     Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

51.     A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Included within this prohibition is the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

52.     The prohibition against false, deceptive or misleading conduct also bars the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

53.     A debt collector may also not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

54.     Defendants violated §1692e and § 1692f of the FDCPA by charging, collecting and/or seeking to collect interest at a usurious rate from Plaintiff and the other class members by means of collection letters (such as the one attached hereto as Exhibit A). Specifically, and without limitation, the collection letters in question:

a. falsely represent the character, amount, or legal status of the debt., in violation of § 1692e(2)(A);

b. take or threaten to take action that cannot legally be taken or that is not intended to be taken (*i.e.* the charging and collection of usurious amounts) in violation of 1692e(5);

c. constitute a false and deceptive method of collecting or attempting a debt, in violation of § 1692e(10);

d. Constitute an attempt to collect interest not expressly authorized by any agreement between consumers and Defendants, or permitted by law, in violation of 1692f(1)

55. As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has sustained statutory and actual damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## NEW YORK GENERAL BUSINES LAW § 349 ("NYGBL § 349")

56. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

57. Defendants collection, included attempted collection, of usurious amounts, including but not limited to its representations to consumers that it is entitled to collect such amounts or that such interest is "accruing" and inclusion of such interest in balance statements, constitutes a deceptive business practice in violation of NYGBL § 349.

58. These acts were committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

59.     These acts are consumer-oriented, involving deceptive representations made in form/standardized correspondence with large numbers of consumers.  The violations alleged herein are recurring and have a broad impact upon the public.

60.     Indeed, although Plaintiff cannot say with certitude exactly how many such deceptive form letters were sent over the past three years, it is virtually certain to be in the thousands.

61.     As reviewed above, Defendant Midland Funding files tens of thousands of lawsuits in New York City's civil courts every year, and it is inconceivable that the form letter attached to Exhibit A, regarding Midlands collection on debt originated with Bank of America is an isolated instance.

62.     Rather, upon information and belief, the overstatements of balance and interest in standardized correspondence sent to large numbers of consumers, as described herein, is part of a policy and practice that is designed and has the effect of unlawfully increasing Defendants' profits.

63.     Defendants' deceptive acts, by their nature, involve a material misrepresentation of the interest chargeable and accruing on its accounts.

64.     As a result of these violations of NYGBL §349, Plaintiff has suffered actual and statutory damages.

65.     Plaintiff is also entitled to punitive damages of up to $1,000, injunctive relief, and attorney's fees and costs as a result of these violations.

### THIRD CAUSE OF ACTION
### NEW YORK GENERAL OBLIGATIONS LAW ("NYGOL") § 5-501, *et seq.*
### DECLARATORY RELIEF AND DISGORGEMENT

66.     Plaintiff realleges and incorporates by reference all of the allegations contained in the above paragraphs.

67.     Defendants violated N.Y. GOL §5-501 *et seq* by charging, collecting and/or attempting to collect interest of 27% per annum, which is far in excess of the 16% permitted under New York civil law and which is, in fact, in excess of New York's criminal usury limit of 25% (N.Y. Penal Law § 190.40), as well.  See, e.g. Exhibit A.

68.     Pursuant to NYGOL § 5-511, Plaintiff and the class which she seeks to represent are entitled to have all debts on which Defendants charged, collected and/or attempted to collect usurious interest declared void.

69.     Pursuant to NYGOL § 5-513, Plaintiff and the class which she seeks to represent are entitled to disgorgement of all sums paid in excess of the maximum interest rate.

### IX.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Saliha Madden, on behalf of herself and all others similarly situated, request judgment be enteted against Defendants Midland Funding, LLC and Midland Credit Management, Inc. as follows:

A.      The Court find and issue an order certifying this matter to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3), and appointing Plaintiff Saliha Madden as the class representative and the undersigned attorneys as class counsel;

B.      The Court enter a permanent injunction barring Defendants' practice of charging interest in excess of 16% in violation NYGOL § 5-501, *et seq.*;

C.      The Court enter a judgment declaring that all accounts held by Defendants on

which Defendants have charged, collected or attempted to collect interest in excess of

16% per annum are void;

D.      The Court enter judgment ordering disgorgement of all interest collected by

Defendants in excess of the maximum allowed rate of 16%;

E.      The Court award Plaintiff actual damages, and the maximum amount of statutory

damages as provided by 15 U.S.C. § 1692k;

F.      The Court award actual damages or $50 per class member, whichever is greater,

and punitive damages up to $1000.00 per class member, pursuant to NYGBL § 349(h),

G.      Attorneys fees, litigation expenses, and costs; and

H.      Such other or further relief as the Court deems appropriate.

## X. JURY DEMAND

Plaintiff Saliha Madden demands trial by jury pursuant to Rule 38 of the Federal

Rules of Civil Procedure of all issues triable of right by a jury.

Dated:       November 10, 2011
             White Plains, New York

                                        Respectfully Submitted,

                                        Daniel A. Schlanger, Esq. (ds-9330)
                                        Schlanger & Schlanger, LLP
                                        1025 Westchester Ave., Suite 108
                                        White Plains, New York 10604
                                        Ph: 914-946-1981
                                        Fax: 914-946-2930
                                        daniel@schlangerlegal.com

/s/O. Randolph Bragg
O. Randolph Bragg
*(to seek admission pro hac vice)*
Horwitz, Horwitz and Associates, Ltd.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)
E-mail: rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFF