**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SALIHA MADDEN, on behalf of herself and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>               Defendants. | 11-CV-8149 (CS) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### I.     INTRODUCTION

1.     As to Paragraph One, the defendants do not contest that this action is brought by Plaintiffs under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., the New York General Business Law § 349 and New York General Obligations Law § 5-501, *et seq*. and New York Penal Law § 190.40.  The defendants deny that they violated the FDCPA, the New York General Business Law, the New York General Obligations Law, the New York Penal Law or any other state or federal laws.

2.     As to Paragraph Two, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.  Defendants deny that they violated any state or federal laws in the collection of the plaintiff's debt.

### II.     JURISDICTION

3.     As to Paragraph Three, the defendants do not contest the jurisdiction of this Court.

### III.     VENUE

4.     As to Paragraph Four, the defendants do not contest venue.

## IV.   **PARTIES**

5.      As to Paragraph Five, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

6.      As to Paragraph Six, the defendants deny, except to admit that the purchasing of defaulted debts is part of Midland Funding's business and that its principal place of business is located in San Diego, California.

7.      As to Paragraph Seven, the defendants deny, except to admit that Midland Funding is an indirect wholly owned subsidiary of Encore Capital Group, Inc., a publicly traded company, and that the purchase of debts is part of its business.

8.      As to Paragraph Eight, the defendants deny, except to admit that the collection of debts is part of MCM's business and that its principal place of business is located in San Diego, California.

9.      As to Paragraph Nine, the defendants deny, except to admit that MCM is an indirect wholly owned subsidiary of Encore Capital Group, Inc.

## V.   **FACTUAL ALLEGATIONS**

10.      As to Paragraph Ten, the defendants admit that the plaintiff incurred a debt with Bank of America.  As to the remaining allegations, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

11.      As to Paragraph Eleven, the defendants admit.

12.      As to Paragraph Twelve, the defendants admit.

13.      As to Paragraph Thirteen, the defendants admit that MCM sent correspondence to the plaintiff on or about November 20, 2012 and respectfully refers the Court to a true and accurate copy of such document as to its complete content.

14.      As to Paragraph Fourteen, the defendants admit only to the extent that the

2

statement, attached as **Exhibit A** to the plaintiff's complaint, indicates an interest rate of 27%.

15.     As to Paragraph Fifteen, the defendants neither admit nor deny, but respectfully refer the Court to the document and its content.

16.     As to Paragraph Sixteen, this Paragraph contains legal conclusions for which no response is required.

17.     As to Paragraph Seventeen, this Paragraph contains legal conclusions for which no response is required.

18.     As to Paragraph Eighteen, this Paragraph contains legal conclusions for which no response is required.

19.     As to Paragraph Nineteen, this Paragraph contains legal conclusions for which no response is required.

20.     As to Paragraph Twenty, this Paragraph contains legal conclusions for which no response is required.

21.     As to Paragraph Twenty-One, this Paragraph contains legal conclusions for which no response is required.

22.     As to Paragraph Twenty-Two, this Paragraph contains legal conclusions for which no response is required.

## VI.     THE STATE COURT ACTION BROUGHT BY MIDLAND FUNDING AGAINST SALIHA MADDEN

23.     As to Paragraph Twenty-Three, the defendants admit.

24.     As to Paragraph Twenty-Four, the defendants deny that Midland Funding entered a default judgment, but admits that a default judgment in favor of Midland Funding against the plaintiff was entered on or about July 15, 2011.

25.     As to Paragraph Twenty-Five, the defendants deny knowledge and information

3

sufficient to form a belief and therefore leave the plaintiff to her proof.

26.     As to Paragraph Twenty-Six, the defendants admit.

27.     As to Paragraph Twenty-Seven, the defendants admit.

### VII.   DEFENDANT'S PRACTICES AND POLICIES

28.     As to Paragraph Twenty-Eight, the defendants deny, except to admit that depending on the underlying credit card agreement and relative state laws, defendants collect or attempt to collect interest at an appropriate interest rate under the circumstances.

29.     As to Paragraph Twenty-Nine, the defendants deny.

30.     As to Paragraph Thirty, the defendants deny.

31.     As to Paragraph Thirty-One, the defendants deny.

### VIII.   CLASS RULE ALLEGATIONS

32.     As to Paragraph Thirty-Two, the defendants admit that this action has been brought as a class action.  As to the remaining allegations, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

33.     As to Paragraph Thirty-Three, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

34.     As to Paragraph Thirty-Four, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

35.     As to Paragraph Thirty-Five, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

36.     As to Paragraph Thirty-Six, the defendants deny.

37.     As to Paragraph Thirty-Seven, the websites identified in the plaintiff's complaint are documents that speak for themselves and the Court is respectfully referred to them for the Court's own review.

38.     As to Paragraph Thirty-Eight, the defendants do not respond as the document identified as "Urban Justice, *Debt Weight: The Consumer Crisis in New York City and its Impact on the Working Poor*, October 2007, at pg. 14" speaks for itself.

39.     As to Paragraph Thirty-Nine, the websites identified in the plaintiff's complaint are documents that speak for themselves and the Court is respectfully referred to them for the Court's own review.

