

MEMO ENDORSED

# WILSON ELSER

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Thomas A. Leghorn
212.915.5234 (direct)
Thomas.Leghorn@wilsonelser.com

November 27, 2012

Via Facsimile: 914-390-4278

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

*Pre-motion conference to be held on:*
*12-17-2012 @ 3:30pm*
*Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance.*
*So ordered.*

*Cathy Seibel*
*Cathy Seibel, U.S.D.J.*

*Dated: 11/27/12*

Re:    Saliha Madden, et al v. Midland Funding, et al.
       Index No.: 11-CV-8149
       Our File No.: 10277.00145

Dear Judge Seibel:

My firm is counsel to the defendants in this matter, Midland Funding, LLC, and Midland Credit Management, Inc. In accordance with your individual practice rules, this letter is submitted requesting a pre-motion conference at the Court's earliest convenience. The defendants at the conference will be seeking your approval to present a motion for summary judgment disposing of the entire case now before you and staying any further discovery pending a determination of the motion. Our intent to present this application was first raised on Friday November 16th when the parties met. Since that time the parties have each tried to call the other on a few occasions without success due to differing schedules. I laid out the substance of my intended application first thing this morning in an email and followed it up with an attempted telephone call. I advised that I would be presenting this application before the end of the day today.

The case which is now before you alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). As a predicate for the FDCPA claim, Plaintiff utilizes purported violations of various New York State statutes including New York General Obligations Law §§ 5-501, 5-511, and 5-513, §14-a(1) of New York Banking Law and New York Penal Law § 190.40. All of these state law provisions deal with the issue of the interest rate that may be charged within the state of New York on various financial transactions. In simple terms, plaintiff's claim is that the interest being sought by the defendants was in violation of these New York laws and, therefore, constituted a violation of the FDCPA.

The debt in question here was a delinquent credit card account plaintiff had with the Bank of America. After the account became delinquent, Bank of America sold the account to

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 | 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington DC • West Palm Beach
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/12

5292831v.1

WILSON ELSER                                                                          - 2 -

defendant Midland Funding, LLC. Pursuant to a servicing agreement in place between Midland
Credit Management, Inc., and its wholly owned subsidiary, Midland Funding, all collection
efforts or activities were assigned to Midland Credit. Midland Credit then began its attempts to
collect upon the delinquent debt which Midland Funding now owned. The validation letter
mandated by the FDCPA, which Midland Credit sent to Ms. Madden, indicated (i) that Bank of
America was the initial creditor, (ii) the outstanding balance, and (iii) that interest was
continuing to accrue at a rate of 27%.

Plaintiff brings this action claiming it is illegal in New York to seek interest in excess of 25%.
What plaintiff has repeatedly ignored and what serves as the basis for this application is that the
terms and conditions of the Bank of America account clearly designate the laws of Delaware—
which allow interest rates in excess of 25%—as applicable. Plaintiff has shown no authority to
date which would permit her to ignore this clear designation of law. To allow the matter to
proceed any further would just cause the defendant to continue to incur substantial defense costs,
which it is doubtful plaintiff would be able to reimburse at the conclusion of this matter.

More specifically, the terms and conditions state at point 44 that "[t]his Agreement is
made in Delaware and we extend credit to you from Delaware. This Agreement is governed by
the laws of the State of Delaware (without regard to its conflict of laws principles) and by
applicable federal laws." Midland is entitled to the full benefit of point 44 because point 42 of
the terms and conditions provides that Bank of America "may at any time, and without notice to
you, sell; assign or transfer your account, any sums due on your account, this agreement, or our
rights or obligations under your account or this Agreement to any person or entity. The person
or entity to whom we make such sale, assignment or transfer shall be entitled to all of our rights
and/or obligations under this Agreement, to the extent sold, assigned or transferred."

Although Midland had been provided with the applicable terms and conditions for all
accounts it had purchased from Bank of America, the documentation that it had been sent
specifically to any one consumer was not included. Although the terms and conditions for this
account was turned over in our initial discovery to the plaintiff, we have now secured from Bank
of America the August 2006 monthly statement to Madden herself in which these specific terms
and conditions were attached to her monthly statement. This is why Defendants are now before
the Court requesting this relief as opposed to presenting an initial pre-answer motion to dismiss.
The Plaintiff's own statement with the terms and conditions attached was only recently secured
from Bank of America.

Delaware law permitted Bank of America—and Midland as its assignee—to charge the
27% interest rate . Under Delaware law, an issuer of a credit card "may charge and collect
interest under a revolving credit plan on outstanding indebtedness in the borrower's account
under the plan at such daily, weekly, monthly, annual or other periodic percentage rate or rates as
the agreement governing the plan provides or as established in the manner provided in the
agreement governing the plan. 66 Del.Laws, c. 22, §1, Del. Laws, c. 19, §64. It should also be
noted that the statement attached was applying interest of 32% in 2006 yet the complaint
complains of the Defendants applying 27% interest, a lower rate. The reason for the difference is
simple: the prime rate had dropped 5% between 2006 and 2011 corresponding precisely to the
difference between the two rates.

**WILSON ELSER**

- 3 -

     A related part of defendants' application is that any further discovery be held in abeyance pending the determination of the proposed motion. The issue presented to the court is one purely legal in nature and requires no further discovery. Plaintiff is now seeking depositions in California of defendants' employees on issues of interest collected and applied to the plaintiff's account and as to any member of the putative class. Plaintiff refuses to acknowledge the terms of the agreement by which she sought and received credit and the defendants should not be put through the cost and disruption to its activities such depositions and further discovery would cause.

     It is therefore respectfully requested that the Court schedule a pre-motion conference at its earliest convenience to address Defendants' request that the action be dismissed for plaintiff's failure to abide by the Arbitration and Litigation provision of the terms and conditions or, in the alternative, to permit Defendants the opportunity to present a motion for summary judgment in that none of the New York statutes cited within the complaint are applicable to the case and that Delaware law is applicable together with a request to stay any further pre-trial discovery pending the outcome of this motion.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & dicker, LLP

Thomas A. Leghorn
Counsel to the Defendants

cc:    Daniel A. Schlanger, Esq.
        Schlanger & Schlanger, LLP
        Via E-Mail: Daniel@Schlangerlegal.com

        O. Randolph Bragg
        Horwitz, Horwitz & Associates
        Via E-Mail: rand@horwitzlaw.com

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

150 East 42nd Street
New York, NY 10017-5639

Telephone #:  212.490.3000
Facsimile #:  212.490.3038

The following facsimile has 4 page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise: Amanda Raines at 212.915.5335.

| | | | |
|---|---|---|---|
| From: | Thomas Leghorn | Date: | November 27, 2012 |
| Attorney #: | 1294 | File #: | 10277.00145 |
| Re: | Saliha Madden v. Midland; 11-cv-8149 | | |

Please deliver as soon as possible to:

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Hon. Cathy Seibel<br>United States District Judge | The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse | 914-390-4278 | |

Cc:    Simultaneously by e-mail:

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP

O. Randolph Bragg
Horwitz, Horwitz & Associates

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Washington DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris