# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

343 MANVILLE ROAD
PLEASANTVILLE, NEW YORK 10570
TEL: 914-946-1981  FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.*
*ADMITTED IN NY & OH

**MANHATTAN OFFICE**
9 East 40th Street, Suite 1300
New York, New York 10016

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
*ADMITTED IN NY & MA

December 10, 2012

**VIA FAX (914-390-4278)**

Hon. Cathy Seibel
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/12

        Re:      Madden v. Midland Funding, LLC, et al.
        Index:  11-CV-8149

Your Honor:

      This office, along with co-counsel O. Randolph Bragg, represents Plaintiff Saliha Madden and the proposed class in the above referenced action, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and New York General Business Law § 349 ("GBL § 349"). Plaintiff submits this letter in response to defendants' letter dated 11/27/12, in which defendants have requested a pre-motion conference, prior to their filing a motion to dismiss this action.

## I. Background

      Defendant Midland Funding, LLP acquired Ms. Madden's alleged obligation after it had gone into default. Midland Funding, LLP and its subsidiary Midland Credit Management, Inc. (collectively, "Midland" or "Defendants") are based in California. Defendants have sought to collect interest from Plaintiff and other members of the proposed class at a rate in excess of 25%. (Ms. Madden herself was charged 27% interest.) Charging interest in excess of 25% is a violation of New York's criminal usury statute, Penal Law § 190.40. Plaintiff asserts that the Defendants' violation of the criminal usury statute is also per se violation of the FDCPA and the GBL § 349.

      Defendants seek to dismiss the complaint, claiming that New York law is inapplicable to the dispute, which, they argue, should be resolved using Delaware law. Defendants' basis for this claim is their allegation that Ms. Madden's agreement with Bank of America was governed by Delaware law[1] and that, as a result, Delaware law should be used in determining whether Defendants are

---

[1] Plaintiff does not concede that Defendants have adequately demonstrated that the agreement between Bank of America and Ms. Madden contained a Delaware choice of law clause. To demonstrate that successfully, Defendants must show the initial agreement between Bank of America and Plaintiff, setting forth the terms under which Bank of America could make future changes in the cardholder agreement; Defendants will also need to produce a qualified

SCHLANGER & SCHLANGER, LLP
ATTORNEYS AT LAW

charging unlawful interest rates. Defendants allege that charging interest at 27% is not a violation of Delaware law. For the reasons stated below, New York law, not Delaware law, should be used.

## II. Argument

New York recognizes that although parties to a contract generally have a right to choose the law to be applied to their contract, this freedom of choice on the part of the parties is not absolute. S. Leo Harmonay, Inc. v. Binks Mfg. Co., 597 F. Supp. 1014, 1025 (S.D.N.Y. 1984), aff'd 762 F.2d 990 (2d Cir. 1985). Specifically, the law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either (a) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state or (b) the chosen state has no substantial relationship to the parties. Am. Equities Group, Inc. v. Ahava Dairy Prods. Corp., 2004 U.S. Dist. LEXIS 6970 (S.D.N.Y. Apr. 23, 2004), noting that New York follows the "substantial relationship" approach set forth in Section 187 of the Restatement of Conflict of Laws, Second. Under both of these criteria, the Court should apply the laws of New York in this matter.

### A. New York's Criminal Usury Laws Express A Fundamental Public Policy Of the State

As the New York Court of Appeals has stated "[t]he purpose of usury laws, from time immemorial, has been to protect desperately poor people from the consequences of their own desperation. Law-making authorities in almost all civilizations have recognized that the crush of financial burdens causes people to agree to almost any conditions of the lender and to consent to even the most improvident loans. Lenders, with the money, have all the leverage; borrowers, in dire need of money, have none." Schneider v. Phelps, 41 N.Y.2d 238, 243 (N.Y. 1977); See Schulman, 123 Misc.2d at 520.

