UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALIHA MADDEN, on behalf
of herself and all others
similarly situated,

    Plaintiff,

vs.

MIDLAND FUNDING, LLC
and MIDLAND CREDIT
MANAGEMENT, INC.

    Defendants.

INDEX: 11-CV-8149

HON. CATHY SEIBEL

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

---

January 18, 2013
New York, New York

O. Randolph Bragg, Esq.
Horwitz, Horwitz and Associates
25 E. Washington, Suite 900
Chicago, Illinois 60602
Tel:: (312) 372-8822
Fax: (312) 372-1673
rand@horwitzlaw.com

Daniel A. Schlanger, Esq.
9 East 40th Street, Suite 1300
New York, New York 10016
Tel: (914) 946-1981, ext. 101
Fax: (914) 946-2930
daniel.schlanger@schlangerlegal.com

*ATTORNEYS FOR PLAINTIFF*

# Table of Contents

I.  NATURE OF THE CASE .................................................................................................. 1

II. PLAINTIFF'S CLAIMS ................................................................................................... 2

   A.  THE "LEAST SOPHISTICATED CONSUMER" .................................................. 3

   B.  DEFENDANTS' CONDUCT VIOLATED THE FDCPA AND NEW YORK LAW .. 4

   C.  NO ISSUES OF INTENT OR RELIANCE EXIST ................................................. 5

   D.  STANDARD FOR CLASS CERTIFICATION ....................................................... 6

   E.  THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION ............................................................................................................ 6

      1. Rule 23(a)(1)–Numerosity ................................................................................ 6

      2. Rule 23(a)(2)–Commonality ............................................................................. 8

      3. Rule 23(a)(3)–Typicality .................................................................................. 9

      4. Rule 23(a)(4)–Adequacy Of Representation ..................................................... 9

      5. Rule 23(b)(3) – Common Quesitons Of Law Or Fact Predominate ............... 11

      6. Rule 23(b)(3) – Class Action Is Superior To Other Available Methods To Resolve This Controversy ........................................................................................ 12

      7. Class Certification Pursuant To 23(b)(2) Is Appropriate. ............................... 14

      8. Class Certification As A Hybrid Class Under   Rules 23(b)(2) And 23(b)(3) Is Requested ................................................................................................................... 14

CONCLUSION .................................................................................................................... 17

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Saliha Madden, by and through her attorneys, Schlanger & Schlanger, LLP and Horwitz, Horwitz & Associates, respectfully submits this Memorandum of Law on behalf of herself and others similarly situated in support of Plaintiff's Motion for Class Certification.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Saliha Madden has filed Plaintiff's Motion for Class Certification requesting that this litigation be certified as a class action, with the "umbrella" class defined as follows:

> all persons residing in New York (ii) who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum (iii) regarding debts incurred for personal, family, or household purposes.

The subclass for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. ("FDCPA") covers the period of one year prior to the date of filing this action through the date of class certification. The subclass for violations of N.Y. General Business Law §349 ("GBL § 349") covers the period of three (3) years prior to the date of filing this action through the date of class certification. The subclass for violations of the General Obligations Law covers the period of one year prior to the date of filing this action through the date of class certification.[1]

## I.   NATURE OF THE CASE

Plaintiff Saliha Madden, on behalf of herself and all others similarly situated, brings this case as a class action against Defendants Midland Credit Management, Inc. ("MCM") and

---

[1] The General Obligations Law Subclass is mistakenly listed in the First Amended Complaint at ¶35 as the General "Business" Law subclass. This is an obvious typo, as made clear from the context. Plaintiff respectfully requests that the error be corrected *nunc pro tunc* or, in the alternative, that amendment to correct the typo be permitted.

1

Midland Funding, LLC ("Midland Funding") for their practice of collecting and attempting to collect interest in excess of 25% in violation of the FDCPA, GBL § 349, and New York General Obligations Law §§5-511 and 5-513 and New York Penal Law § 190.40 , which prohibit the charging of usurious interest.

