UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALIHA MADDEN, on behalf
of herself and all others
similarly situated,

        Plaintiff,

vs.

MIDLAND FUNDING, LLC
and MIDLAND CREDIT
MANAGEMENT, INC.

        Defendants.

INDEX: 11-CV-8149

HON. CATHY SEIBEL

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OFFER OF JUDGMENT

January 25, 2013
New York, New York

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, New York 10016
Tel: (914) 946-1981, ext. 101
Fax: (914) 946-2930
daniel@schlangerlegal.com

O. Randolph Bragg, Esq.
Horwitz, Horwitz and Associates
(admitted *pro hac vice*)
25 E. Washington, Suite 900
Chicago, Illinois 60602
Tel: (312) 372-8822
Fax: (312) 372-1673
rand@horwitzlaw.com

*ATTORNEYS FOR PLAINTIFF*

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT .................................................................................................................... 2

   A. The Offer of Judgment Should be Stricken ............................................................... 2

      *1. Defendants' Offer Of Judgment Should Be Stricken Because Its Terms Are Inconsistent With Plaintiff's Fiduciary Duty To The Class* ................................................................... 2

      *2. Defendants' Offer of Judgment Should Be Stricken Because It Is Inherently Unfair To A Named Plaintiff In The Event It Is Rejected.* ............................................................. 6

      *3. There Has Not Been Any Undue Delay In Filing The Motion For Class Certification.* ...... 8

      *4. Defendant's Pre-Motion Position Is Unavailing* ............................................................. 11

III. CONCLUSION ............................................................................................................... 12

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OFFER OF JUDGMENT

## I. INTRODUCTION

Plaintiff Saliha Madden ("Ms. Madden") filed this putative class action on November 10, 2011, alleging that Defendants Midland Credit Management, Inc. (hereinafter "MCM") and Midland Funding, LLC. (hereinafter "Midland Funding") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"), N.Y. General Business Law §349, and N.Y. General Obligations Law §§ 5-511 and 5-513 *et seq.* by collecting or attempting to collect interest in excess of New York's criminal usury rate of 25%, as set forth in New York Penal Law § 190.40. Docket # 1. Plaintiff's First Amended Complaint was filed on May 7, 2012. Docket # 13. Defendants filed their Answer on May 23, 2012. Docket # 16.

Plaintiff was served with an Offer of Judgment purportedly pursuant to Fed. R. Civ P. 68 ("the Offer") dated November 21, 2012 (attached to Declaration of Daniel A. Schlanger, Esq., dated 1/25/13 ("Schlanger Decl."), as Exhibit A). The Offer was made to Ms. Madden for a judgment of $10,000.00 (ten thousand dollars), representing statutory and actual damages, plus attorneys' fees and costs in a reasonable amount to be determined by the Court upon application. Critically, the Offer was directed to Plaintiff in her individual capacity and not as a representative of the putative class, and provides no relief to the class.

As this Court noted at the outset of the pre-motion conference held on 12/17/13, defendants' attempts to use Rule 68 to "pick off" the named plaintiff in this litigation are disapproved absent unreasonable delay in moving to certify the class. Transcript from Pre-Motion Conference Held On 12/17/13 at p.2, lines 16-21, attached to Schlanger Decl. as Exhibit B. For this reason and the other reasons discussed below, Plaintiff requests that this Court strike

1

Defendants' Offer of Judgment and declare it to be of no effect in this case.

## II. ARGUMENT

### A. The Offer of Judgment Should be Stricken

Federal Rule of Civil Procedure 68(a) provides in pertinent part:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

*1. Defendants' Offer Of Judgment Should Be Stricken Because Its Terms Are Inconsistent With Plaintiff's Fiduciary Duty To The Class*

In filing her complaint as a class action, Ms. Madden has assumed a fiduciary responsibility to members of the putative class, and both she and the Court have a responsibility to protect the interests of the more than 49,000 other similarly situated individuals who are members of the purported class, regardless of whether a motion for class certification has yet been filed. McDowall v. Cogan, 216 F.R.D. 46, 48-49 (E.D.N.Y. 2003); Herzlinger v. Nichter, 2011 WL 4585251, *7-8, 2011 U.S. Dist. LEXIS 116841, 23-25 (S.D.N.Y. Sept. 8, 2011).[1]

Because of this fiduciary duty as representative of the putative class, Plaintiff is not at liberty to accept Defendants' Offer of Judgment. Likewise, this Court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed.

