UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SALIHA MADDEN, on behalf
of herself and all others
similarly situated,

        Plaintiff,

vs.

MIDLAND FUNDING, LLC
and MIDLAND CREDIT
MANAGEMENT, INC.

INDEX: 11-CV-8149

HON. CATHY SEIBEL

---

## STIPULATION FOR ENTRY OF JUDGMENT FOR DEFENDANTS FOR PURPOSE OF APPEAL

Plaintiff Saliha Madden ("Ms. Madden" or "Plaintiff") and Defendants Midland Funding LLC ("Midland") and Midland Credit Management "("MCM")(collectively, "Defendants") stipulate to the entry of Judgment for Defendants in order that Plaintiff may expeditiously appeal the denial of her motion for class certification which was encompassed within the Court's Order dated September 30, 2013 which also denied Defendants' motion for summary judgment. (Doc. 64),(formalizing the more detailed oral ruling issued earlier that day.). Specifically, the parties state as follows:

WHEREAS within its oral ruling of September 30, 2013 ("the Order"), the Court held that the National Bank Act ("NBA")'s preemption of New York's usury laws applies to non-bank assignees of national banks, regardless of whether the national bank retains any interest in

1 | Page

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/2/14

or control over the assigned accounts. ("[M]y ruling that assignees are entitled to the protection of the NBA if the originating bank was entitled to the protection of the NBA, and that under some circumstances, interest greater that 25 percent can be permissible, those rulings mean that the class action device in my view is not appropriate here." Order at 22.);

WHEREAS Plaintiff's Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. 1292(b) was denied;

WHEREAS Plaintiff's Petition For Leave To File An Appeal Of A Denial Of Class Certification Pursuant To Fed. R. Civ. P. Rule 23(f) was denied;

WHEREAS the September 30, 2013 Order denied Defendants' motion for summary judgment with regard to Plaintiff's individual claims on grounds that disputed issues of fact remain for determination, including whether Defendants were assigned and owned Ms. Madden's account, and whether Defendants provided notification to Plaintiff with certain documents;

WHEREAS determination of these remaining issues involve questions specific to Ms. Madden's account, impact only her ability to prevail on her individual claims, and do not relate to the theory of liability underlying Plaintiff's claims on behalf of the putative class of approximately 49,780 consumers, or Ms. Madden's ability to proceed on behalf of the putative class, i.e. will not alter or affect the Court's ruling that the exemption for national banks pursuant to the National Bank Act ("NBA") from state usury laws applies to their assignees;

6154086v.1

WHEREAS on April 2, 2014 by Minute Entry the Court set the deadline for conducting depositions as June 30, 2014, the close of discovery as July 30, 2014, and scheduled a status conference for August 15, 2014;

WHEREAS, if Ms. Madden were to proceed to trial individually (i.e. not on a class basis), her maximum recovery would be limited;

WHEREAS, Defendants made a Rule 68 Offer of Judgment dated November 21, 2012 ("the Offer"), offering to have judgment entered against them by Ms. Madden in her individual capacity plus attorney's fees and costs in an amount to be decided by the Court upon application;

WHEREAS, Plaintiff filed a Motion To Strike Defendants' Rule 68 Offer Of Judgment, and the Court, in its 9/30/13 Order declined to rule conclusively on the Offer's validity until such time as the Offer was filed;

WHEREAS the parties wish to avoid the expenditure of additional time and expense involved in completing discovery and trial in order to resolve the remaining issues in this case relevant only to Ms. Madden's individual claims.

WHEREAS Plaintiff wishes to appeal the central issue of whether the National Bank Act ("NBA") preempts New York's usury laws, as applied to an entity that purports to be a non-bank assignee of a national bank, where the national bank retains no interest in or control over the assigned accounts to the U.S. Court of Appeals for the Second Circuit;

WHEREAS the parties agree that Defendants have expressly preserved all grounds and arguments for dismissal and have not waived any of those defenses in permitting judgment to be entered at this time;

3 | Page

6154086v.1

WHEREFOR:

1. The parties stipulate solely for purposes of expediting appeal that FIA assigned Defendants Ms. Madden's account, and that Plaintiff received the Cardholder Agreement and Change In Terms discussed in the Order;

2. The parties acknowledge that the stipulation regarding assignment of the account and receipt of the Cardholder Agreement and Change In Terms, may not be revoked or undone regardless of the outcome of Plaintiff's anticipated appeal to the Second Circuit.

3. In light of this stipulation, a final, appealable judgment in favor of Defendants is appropriate, and the parties hereby stipulate to the entry of Judgment for Defendants per Rule 54 of the Federal Rules of Civil Procedure.

4. Defendants hereby withdraw their Offer of Judgment, agree that it is null and void, and further agree to make no additional Offers of Judgment directed at Plaintiff solely in her individual capacity in this litigation.

5. Defendants agree that they shall not pursue fees or costs as against Ms. Madden in this litigation pursuant to Rule 54(d), 15 U.S.C. § 1692k, or otherwise.

6. Defendant agrees that they shall not use the fact of this stipulation or any of its contents as a basis for challenging Ms. Madden's suitability as a class representative.

6154086v.1

Agreed.

Dated: 5/30/14

SCHLANGER & SCHLANGER, LLP By:
Daniel A. Schlanger
For Plaintiffs

Dated: 5/30/14

HORWITZ, HORWITZ & ASSOC.

By:
O. Randolph Bragg, Esq.
For Plaintiffs

Dated: 5/30/14

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:
Thomas A. Leghorn
For Defendants

So Ordered.

_____
Hon. Cathy Seibel, U.S.D.J.

6/2/14