# Kakalec & Schlanger, LLP
## DEDICATED TO MARKETPLACE JUSTICE

April 28, 2016

**VIA ECF**

Hon. Cathy Seibel
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601-4150

    **Re:**    <u>Madden v. Midland Funding, LLC, *et al*.</u>
    **Index:**    11-CV-8149
    **Our File:**    30918

Your Honor:

    As the Court is aware, my firm, along with co-counsel O. Randolph Bragg, represents Plaintiff in the above-referenced matter.

    Defendants' letter to the Court dated April 26, 2016 -- in addition to listing the courtesy copies attached thereto -- requested in its final paragraph that this Court stay consideration of both Defendants' renewed motion for summary judgment and Plaintiff's renewed motion for class certification until the Supreme Court issues a ruling on Defendants' petition for certiorari. *T. Leghorn (non-docketed) Letter to Court*, dated 4/26/16 at 2 ("[W]e ask the court's indulgence to wait for the Supreme Court's ruling"). This request was also set forth in a footnote to Defendants' summary judgment reply brief, which is cited in the April 26th letter. See *id*., citing *Defs. Reply* (*ECF Doc. 199*) at 2, n.1.

    To the extent Defendants' most recent request for a stay is properly before the Court, Plaintiff respectfully opposes it. Defendants did not seek to stay issuance of the Second Circuit's Mandate, which was issued on August 21, 2015. *ECF Doc. 88*. And, although it is not mentioned in opposing counsel's letter, Defendants' have previously requested a stay of the briefing on these two motions pending a ruling for the Supreme Court on their petition and been denied. *Transcript of Court Conference held on October 13, 2015*, pp. 4-5.

    It is also worth noting in this regard that, having not asked the Second Circuit for a stay, Defendants are effectively barred from requesting one from the Supreme Court itself. *Rules of the Supreme Court of the United States, Rule 23(3)* ("Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof.").

Daniel A. Schlanger
dschlanger@kakalec-schlanger.com
T: 212-500-6114, ext 101
F: 646-612-7996

85 Broad Street
18th Floor
New York, NY 10004
www.kakalec-schlanger.com

*Hon. Cathy Seibel*
*April 28, 2016*
*2 of 2*

      The Supreme Court's recent request for the views of the Solicitor General does not change the calculus or warrant a stay of this Court's consideration of the pending motions. First, the Solicitor General usually recommends against granting certiorari. As a result, it is not surprising that even according to Defendant, the odds of a grant of certiorari currently stand at 2 to 1 *against*. Defs. Reply (*ECF Doc. 119*) at 2, n. 1. Moreover, Defendants' estimates notwithstanding, the Solicitor General's recommendation and any subsequent ruling from the U.S. Supreme Court might well come many months later than Defendants predict.

      For the foregoing reasons, Plaintiff respectfully requests that Defendants' latest request to stay this litigation, which was commenced in 2011, be denied.

      Respectfully,

      *s/Daniel A. Schlanger*

      Daniel A. Schlanger


cc:    O. Randolph Bragg, Esq
       Thomas Leghorn, Esq.
       J. Francouer, Esq.