# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALIHA MADDEN, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>  -against-<br><br>MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendants. | Civil No.: 11-CV-8149 (CS) |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW

## IN FURTHER SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT

               WILSON, ELSER, MOSKOWITZ,
               EDELMAN & DICKER LLP
               Thomas A. Leghorn
               Joseph L. Francoeur
               150 E. 42nd Street
               New York, NY 10017

               *Attorney for Defendants*

December 9, 2016

7836460v.1

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................................1

    Point I.   Usury Does Not Apply to Defaulted Obligations .....................................................1

    Point II.  Plaintiff Cannot Utilize Criminal Statutes..................................................................5

CONCLUSION................................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Express Co. v. Brown*,
  392 F. Supp. 235 (S.D.N.Y. 1975) .................................................................................. 5

*Avila v. Riexinger & Assocs., LLC*,
  2015 U.S. Dist. LEXIS 48926 (E.D.N.Y. Apr. 14, 2015) ............................................ 2-3

*Bristol Inv. Fund, Inc. v. Carnegie Int'l Corp.*,
  310 F. Supp. 2d 556 (S.D.N.Y. 2003) ............................................................................ 4

*Bruce v. Martin*,
  845 F. Supp. 146 (S.D.N.Y. 1994) ................................................................................. 5

*Hillair Capital Invs., L.P. v. Integrated Freight Corp.*,
  963 F. Supp. 2d 336 (S.D.N.Y. 2013) ............................................................................ 3

*In re Integrated Res., Inc.*,
  No. 92-CV-4555, 1995 U.S. Dist. LEXIS 5181, 1995 WL 234975 (S.D.N.Y. Apr. 21, 1995) . 3

*Llewellyn v. Asset Acceptance, LLC*,
  2015 U.S. Dist. LEXIS 145437 (S.D.N.Y. Oct. 26, 2015) ............................................. 2

*Manfra, Tordella & Brookes, Inc. v. Bunge*,
  794 F.2d 61 (2d Cir. 1986) ..................................................................................... 2, 3, 4

*Prowley v. Hemar Ins. Corp. of Am.*,
  2010 U.S. Dist. LEXIS 45249 (S.D.N.Y. May 5, 2010) ................................................ 3

*Roswell Capital Partners LLC v. Alt. Const. Techs.*,
  08 Civ. 10647, 2009 U.S. Dist. LEXIS 7690, 2009 WL 222348 (S.D.N.Y. Jan. 30, 2009) ...... 3

*Sabella v. Scantek Med., Inc.*,
  2009 U.S. Dist. LEXIS 88170 (S.D.N.Y. Sept. 21, 2009) .............................................. 4

*Schwartzbaum v. Emigrant Mortg. Co.*,
  2010 U.S. Dist. LEXIS 60175 (S.D.N.Y. Apr. 22, 2010) ............................................... 4

*Urban Communicators PCS Ltd. P'ship v. Gabriel Capital, L.P.*,
  394 B.R. 325 (S.D.N.Y. 2008) ....................................................................................... 3

*Vargas Realty Enters. v. CFA W. 111 St., L.L.C. (In re Vargas Realty Enters.)*,
  440 B.R. 224 (S.D.N.Y. 2010) ....................................................................................... 3

*Welsbach Electric Corp. v. Mastec North America*,
  7 N.Y.3d 624 (N.Y. 2006) .............................................................................................. 2

## PRELIMINARY STATEMENT

The Defendants Midland Funding, LLC ("Funding") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants") submit this supplemental memorandum of law in response to the Court's Order of November 28, 2016 requesting same.

Defendants are entitled to summary judgment dismissing the complaint first and foremost because the debt at issue is governed by the designation of Delaware law as controlling within the applicable credit card agreement. Defendants will not repeat its arguments as to the applicability of Delaware law but incorporate and reassert them by reference to Defendants' previous submissions on the point.

Plaintiff's opposition to Defendant's motion for summary judgment sought to supplant New York's well-established choice of law rules claiming that the usury doctrine prohibits this Court from honoring the parties' choice of law as it would violate a fundamental public policy. This argument fails for two reasons. The first reason, addressed in Midland's earlier briefing, demonstrated that usury was not a *fundamental* public policy in New York, and only a *fundamental* public policy can trump New York's choice of law rules. The second is that New York's usury laws do not apply to defaulted obligations.

Because usury does not apply to defaulted obligations, and because usury was shown in the earlier briefing not to be a "fundamental" public policy in New York, there is no basis to avoid the parties' choice of law, and the agreement's choice of law provision should control. *See Welsbach Electric Corp. v. Mastec North America*, 7 N.Y.3d 624, 629 (N.Y. 2006).

