

DEDICATED TO MARKETPLACE JUSTICE

October 6, 2017

**VIA ECF**

Hon. Lisa M. Smith
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601-4150

>　**Re:**　　*In re Midland Funding, LLC Interest Rate Litigation*
>　**Index:**　11-CV-8149 (CS) (LMS)

Your Honor:

I am class counsel in the above-referenced matter.  Pursuant to the Court's Minute Entry dated September 19, 2017, today is Plaintiff's deadline to submit its letter regarding outstanding discovery issues.

At the last discovery conference, three principle unresolved discovery issues were addressed:

1)　Defendants' claim that, other than form letters currently in use, it had not kept and therefore could not produce the template collection letters to consumers that sought interest above New York's criminal usury rate and that are referenced in its collection notes;
2)　Several columns of data included in previous versions of the class list/data compilation[1] produced by Defendants but missing from the most recent version; and
3)　The parties' disagreement over the size and scope of the production of underlying collection materials Defendant must provide in order for Plaintiff to confirm the accuracy of the data provided in the excel spreadsheet constituting the class list/data compilation.

Items #1 and #2 are now resolved:  With regard to item #1, Defendants subsequently informed me that they had determined that the template collection letters that are no longer in use are, in fact, preserved and that the non-production was in error.  They recently produced over one thousand pages of additional collection letter templates.  With regard to item #2, Defendants have provided a revised spreadsheet containing the missing columns.

Item #3 has proved more problematic:  The parties met and conferred again on this issue following the September 19 conference call with Your Honor.  They again did not come to agreement.  Opposing counsel subsequently informed me that his client wanted to pull and produce a very small number of files, including the Collection Detail Report and Payment History for just 10 class members (out of over 58,000) and then discuss further.  At the time, I urged Defendants not to wait until just before Plaintiff's October 6 deadline to provide the materials.

---

[1] The "data compilation" includes not only the names and last known addresses of the class members but also each class members' outstanding balance, the date on which the offending collection letter was sent, which class members have actual damages and in what amounts, etc.

Daniel A. Schlanger
dschlanger@kakalec-schlanger.com
T: (212) 500-6114
F: (646) 612-7996

85 Broad Street
18th Floor
New York, NY 10004
www.kakalec-schlanger.com

*Hon. Lisa M. Smith*
*October 6, 2017*
*2 of 2*

Defendants nonetheless did not produce the materials until yesterday afternoon and have requested consent to push off the deadline for submitting discovery disputes to the Court by two weeks to allow the parties to meet and confer one last time prior to submitting the issue to the Court.

Although I am anxious to move discovery forward, given the circumstances above (including the fact that I just received the discovery materials yesterday), Plaintiff hereby requests on behalf of all parties that the deadline for Plaintiff to submit a discovery dispute letter regarding any outstanding discovery issues be extended from today to October 20, 2017, with Defendants' deadline to respond adjusted accordingly from October 13 to October 27, 2017.[2]

Respectfully,

*/s/Daniel A. Schlanger*

Daniel A. Schlanger

cc: All counsel of record

---

[2] Please note that, as I have stated previously to the Court, I am religiously observant and do not work on Jewish holidays.  I write here to clarify that although today is the Jewish holiday of Sukkot in the United States, I am currently in Israel, where the holiday has already ended.