40.     As to Paragraph Forty, the defendants deny.

41.     As to Paragraph Forty-One, the defendants deny.

42.     As to Paragraph Forty-Two, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

43.     As to Paragraph Forty-Three, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

44.     As to Paragraph Forty-Four, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

45.     As to Paragraph Forty-Five, the defendants deny.

46.     As to Paragraph Forty-Six, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

47.     As to Paragraph Forty-Seven, the defendants deny.

48.     As to Paragraph Forty-Eight, the defendants deny.

49.     As to Paragraph Forty-Nine, the defendants deny knowledge and information sufficient to form a belief and therefore leave the plaintiff to her proof.

## IX.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

**15 U.S.C. § 1692 *et seq*.**

50.     As to Paragraph Fifty, the defendants repeat, reiterate and incorporates their responses to Paragraphs One through Forty-Nine as if more fully set forth herein.

51.     As to Paragraph Fifty-One, this Paragraph contains legal conclusions for which no response is required.

52.     As to Paragraph Fifty-Two, this Paragraph contains legal conclusions for which no response is required.

53.     As to Paragraph Fifty-Three, this Paragraph contains legal conclusions for which no response is required.

54.     As to Paragraph Fifty-Four, this Paragraph contains legal conclusions for which no response is required.

55.     As to Paragraph Fifty-Five, the defendants deny.

56.     As to Paragraph Fifty-Six, the defendants deny.

**SECOND CAUSE OF ACTION**

**NEW YORK GENERAL BUSINESS LAW § 349 ("NYGBL § 349")**

57.     As to Paragraph Fifty-Seven, the defendants repeat, reiterate and incorporates their responses to Paragraphs One through Fifty-Six as if more fully set forth herein.

58.     As to Paragraph Fifty-Eight, the defendants deny.

59.     As to Paragraph Fifty-Nine, the defendants deny.

60.     As to Paragraph Sixty, the defendants deny.

61.     As to Paragraph Sixty-One, the defendants deny.

62.     As to Paragraph Sixty-Two, this Paragraph does not contain an allegation but is merely argumentative.  To the extent that it can be read as alleging wrongful conduct by the defendants, it is expressly denied.

5043249v.1

63.     As to Paragraph Sixty-Three, this Paragraph does not contain an allegation but is merely argumentative.  To the extent that it can be read as alleging wrongful conduct bthe defendants, it is expressly denied.

64.     As to Paragraph Sixty-Four, the defendants deny.

65.     As to Paragraph Sixty-Five, in so far as defendants can respond, the defendants deny that they violated any state or federal law in connection with the collection of the plaintiff's debt.

66.     As to Paragraph Sixty-Six, in so far as defendants can respond, the defendants deny that they violated any state or federal law in connection with the collection of the plaintiff's debt.

### THIRD CAUSE OF ACTION

### NEW YORK GENERAL OBLIGATIONS LAW ("NYGOL") § 5-501, *et seq.*
### DECLARATORY RELIEF AND DISGORGEMENT

67.     As to Paragraph Sixty-Seven, the defendants repeat, reiterate and incorporate their responses to Paragraphs One through Sixty-Six as if more fully set forth herein.

68.     As to Paragraph Sixty-Eight, the defendants deny.

69.     As to Paragraph Sixty-Nine, in so far as defendants can respond, the defendants deny that they violated any state or federal law in connection with the collection of the plaintiff's debt.

70.     As to Paragraph Seventy, in so far as defendants can respond, the defendants deny that they violated any state or federal law in connection with the collection of the plaintiff's debt.

### AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint fails to set forth a cause of action for which relief may be granted.

5043249v.1

2.      Plaintiffs have failed to sustain any actual damage in this case.

3.      Plaintiffs have brought this claim without conducting a good faith inquiry into the validity of her cause of action in violation of 15 U.S.C. § 1692k.

4.      Plaintiffs have failed to set forth a claim for relief under the pended state law claims.

5.      Plaintiffs' damages, if any, are limited to statutory damages, actual damages and reasonable attorneys' fees under the Fair Debt Collection Practices Act.

6.      If there is found to be any violation of the Fair Debt Collection Practices Act, which the Defendant's deny, the violation was the result of an unintentional Bona Fide Error, which occurred despite Defendant's maintenance and procedures reasonably calculated to avoid such errors.

7.      This Court lacks subject matter jurisdiction over the allegations in the complaint.

**WHEREFORE,** MIDLAND CREDIT MANAGEMENT, INC. requests that judgment be entered in its favor and that it be awarded the costs and attorneys' fees incurred in its defense together with such other and further relief the Court shall deem just and proper.

Dated:    May 23, 2012
          New York, New York

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP

By: _____
          Thomas A. Leghorn
          Jill E. Alward
          Attorneys for
          MIDLAND CREDIT MANAGEMENT,
          INC. and MIDLAND FUNDING, LLC
          150 East 42nd Street
          New York, New York 10017-5639
          (212) 490-3000
          File No. 10277.00145

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Daniel A. Schlanger
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604

O. Randall Bragg
Horwitz, Horwitz and Associates, Ltd.
25 E. Washington, Suite 900
Chicago, IL 60602

Thomas A. Leghorn

9