Not surprisingly, numerous courts have thus held that New York's criminal usury laws express a fundamental public policy of the State lenders cannot "contract around" the state's usury laws by means of a choice of law clause., because the prohibition against usury is a fundamental public policy of the State of New York. North American Bank, Ltd. v. Schulman, 123 Misc.2d 516, 520 (Westchester County Ct. 1984)("[T]he policy underlying our State's usury laws is in fact of a fundamental nature.")(siting Schneider, 41 N.Y. 2d at 243"); In re McCorhill Pub., Inc., 86 B.R. 783, 793 (Bankr. S.D.N.Y. 1988)("New York's maximum rate of interest of 25% is half of New Jersey's permissible interest rate. New York has a strong public policy against interest rates which exceed 25%, which policy must be enforced. . . . Accordingly, New York's usury laws are applicable to the terms of the SFC promissory note."); Culbert v. Rols Capital Co., 184 A.D.2d 612, 613 (2d Dep't 1992); American Express Travel Related Servs. Co., Inc. v Assih, 26 Misc.3d 1016, 1026 (N.Y. Civ. Ct. 2009).

Indeed, by making the charging of interest in excess of 25% not merely illegal but a felony under New York law, the legislature is making a particularly strong statement about the public policy of the State of New York about usury.[2]

---

witness from Bank of America to validate that the document now produced by Defendants is a true copy of that which was sent to Ms. Madden.

[2] Criminal usury in the second degree, in which the defendant "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum" is a Class E felony, punishable by up to four years in prison. N.Y. Penal Law § 190.40. If the defendant's behavior additionally "was part of a scheme or business of making or collecting usurious loans," it is elevated to a class C felony, on a par with second-degree manslaughter, arson, burglary and grand larceny, punishable

2

SCHLANGER & SCHLANGER, LLP
ATTORNEYS AT LAW

In short, Defendants' attempts to force application of Delaware law (for which Defendants cite no authority) fails because the prohibition on criminal usury expresses a fundamental policy of New York State and can therefore not be evaded by insertion of a choice of law clause.

### B. Delaware Has No Substantial Relationship to the Parties

Under its choice of law rules, New York uses the "center of gravity" test (also called a "significant relation" or "grouping of contacts" test) to determine the law governing a contract. This is true even when the parties' contract contains a choice of law provision. S. Leo Harmonay, Inc. v. Binks Mfg. Co., 597 F. Supp. 1014, 1025 (S.D.N.Y. 1984)(citing Haag v. Barnes, 9 N.Y. 2d 554, 559-60, 175 N.E.2d 441, 216 N.Y.S. 2d 65 (1961))..

In the context of usury, both federal and state courts have used this approach. Am. Equities Group, Inc. v. Ahava Dairy Prods. Corp., 2004 U.S. Dist. LEXIS 6970 (S.D.N.Y. Apr. 23, 2004)(rejecting the specification of New Jersey law in the parties' contract and applying New York's usury law, choosing the law of the jurisdiction having the greatest interest in the litigation); American Express Travel Related Servs. Co., Inc. v Assih, 26 Misc. 3d 1016, 1026 (N.Y. Civ. Ct. 2009)(rejecting Utah law specified in contract, finding "it is clear that New York has the most significant contacts to the parties and New York law will apply to the 'Agreement' in reference to whether or not the interest being charged is usurious")

In the instant case, the transaction's connection with New York are overwhelming, whereas its connection with Delaware is virtually non-existent. Specifically:

- Ms. Madden is a New York resident.
- She applied for credit with Bank of America in New York, not in Delaware.
- The purchases made using her card were predominantly in New York with none made in Delaware.
- Ms. Madden received bills from Bank of America here in New York. Bank of America maintains hundreds of offices here in New York.
- Bank of America's headquarters is not located in Delaware, but rather in North Carolina.
- Bank of America did not receive Plaintiff's payments in Delaware, but rather in New Jersey.

Delaware's *only* relationship to the contract is that Bank of America is incorporated there. Under such circumstances, the application of Delaware law should be rejected. Culbert v. Rols Capital Co., 184 A.D.2d 612 ( 2d Dep't 1992)(rejecting choice of law clause specifying New Jersey usury laws where incorporation of creditor was the transactions only connection to New Jersey).

For all of the reasons stated above, New York's laws should be applied in determining whether the Defendants have committed usury.

Respectfully,

Daniel A. Schlanger

cc: Thomas Leghorn, Esq.;
O. Randolph Bragg, Esq.;
Elizabeth Shollenberger, Esq.

---

by up to fifteen years in prison. N.Y. Penal Law § 190.42. See, 35 NY Jur Criminal Law Substantive Principles and Offenses § 206.

3