On or about November 20, 2011 Defendant MCM on behalf of Defendant Midland Funding sent or caused to be sent a letter to Plaintiff Saliha Madden to collect a debt allegedly originally due to Bank of America, now allegedly due Midland Funding.  Further, the letter purports to show "Accrued Interest" for one day (11-20-2011) of $3.94 which represents interest of approximately 27% annum. The letter shows both a "previous balance" without the "accrued interest", and a "current balance" that includes the "accrued interest".

## II.      PLAINTIFF'S CLAIMS

### A. THE "LEAST SOPHISTICATED CONSUMER"

"Whether a collection letter is 'false, deceptive, or misleading' under the FDCPA is determined from the perspective of the objective 'least sophisticated consumer.'" Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012), citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).   As a result, the test is not whether the Plaintiff was, in fact, confused, but whether a hypothetical least sophisticated consumer would have been confused.  Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008) ("[I]t is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused").  Put differently, the "least sophisticated consumer" standard "is an objective standard, designed to protect all consumers, 'the gullible as well as the shrewd.'" Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010).

2

## B. DEFENDANTS' CONDUCT VIOLATED THE FDCPA AND NEW YORK LAW

The FDCPA prohibits, *inter alia*:

- the false representation of "the character, amount, or legal status of any debt" pursuant to 15 U.S.C. §1692e(2)(A);
- "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" pursuant to 15 U.S.C. §1692e(5);
- the "use of any false representation or deceptive means to collect or attempt to collect any debt" pursuant to 15 U.S.C. §1692e(10);
- "use unfair or unconscionable means to collect or attempt to collect any debt" pursuant to 15 U.S.C. §1692f including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." §1692(1).

GBL §349 prohibits "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state," A *prima facie* case under GBL §349 requires a showing that defendants engaged in a consumer-oriented act or practice that was deceptive or misleading in a material way and that plaintiff has been injured by reason thereof. Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (N.Y. 1995)   GBL §349 has been employed to obtain redress for victims of usury. Matter of People of State of New York v. County Bank of Rehoboth Beach, Del., 45 A.D.3d 1136 (3d Dep't 2007).

New York General Obligations Law §5-501 *et seq.* prohibits the charging, collecting and/or attempting to collect interest in excess of six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law.   New York's Banking Law §14-a(1)] provides that the civil usury rate is 16%. New York's criminal usury rate is 25% under N.Y. Penal Law § 190.40.

Although the civil usury rate of 16% has been held not to apply where only charged after default, numerous courts have held that New York's criminal usury rate applies to both pre- and post- default interest. Emery v. Fishmarket Inn of Granite Springs, Inc., 173 A.D.2d 765, 570 N.Y.S.2d 821, 823 (App. Div. 1991); Bruce v. Martin, 845 F. Supp. 146, 149-150 (S.D.N.Y. 1994); T & S Chinatown Trading v. Lin China Buffet, 1996 U.S. Dist. LEXIS 11867, 5-6 (S.D.N.Y. Aug. 15, 1996).

Here Defendants have attempted to collect interest at the rate of 27%, in excess of both the civil and criminal rates of usury in New York. Complaint at ¶ 14-15; Exhibit A to the First Amended Complaint.

"The purpose of usury laws, from time immemorial, has been to protect desperately poor people from the consequences of their own desperation. Law-making authorities in almost all civilizations have recognized that the crush of financial burdens causes people to agree to almost any conditions of the lender and to consent to even the most improvident loans. Lenders, with the money, have all the leverage; borrowers, in dire need of money, have none." Schneider v. Phelps, 41 N.Y.2d 238, 243 (N.Y. 1977).

Numerous courts have thus held that New York's criminal usury laws express a fundamental public policy of the State lenders cannot "contract around" the state's usury laws by means of a choice of law clause. North American Bank, Ltd. v. Schulman, 123 Misc.2d 516, 520 (Westchester County Ct. 1984) ("[T]he policy underlying our State's usury laws is in fact of a fundamental nature.")(citing Schneider, 41 N.Y. 2d at 243"); In re McCorhill Pub., Inc., 86 B.R. 783, 793 (Bankr. S.D.N.Y. 1988)("New York's maximum rate of interest of 25% is half of New Jersey's permissible interest rate. New York has a strong public policy against interest rates which exceed 25%, which policy must be enforced. . . . Accordingly, New York's usury laws are

4

applicable to the terms of the SFC promissory note."); Culbert v. Rols Capital Co., 184 A.D.2d 612, 613 (2d Dep't 1992); American Express Travel Related Servs. Co., Inc. v Assih, 26 Misc.3d 1016, 1026 (N.Y. Civ. Ct. 2009).