The Court, in McDowall, cogently explained both the problem and the solution to the

---

[1] Regarding class size, see Plaintiff's Memorandum of Law In Support of Class Certification, dated 1/18/13, Docket # 29, at p. 7, and Exhibit 1 to Declaration of Daniel A. Schlanger, Esq. In Support Of Motion For Class Certification (Docket # 27).

problem as follows:

> "[A]n offer of judgment to a named plaintiff presents him with a problematic conundrum - should he mind the fiduciary obligation he owes to the putative class members, reject the offer, and thereby make himself liable for all the costs of litigation, or should he heed his self-interest, disregard his fiduciary duties, and accept the offer?
>
> * * *
>
> [A]n offer to a named plaintiff alone is not an offer to the adverse party when the adverse party consists of a class. However, this rule should not be restricted to cases where the class has already been certified. . . . Rule 23(e) applies even in the context of putative class actions. Its reach to cases in the pre-certification stage reflects the requirement that courts, for the purposes of settlement, must presume that a class action is "proper," i.e., that the class has been certified, prior to actual certification
>
> * * *
>
> _It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone._ If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.

McDowall, supra, at 49-51 (*emphasis added*).

The approach taken in McDowall – requiring that the Offer be made "to the putative class and not to the named plaintiff alone" -- reconciles the purposes of Rule 68 (which allows defendants to limit their litigation exposure) with the purposes of Rule 23 (which allows for the efficient litigation of the claims of multiple plaintiffs who share the same factual and legal issues). "A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest." Id. at 51.[2]

---

[2] In McDowell, invalidated the Rule 68 Offer of Judgment but nonetheless declined to formally "strike" it:

> Having reached the above conclusions, the court nonetheless denies McDowall's motion to strike. As defendants observe, there is nothing to strike here, as an offer of judgment is not filed with the

3

Numerous other Courts have likewise noted that an offer of judgment aimed at an individual named plaintiff is inconsistent with the named plaintiff and the Court's responsibilities to the class, and is otherwise incompatible with Rule 23. For example, in Liles v. A.C.C.S., 201 F.R.D. 452 (S.D.Iowa 2001), the Court stated:

> By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that dismissal does not prejudice putative members.

Id. at 455 (citations omitted).

In Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999), the court observed that this tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit"(emphasis in original). Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of judgment only where class certification has been properly denied and the offer satisfied the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims." (citations

---

court until accepted or until offered by a defeated party to prove costs. Moreover, even assuming that it is possible to strike a document not yet filed with the court, *there is no point in striking defendants' offer, as it has no legal significance.*

Id. at 52 (emphasis added).

Numerous courts, while agreeing with McDowell's disapproval of Rule 68 Offers made pre-certification, have differed with McDowell on this technical issue and stricken the offending OOJ. see, e.g. Hornicek v. Cardworks Servicing, LLC, 2011 U.S. Dist. LEXIS 42091, 1-3 (E.D. Pa. 2011)(citing McDowall and holding that "[t]he offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class.")

omitted)); Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978) ("notion that a defendant may short-circuit a class action by paying off the class representatives ... deserves short shrift"); Martin v. Mabus, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990) ("procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); Gay v. Waiters' and Dairy Lunchmen's Union, 86 F.R.D. 500 (N.D.Cal. 1980) (holding Rule 68 inapplicable to class actions); Jenkins v. Gen. Collection Co., 246 F.R.D. 600, 602-603 (D. Neb. 2007)(same, citing McDowall).