## Point I. Usury Does Not Apply to Defaulted Obligations

It remains undisputed that the interest charged in connection with Plaintiff's account and at issue in this action was in connection with a defaulted obligation. Plaintiff's First Amended

1

7836460v.1

Complaint ("Complaint") alleges "Defendant Midland Funding, LLC... is a purchaser of debts in default..." (Complaint, Docket No. 13 at ¶6). The Complaint then acknowledges that Funding "acquired Ms. Madden's alleged obligation after it had gone into default." (Id. At ¶11).

New York Courts follow the lead of the Second Circuit for the proposition that usury does not apply to defaulted obligations. The decision by the Second Circuit in *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986), has been consistently applied and cited by this District and others in the twenty years since it was issued. *Manfra* clearly recognized that usury has no application with regard to defaulted obligations:

> Usury law does not apply to defaulted obligations. Because interest was charged only on [defendant]'s past due debts, the usury laws do not apply.

A brief look at the decisions citing *Manfra* demonstrate how consistently and without exception this rule has been applied over the past two decades.

The Southern District of New York recently followed *Manfra* in October of 2015 in *Llewellyn v. Asset Acceptance, LLC*, 2015 U.S. Dist. LEXIS 145437 * (S.D.N.Y. Oct. 26, 2015), holding that usury does not apply to defaulted obligations:

> Notwithstanding the fact that New York's usury laws do not apply to "defaulted obligations" or "interest . . . charged only on . . . past due debts," *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n.3 (2d Cir. 1986) (internal citations omitted), which would encompass Plaintiff's debt...

In April of 2015, the Eastern District of New York in *Avila v. Riexinger & Assocs., LLC*, 2015 U.S. Dist. LEXIS 48926 * (E.D.N.Y. Apr. 14, 2015) upheld *Manfra*, holding:

> Avila alleges that defendants have violated New York General Obligation Law § 5-501 et seq., by charging, collecting, or attempting to collect interest in excess of the civil usury limit of 16 percent. She is mistaken. "[T]he usury laws do not apply to defaulted obligations" or "interest . . . charged only on . . . past due debts." *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61,

63 n.3 (2d Cir. 1986); *see also In re Integrated Res., Inc.*, No. 92-CV-4555, 1995 U.S. Dist. LEXIS 5181, 1995 WL 234975, at *6 (S.D.N.Y. Apr. 21, 1995) ("penalties or late fees . . . do not constitute usury, since New York's usury statutes do not apply to defaulted obligations"). …Avila's claim under section 5-501 is dismissed.

The Southern District of New York addressed two additional decisions involving interest exceeding the criminal usury threshold of 25 percent, but that fact did not change the analysis that New York's usury laws did not apply to defaulted obligations. In both instances, the Court followed *Manfra* and dismissed the claims finding that usury simply does not apply to defaulted obligations. The first decision - *Hillair Capital Invs., L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336 * (S.D.N.Y. 2013), held the following:

> Third, Defendants contend that the default provision—imposing a 30% increase in the principal, an increase in the interest rate, and other costs—should be considered in evaluating whether the interest rate is usurious. However, default payments are separate and distinct from the actual interest rate and therefore are not relevant in determining if the rate is usurious. *See Manfra, Tordella & Brookes, Inc. v. Bunge,* 794 F.2d 61, 63 n. 3 (2d Cir.1986) ("[U]sury law does not apply to defaulted obligations. Because interest was charged only on [defendant]'s past due debts, the usury laws do not apply."); *Roswell Capital Partners LLC v. Alt. Const. Techs.*, 08 Civ. 10647, 2009 U.S. Dist. LEXIS 7690, 2009 WL 222348, at *16 (S.D.N.Y. Jan. 30, 2009) ("[T]here cannot be a finding of usury based on an interest rate that occurs in a situation of default.").

Similarly, in *Vargas Realty Enters. v. CFA W. 111 St., L.L.C. (In re Vargas Realty Enters.)*, 440 B.R. 224 * (S.D.N.Y. 2010), the Southern District held that maximum interest rates, even those over the criminal usury threshold of 25 percent, do not apply to defaulted obligations:

> Appellants charge that the CFA note and mortgage were criminally usurious under New York Penal Law § 190.40 and New York General Obligations Law §§ 5-511, 5-501-1, and 5-501-6-a. (Appellants' Br. at 8.) Under those statutes, an entity is guilty of

3

> criminal usury if it knowingly charges an interest rate on a loan or forbearance in excess of 25%. N.Y. Penal Law §§ 190.40, 190.42. However, the provisions regulating the maximum rate of interest do not apply to "any loan or forbearance in the amount of two million five hundred thousand dollars or more," N.Y. Gen. Oblig. Law § 5-501(6)(b), or to interest rates on defaulted obligations, see *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n.3 (2d Cir. 1986) (holding that the New York usury laws do not apply to interest charged on past due debts).