Thus, Defendants' practice of collecting or attempting to collect interest at a rate in excess of 25% violates the FDCPA, N.Y. GBL §349., N.Y. GOL §5-511 *et seq.*, and N.Y. Penal Law § 190.40.

Moreover, Defendants cannot rely on any exemption for state usury laws possibly enjoyed by the original creditor. Specifically, "[a]lthough the original creditor, Bank of America, may be exempt from New York's usury laws pursuant to the National Banking Act, 12 U.S.C. §85, the Defendants here are not national banks, and are not exempt." Complaint at ¶ 21. To wit, "a non-national bank assignee does not get the benefit of the federal exemption under New York law." Complaint at ¶ 22, citing New York General Obligations Law § 13-105. See, e.g. Citibank v. Martin, 11 Misc.3d 219 (NY Civil Court, 2005) (citing General Elec. Capital Corp. v. New York State Div. of Tax Appeals, 2 N.Y.3d 249, 257 (2004).

### C. NO ISSUES OF INTENT OR RELIANCE EXIST

Whether Ms. Madden or any other class member was misled or deceived is not an element of the FDCPA cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991).

"The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 63 (2d Cir. 1993). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S.,

5

74 F.3d 30, 33 (2d Cir. 1996). Neither is it necessary under GLB § 349 that the plaintiff establish the defendant's intent to defraud or mislead, nor does the statute require proof of reliance. Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (N.Y. 1995).

### D. STANDARD FOR CLASS CERTIFICATION

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997); In re Initial Public Offerings Securities, 471 F.3d 24, 31 (2d Cir. 2006); Sykes v. Mel Harris and Associates, LLC, 285 F.R.D. 279, 286 (S.D.N.Y. 2012). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. Neumont v. State of New York, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." King v. Kansas City Southern Industries, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §1692k(a) and (b) for FDCPA class action cases. In deciding whether to certify a class, a district court has broad discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1669 (11th Cir. 1992).

### E. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.

1. Rule 23(a)(1)–Numerosity

"Rule 23(a)(1) requires that the class be 'so numerous that joinder of all members is impracticable.'" Sykes v. Mel Harris and Associates, LLC, supra at 286. "Impracticable does not mean impossible." Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir.1993).

Defendants have informed Plaintiff's counsel that 49,780 accounts were sent a letter similar to <u>Exhibit A</u> attached to the First Amended Complaint and of those "485 accounts resulted in a payment which the total interest and principal payments exceeds by more than 25% the balance   purchased by Midland." September 19, 2012 letter from Thomas A. Leghorn to Daniel A. Schlanger, attached hereto as <u>Exhibit 1</u>.[2]

Thus, Ms. Madden has satisfied the Rule 23(a)(1) requirement of numerosity for the class.  <u>Leone v. Ashwood Financial, Inc.</u>, 257 F.R.D. 343, 351-52 (E.D.N.Y. 2009) (117 members sufficient).

2.  <u>Rule 23(a)(2)–Commonality</u>

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact.  Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members.  <u>Wal–Mart Stores, Inc. v. Dukes</u>, — U.S. ——, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011).  "The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."  <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir.1997).  "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents."  <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998).

---

[2] Plaintiffs have sought to confirm Defendants' figures and clarify the methodology used to calculate actual damages via deposition, but Defendants refused to make available their 30(b)(6) witnesses and discovery was subsequently stayed.  Informal conversations with opposing counsel in late 2012 lead Plaintiff to believe that the actual damage figure is severely understated, *e.g.* that all consumer payments were applied first to principle for purposes of these calculations, and that Defendants deducted legal fees and other expenses in calculating amounts paid by consumers.