In Weiss v. Regal Collections, 285 F.3d 437, 344-345 (3d Cir. 2004), the Third Circuit noted both the "pick-off" tactic's inconsistency with the class action mechanisms set forth under Rule 23, and with the text and purpose of the FDCPA:

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.
> * * *
> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action. Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").
> * * *
> There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. Congress also intended the FDCPA to be self-enforcing by private attorney generals. Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action. For this reason, defendants' view of the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 would frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity. Alleged violators of federal law would be allowed to tender the statutory amount of

5

damages to a named plaintiff, derailing a putative class action and frustrating the
goals and enforcement mechanism of the FDCPA.

285 F.3d at 344-345 (some internal citations and quotations omitted).

In sum, numerous Courts, including at least four Circuit courts (the 3rd, 5th, 7th and 8th) have addressed the issue at bar and found that attempts to pick off a named plaintiff in an uncertified, putative class action are disallowed as inconsistent with the named plaintiff's fiduciary obligation and/or because the tactic is incompatible with Rule 23.

Ultimately, as the Court noted in Schaake v. Risk Management Alternatives, Inc., 203 F.R.D. 108, 111 (S.D.N.Y. 2001), such offers of judgment are a ploy which "allow defendants to essentially opt-out of Rule 23, by allowing a defendant to avoid liability for class wide relief," and are nothing more than a "wishful recipe for tort reform, which seeks to utilize judicial activism to bypass the need for legislation by Congress." Id. at 112.

If the Defendants wish to use the leverage provided by Rule 68 in the class context they may, but only by making an offer applicable to the entire class, and only – as with all other class resolutions – subject to review and approval of the court regarding notice, fairness, adequacy, and reasonableness. Fed.R.Civ.P. 23(e)(1)(A). See, e.g. Weiss v. Regal Collections, 385 F.3d 337, 349 n21 (3d Cir. 2004); 5 Newberg on Class Actions, § 15.36 at 115 (4th ed. 2002).

2. *Defendants' Offer of Judgment Should Be Stricken Because It Is Inherently Unfair To A Named Plaintiff In The Event It Is Rejected.*

A Rule 68 offer aimed solely at the named plaintiff is also improper because it poses an inherent conflict of interest faced by a representative plaintiff to whom an offer of judgment has been made *vis a vis* her own potential liability. The offer potentially exposes the representative-offeree (Ms. Madden) to liability for costs and expenses that could not be recouped from

6

unnamed class members. The leading treatise on class actions explains why Rule 68 pick-off attempts should not apply where a case in this context:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.

5 Newberg on Class Actions, § 15.36 at p. 115 (4th ed. 2002).

With regard to this untenable threat of a penalty to an individual named plaintiff, one court aptly noted as follows:

> Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under Weiss *[discussed supra]*, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.

Zeigenfuse v. Apex Asset Mgmt., LLC, 239 F.R.D. 400, 401-02 (E.D.Pa. 2006) (granting motion to strike the debt collector's offer of judgment) [brackets added]; See Strausser v. ACB Receivables Mgmt., U.S.Dist. LEXIS 14359 (E.D.Pa., Feb. 12, 2007) (granting motion to strike offer of judgment).

In Johnson v. U.S. Bank Nat. Ass'n, 276 F.R.D. 330 (D.Minn. 2011), the district court likewise explained:

> Plaintiff is forced to choose whether he should take any risk of cost-shifting when, after the class is certified and the case is ultimately won, the most he can obtain out of the case for himself is the same as what Defendant already offered plus some relatively modest compensation for his time spent working as a class

7

representative.

Id. at 335. The court therein determined that such a process undermined the class action device and granted the motion to strike the offer of judgment.

Likewise in Stewart v. Cheek & Zeehandelar, LLP, 252 F.R.D. 384 (S.D.Ohio, 2008), the Court noted:

> Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole. This is the case because Rule 68 contains a cost-shifting provision, whereby if the plaintiff's ultimate recovery is less than what the defendant offered, the plaintiff must pay the costs the defendant incurred after the plaintiff rejected its Rule 68 tender.