This District has consistently applied *Manfra's* holding that usury does not apply to defaulted obligations time and again. See, *Prowley v. Hemar Ins. Corp. of Am.*, 2010 U.S. Dist. LEXIS 45249 * (S.D.N.Y. May 5, 2010) (citing *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986) [*10]); "Moreover, with respect to Plaintiffs' state law claim of usury as to the default interest rate, "[t]he usury laws do not apply to defaulted obligations." *Schwartzbaum v. Emigrant Mortg. Co.*, 2010 U.S. Dist. LEXIS 60175 * (S.D.N.Y. Apr. 22, 2010) (citing *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986); "New York's usury law does not apply to penalties imposed after default. *Sabella v. Scantek Med., Inc.*, 2009 U.S. Dist. LEXIS 88170 * (S.D.N.Y. Sept. 21, 2009) (citing *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986); "In any event, the loan does not violate New York usury laws because New York usury laws do not apply to defaulted obligations. *Urban Communicators PCS Ltd. P'ship v. Gabriel Capital, L.P.*, 394 B.R. 325 * (S.D.N.Y. 2008) (citing *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986); Usurious loans are void. … However, it is well established that the usury statutes do not apply to defaulted obligations. *Bristol Inv. Fund, Inc. v. Carnegie Int'l Corp.*, 310 F. Supp. 2d 556 * (S.D.N.Y. 2003) (citing *Manfra, Tordella & Brookes, Inc. v. Bunge*, 794 F.2d 61, 63 n. 3 (2d Cir. 1986).

The chain of authorities supporting Defendants' position is unbroken and there can be no doubt that in New York usury does not apply to defaulted obligations. Accordingly, Plaintiff cannot argue usury in order to avoid the binding choice of law provision in the agreement.

### Point II.  Plaintiff Cannot Utilize Criminal Statutes

Plaintiff's attempt to avoid the agreement's express choice of law based upon a criminal usury statue is improper for the additional reason that a plaintiff cannot enforce criminal statutes in a civil action. This District expressly *rejected* the argument that the criminal usury statute is available for litigants in a private action, holding that "neither the Court nor the defendant [is] authorized to enforce New York State's criminal usury law." *Bruce v. Martin*, 845 F. Supp. 146, 149-150 (S.D.N.Y. 1994). The Southern District in *Bruce v. Martin* observed that not even the Court has the power to apply New York's Penal Law § 190.40.

*Bruce* cites to *American Express Co. v. Brown*, 392 F. Supp. 235 (S.D.N.Y. 1975), wherein this District rejected the argument that a contract (a promissory note) that exceeded the criminal usury level should not be enforced. The Court therein explained that neither the Court nor a party in a civil action has the jurisdiction or power to enforce New York's criminal statutes, and explained that "[s]ince the enforcement of New York state's criminal usury law is beyond my jurisdiction and, further, since the defendant lacks the power to personally enforce the criminal usury law of the state, that portion of defendant's argument is dismissed as frivolous." *American Express Co.*, 392 F. Supp. at 237-38.

Plaintiff cannot, nor can she ask the Court, to enforce the criminal statutes in this case. As such, the arguments regarding criminal usury should be dismissed as frivolous.

## CONCLUSION

There is no basis for Plaintiff to avoid the agreement's choice of law provision. The only purported basis – that the criminal usury statute would be violated – has been exposed as wholly without merit. Usury is not a fundamental right, it does not apply in default situations, and plaintiff is not permitted to utilize the criminal usury statute. For these reasons, the Court should give effect to the choice of law provision in the agreement, and apply Delaware law. As the interest rates are permitted under Delaware law, Defendants respectfully request that summary judgment be granted dismissing all claims against them. The Defendants equally are entitled to summary judgment under New York law for the above stated reasons should the Court deem it appropriate to decide the case on this narrowed basis.

Dated: December 9, 2016
      New York, New York

                        Respectfully Submitted,

             WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: _____
Thomas A. Leghorn
Joseph L. Francoeur
150 E. 42nd Street
New York, NY 10017
(212) 915.5234
thomas.leghorn@wilsonelser.com
joseph.francoeur@wilsonelser.com
*Attorney for Defendants*
File No. 10277.00145

TO.:    All counsel