Here Defendant MCM on behalf of Defendant Midland Funding sent or caused to be sent a collection letter dated November 20, 2011 to Plaintiff Saliha Madden to collect on an alleged debt at an interest rate in excess of 25%. (Exhibit A attached to the FAC.) In this case each class member was sent a letter by Defendants attempting to collect interest in excess of 25% per annum on an alleged debt incurred for personal, family, or household purposes. The only individual issue is the identification of the class members. This may be accomplished by a review of Defendant's records. "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Claims based on standard language in documents or standard practices are well suited for class certification. Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 49 (D. Conn. 2000). "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same letter." Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D. Fla. 1999).

Thus, Ms. Madden has satisfied the commonality requirement of Rule 23(a)(2).

3. Rule 23(a)(3)–Typicality

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. The typicality requirement "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robinson v. Metro–North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir.2001). A claim is typical if it arises from the same practices that give rise to the claims of other class members and his or her claims are based on the same legal theory. Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985).

8

In the instant case, typicality is inherent in the class definition, *i.e.*, each of the class members were sent a letter from Defendants to collect on a debt incurred for personal, family or household purposes at an interest rate in excess of 25%. Therefore, the typicality requirement of Rule 23(a)(3) has been met because each of the class members was subjected to the same treatment which violated the FDCPA and New York law.

4. Rule 23(a)(4)–Adequacy Of Representation.

Rule 23(a)(4) of the Federal Rules of Civil Procedure requires that the named plaintiff provide fair and adequate protection of the interests of the class. This question involves an inquiry as to whether: "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir.2000). Ms. Madden understands her responsibilities as the class representative. Declaration of Saliha Madden in Support of Plaintiff's Motion for Class Certification, filed contemporaneously.

Plaintiff is represented by counsel experienced with the handling of consumer class actions. Declaration of O. Randolph Bragg in Support of Class Certification, and Declaration of Daniel A. Schlanger in Support of Class Certification, filed contemporaneously.

Other district courts have recognized Mr. Bragg's experience representing the class members in consumer rights litigation. In a case certifying an FDCPA to proceed as a class action, Mr. Bragg was described with along with his co-counsel as "highly experienced attorneys, with a significant history of class action litigation experience between them." Acik v. I.C. System, Inc., 251 F.R.D. 332, 336 (N.D.Ill. 2008). "Moreover, Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other courts." Borcherding-Dittloff v. Transworld Systems, Inc., 185 F.R.D. 558, 563-64 (W.D.Wis. 1999);

9

Brink v. First Credit Resources, 185 F.R.D. 567, 571 (D.Ariz. 1999). Mr. Bragg "has served as counsel in many class action and consumer suits." Van Vels v. Premier Ath. Ctr., 182 F.R.D. 500, 511 (W.D.Mich. 1998).

Mr. Schlanger has litigated dozens of cases under the Fair Debt Collection Practices Act, including several resulting in notable written decisions in favor of consumers and/or awarding attorney's fees without reduction. See, e.g., Diaz v. Portfolio Recovery Associates, LLC, 2012 U.S. Dist. LEXIS 25802 (E.D.N.Y. Feb. 28, 2012); Diaz v. Portfolio Recovery Assocs., LLC, 2012 U.S. Dist. LEXIS 72724 (E.D.N.Y. May 23, 2012); Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568 (S.D.N.Y. 2011); Shepherd v. Law Offices of Cohen & Slamowitz, LLP, 668 F. Supp. 2d 579 (S.D.N.Y. 2009); Shepherd v. Law Offices of Cohen & Slamowitz, LLP, 2010 U.S. Dist. LEXIS 125224 (S.D.N.Y. Nov. 24, 2010); Hernandez v. Erin Capital Mgmt., LLC, 2011 U.S. Dist. LEXIS 114133 (C.D. Cal. Oct. 3, 2011); Douyon v. NY Med. Health Care, P.C., 2012 U.S. Dist. LEXIS 141031 (E.D.N.Y. Sept. 28, 2012); Schlanger Dec. at ¶ 11.