Id. at 286; See Hornicek v. Cardworks Servicing, LLC, 2011 WL 1419607, *1; 2011 U.S. Dist. LEXIS 42091, *2 (E.D.Pa., March 18, 2011) ("The offer of judgment must be stricken now, rather than later, in order to avoid placing Mr. Hornicek's own personal interests at odds with the members of the class.") [3]

### 3. *There Has Not Been Any Undue Delay In Filing The Motion For Class Certification.*

In light of the authority cited above it is thus not surprising that numerous courts within the Second Circuit have thus rejected defendants' attempts to pick off named class members See, e.g., Schaake v. Risk Mgmt. Alternatives, Inc., supra, 203 F.R.D. 108, 110-12 (S.D.N.Y. 2001); Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 73-80 (E.D.N.Y. 2008); White v. OSI Collection Servs., Inc., 2001 U.S. Dist LEXIS 19879 (E.D.N.Y. 2001). Indeed, opposing counsel conceded at the pre-motion conference that attempts to moot FDCPA actions via use of Rule 68

---

[3] An individual offer of judgment in a class case is also untenable for another reason: Suppose Ms. Madden is awarded less than $10,000.00 individually at the end of the case, but the class of over 49,000 people receives significant monetary and/or injunctive relief. Was the "judgment finally obtained by the offeree . . . .more favorable than the offer"? Fed. R. Civ. P. 68. The answer is that the offer and the result are, by their nature, incompatible, as the former applied only to the individual and the latter to tens of thousands of people. See, e.g. McDowall, supra, at 50 ("[A]n offer to a named plaintiff alone is not an offer to the adverse party when the adverse party consists of a

offers of judgment are no longer permitted under current caselaw. Exhibit B, at p. 5, lines 14-22.

Admittedly, however, some District Courts within the Second Circuit have refused to strike an offer of judgment made to a named plaintiff in a precertification class action where the plaintiff has engaged in a pattern of severe, unreasonable delay in moving for class certification. See, e.g., Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D.N.Y. 2000). Courts have repeatedly held, however, that the reasoning of Ambalu does not apply to situations like this case, where there has been no undue delay. McDowall, *supra* at 51 n.5; Schaake, *supra*, at 112; Nasca v. GC Servs. Ltd. P'shp, 2002 WL 3104647, 2002 U.S. Dist. LEXIS 16992 (S.D.N.Y. Sept. 12, 2002); Morgan v. Account Collection Tech., LLC, 2002 WL 2597865, 2006 U.S. Dist. LEXIS 64528 (S.D.N.Y.Sept. 6, 2006) (finding that plaintiff had not engaged in undue delay, denied defendant's motion, with leave for defendant to re-make it, if plaintiff failed to move for class certification within 30 days); Stewart v. Cheek & Zeehandelar, LLP, 252 F.R.D. 384, 286 (S.D.Ohio,2008)(holding that to avoid the conflict between Rule 23 and Rule 68, "the Rule 68 offer must be stricken at this stage of the proceedings because [plaintiff] did not unduly delay filing her motion for class certification and the motion has not been resolved."); Sampaio v. People First Recoveries, LLC, 2008 U.S. Dist. LEXIS 17110 (S.D. Fla. Feb. 18, 2008) ("This Court is persuaded by the reasoning of those courts which have held that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.") (quotations omitted).

Here, Defendants do not claim that plaintiff has unreasonably delayed her class certification motion. Nor could the facts support any such claim. Plaintiff filed its pre-motion

---

class.")

letter regarding the instant motion for class certification two weeks prior to the deadline for filing a motion for class certification under the Court's scheduling order and prior to expiration of the Plaintiff's Offer of Judgment. As numerous courts have held, a motion for class certification "relates back" to the date of the filing of the original complaint, and thus moots any unexpired Rule 68 offer seeking to "pick off" a named plaintiff on an individual basis. Weiss, 385 F.3d at 345-48; Novella v. Westchester County, 2004 WL 3035405, *4 (S.D.N.Y. 2004); McDowall, 216 F.R.D. at 51.