Mr. Schlanger also has extensive experience with state court consumer collection defenses having likewise represented consumers in dozens of such cases including several resulting in notable written decisions in favor of consumers, and having published on the topic. See, e.g. United States Bank Nat'l Ass'n v. Pia, 2011 N.Y. Misc. LEXIS 4962 (N.Y. Sup. Ct. Oct. 7, 2011); FIA Card Servs., N.A. v. Escobar, 2010 N.Y. Misc. LEXIS 3729 (N.Y. Civ. Ct. May 21, 2010); Schlanger Dec. at ¶¶ 10, 12.

Mr. Schlanger is a member of the executive committee in In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig., 2:11-md-02233-GLF-EPD (MDL); 2012 U.S. Dist. LEXIS 100180 (S.D. Ohio July 19, 2012). He is also co-counsel in several other pre-certification FDCPA class actions, including Coble v. Cohen & Slamowitz, LLP,

10

7:11-cv-01037-ER-GAY (S.D.N.Y.) (decision cited supra); <u>Moy v. Eltman, Eltman & Cooper, P.C.</u>, 1:12-cv-02382-KAM-MDG (E.D.N.Y.); <u>Paz v. Rubin & Rothman, LLC, et al.</u>, 7:11-cv-09625-ER (E.D.N.Y.); <u>Tito v. Rubin & Rothman, LLC, et al.</u>, 1:12-cv-03464-RRM-JMA (E.D.N.Y.)

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here Ms. Madden and the class members seek statutory damages as the result of MCM's unlawful collection letters. (Actual damages are also sought for those class members who paid illegal interest to Defendants.) Given the identical nature of the claims between Ms. Madden and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Ms. Madden and those of the class members.

The Rule 23(a)(4) representativeness requirement has been satisfied. Saliha Madden should be appointed as the class representative. Also, pursuant to Rule 23(g), the Court is requested to appoint Daniel A. Schlanger and O. Randolph Bragg as class counsel.

5. <u>Rule 23(b)(3) – Common Quesitons Of Law Or Fact Predominate</u>

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The predominance requirement is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 547 (2d Cir.2010) (citations omitted). The U.S. Supreme Court has stated that "predominance is a test readily met

11

in certain cases alleging consumer...fraud[.]" <u>Amchem Products, Inc. v. Windsor</u>, <u>supra</u> 117 S.Ct. at 2246.

In this case, the "common nucleus of operative fact" is that all class members, by definition, were sent collection letter(s) by Defendants which seek to collect interest in excess of 25% per annum.

Because of the standardized nature of Defendants' conduct, common questions predominate. The only individual issue is the identification of New Yorkers to whom Defendants sent a collection letter seeking to collect interest in excess of 25% on an alleged debt incurred for personal, family, or household purposes. The identification of the class members may be determined by a review of Defendants' records. In this case, it is clear that both the factual issues and the issues of law are common to the class.

6. <u>Rule 23(b)(3) – Class Action Is Superior To Other Available Methods To Resolve This Controversy</u>

"Suits brought under the FDCPA such as this case [concerning the use of standardized documents] regularly satisfy the superiority requirement of Rule 23." <u>In re Risk Mgmt. Alternatives, Inc.</u>, 208 F.R.D. 493, 507 (S.D.N.Y. 2002). <u>Sykes v. Mel Harris and Associates, LLC</u>, <u>supra</u> at 294.

The Court determines the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "... inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." <u>Haynes v. Logan Furniture Mart, Inc.</u>, 503 F.2d 1161, 1165 (7th Cir. 1974).

12

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual subjected to Midland Funding and MCM's practices. Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397 (D.N.J. 1990). A class action is the most efficient and consistent means of trying the legality of Defendants' seeking to recover interest at a rate in excess of 25% per annum of alleged debts incurred for personal, family, or household purposes. Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy.

The preponderance and superiority elements of Rule 23(b)(3) have been met.

7. Class Certification Pursuant To 23(b)(2) Is Appropriate.

An action may be maintained as a class action under Rule 23(b)(2) if:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . .

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" Wal–Mart, supra 131 S.Ct. at 2557 (quoting Nagareda, 84 N.Y.U. L. Rev, at 132). Rule 23(b)(2) certification is appropriate where the court finds "that (1) the positive weight or value [to the plaintiffs] of the injunctive or declaratory relief sought is predominant even though compensatory or punitive damages are also claimed ... and (2) class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy." Robinson v. Metro–North Commuter R.R. Co., supra 267 F.3d at 164.

Various FDCPA actions have been certified pursuant to Rule 23(b)(2). Sykes v. Mel Harris & Assocs. LLC, 285 F.R.D. 279 (S.D.N.Y. 2012); Foti v. NCO Fin. Sys., 2008 U.S. Dist.

13

LEXIS 16511 (S.D.N.Y. Feb. 19, 2008)(granting approval of (b)(2) class seeking only injunctive relief); del Campo v. Am. Corrective Counseling Servs., Inc., 254 F.R.D. 585, 595-96 (N.D.Cal. 2008); Hunt v. Check Recovery Sys., 241 F.R.D. 505, 512-13 (N.D.Cal. 2007); Gonzales v. Arrow Fin. Servs. LLC, 233 F.R.D. 577, 583 (S.D.Cal. 2006).

In Gammon v. GC Services Ltd. Partnership, supra, 319-322, the court certified a class in an FDCPA action for declaratory relief. Entry of a declaratory judgment is favored: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. at 320, quoting E. Borchard, DECLARATORY JUDGMENTS 299 (2d ed. 1941).

The declaratory and injunctive relief sought in this action would declare Defendants' collection and attempted collection of interest at a rate in excess of 25% to violate New York General Obligations Law and thereby violate the FDCPA and New York GBL §349 and enjoin Defendants future conduct.

Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole. Thus, declaratory relief is appropriate for the class as a whole.

8. Class Certification As A Hybrid Class Under Rules 23(b)(2) And 23(b)(3) Is Requested.

Plaintiff requests class certification under both Rule 23(b)(2) and Rule 23(b)(3). Hybrid class actions such as this have been certified where the best interests of the class members are served. McAnaney v. Astoria Fin. Corp., 2006 U.S. Dist. LEXIS 66941 (E.D.N.Y. Sept. 19, 2006)(granting class certification under (b)(2) and (b)(3); Sykes, supra at *39-41;

14

Bracamonte v. Eskanos & Adler, et al., 2004 U.S. Dist. LEXIS 8520, *15 (N.D.Cal., May 7, 2004) ("the [23(b)(2) and 23(b)(3)] class action will protect the rights of individual class members who are unable or unwilling to protect themselves."); del Campo v. Am. Corrective Counseling Servs., Inc., supra at 595-96; Hunt v. Check Recovery Sys., supra at 512-13. Thus, the combination of Rule 23(b)(2) for declaratory relief and Rule 23(b)(3) for monetary damages is appropriate. Gonzales v. Arrow Fin. Servs. LLC, supra at 583; Schwarm v. Craighead, supra at 663; Irwin v. Mascott, 96 F.Supp.2d 968 (N.D.Cal. 1999).

In this action declaratory relief as well as actual and statutory damages are sought for the class members. Thus, the combination of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages is appropriate. This action may be maintained as a hybrid class action combining the elements of Rule 23(b)(2) and (3).

*[rest of page intentionally left blank]*

## CONCLUSION

The proposed FDCPA class meets the requirements of Rules 23(a) as well as Rule 23(b)(3) and (b)(2). Ms. Madden respectfully requests that the Court certify this action as a class action, appoint her as class representative, and appoint Daniel A. Schlanger and O. Randolph Bragg as class counsel.

Respectfully submitted,

s/O. Randolph Bragg
O. Randolph Bragg, Esq.
Horwitz, Horwitz and Associates
25 E. Washington, Suite 900
Chicago, Illinois 60602
Tel:: (312) 372-8822
Fax:   (312) 372-1673
rand@horwitzlaw.com

Daniel A. Schlanger, Esq.
9 East 40th Street, Suite 1300
New York, New York 10016
Tel: (914) 946-1981, ext. 101
Fax: (914) 946-2930
daniel@schlangerlegal.com

*ATTORNEYS FOR PLAINTIFF*