Moreover, upon being informed at the pre-motion conference that the Court's scheduling order was intended to constitute permission to file the motion without a pre-motion letter, the undersigned offered to file the motion within two days, to which the Court responded "Okay. No harm, no foul." Exhibit B. at p. 15, line 12. The Court subsequently ordered from the bench that Plaintiff file her motion for class certification on or before January 18, 2013, which Plaintiff did. Id. at p. 16, lines 8-9. See, Plaintiff's Motion for Class Certification, dated 1/18/13, Docket # 25.

Indeed, Plaintiff filed her pre-motion letter seeking leave to file for class certification on December 3, 2013, just two weeks after the parties' repeatedly re-scheduled and ultimately unsuccessful mediation session. See Docket Entry dated 11/19/13, re: mediation held on 11/16/13. Notably, the mediation was delayed because Defendants agreed in open court at the initial conference on May 14, 2012 to provide class size information prior to the mediation, but did not do so until September 19, 2012.

In such circumstances there simply cannot be any claim that Plaintiff unreasonably delayed in filing for class certification.

### *4. Defendant's Pre-Motion Position Is Unavailing*

In reply to Plaintiff's pre-motion letter, Defendants argued that they have not made the offer of judgment to moot the entire class action. Rather, opposing counsel states that Defendants "fully recognize that a new Plaintiff might pursue the claims of the putative class members," but they seek "simply to limit the legal cost exposure on Plaintiff's individual claim". T. Leghorn Pre-Motion Opposition Letter, dated 12/12/12.

This ridiculous argument would serve to defeat the class action vehicle. If Defendants are able to pick off the current class representative, then they will be able to do so with her successor, and with that plaintiff's successor, and so on, until the Court has individually litigated the issue countless times, losing the efficiency and consistency for which Rule 23 was adopted, or, in the alternative, allowing the Defendants to, in essence, choose their adversary, mooting out strong and representative class plaintiffs and choosing instead to litigate against only putative class representatives whose facts were weak or otherwise who would be poor class representatives. Moreover, as set forth above, the case law is clear that the choice Defendant seeks to present to Ms. Madden is neither consistent with her fiduciary obligations to the class nor fair to her *vis a vis* the *in terrorem* risk that she will be required to individually shoulder Defendants' costs in an action brought on behalf of over 49,000 other people in which she can only receive the same relief as any other class member plus a typically modest sum to compensate her for her services as a class representative. See. e.g. Stewart, *supra*, at 384; Zeigenfuse, *supra* at 401-02; Johnson, *supra* at 335.

At the pre-motion conference, Defendants also argued that buying off the named plaintiff should be permitted because Defendants are confident they will prevail on the merits. This

position is non-sensical, not least because Rule 68 has no application where an offeree loses on the merits. Rather, the cost shifting provision of the Rule only applies where the offeree obtains a judgment in its favor, but that judgment is for less than the amount of the offer. Delta Air Lines v. August, 450 U.S. 346, 352 (U.S. 1981)(holding that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.")

III. **CONCLUSION**

For the above stated reasons, Plaintiff respectfully requests that Defendants' Offer of Judgment be stricken and declared to be of no effect.

Respectfully Submitted,

/s/ Daniel A. Schlanger

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, New York 10570
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com

 s/ O. Randolph Bragg
O. Randolph Bragg, Esq.
(admitted *pro hac vice*)
Horwitz, Horwitz and Associates, Ltd.
25 E. Washington, Suite 900
Chicago, Illinois 60602
Ph: 312-372-8822
Fax: 312-372-1673
rand@horwitzlaw.com

*ATTORNEYS FOR PLAINTIFF*