# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IN RE MIDLAND FUNDING LLC INTEREST RATE
LITIGATION

------------------------------------------------------------------X

Civil No.: 11-cv-8149

**RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure 26 and 34, Defendants Midland Funding, LLC and Midland Credit Management, Inc. hereby respond to Plaintiff's Second Request for Production of Documents, dated April 26, 2017, as follows:

## GENERAL STATEMENT

These responses are made solely for the purpose of this action. Any information or documents supplied in response to Plaintiff's requests are subject to all objections as to competency, relevancy, materiality, propriety and admissibility and to any and all other objections on any ground that would require the exclusion of any material or portion thereof, if such material is offered in evidence in court, all of which objections and grounds are expressly reserved and may be interposed at the time of the trial of this matter.

The following responses are based upon information available at the time of preparation of this response following due and diligent inquiry. These responses, accurate at the date of service to the Defendants' best knowledge, are subject to correction, modification or supplementation of further information and/or documentation as later located. These responses are made without prejudice to the Defendants' right to produce at trial, or otherwise, subsequently discovered evidence related hereto.

{N1118910.1}

The following responses are based upon information and writings presently available and located by Defendants and their attorneys. Defendants, at this time, have not completed their investigation of the facts or discovery proceedings in this case and have not completed its preparation for trial. The following responses are therefore given without prejudice to Defendants' right to produce evidence based on subsequently discovered facts and/or documents.

No incidental or implied admissions are intended by the responses herein. The fact that Defendants have agreed to supply information or documents in response to a request should not be taken as an admission that Defendants accept or admit the existence of any fact set forth or assumed by such request, or that such a document constitutes admissible evidence. Further, the fact that Defendants have identified or agreed to supply information in response to a request is not intended to be, and should not be construed as a waiver by Defendants to any part or any objection to any discovery demands.

## GENERAL OBJECTIONS

1. To the extent specified below, all responses to individual documents requests are made subject to these general objections ("General Objections"), which are hereby incorporated by reference into each response to each of the Requests. Defendant's specification of one or more objections, including any General Objection, in response to any below Request does not limit or preclude the applicability of or necessarily modify the General Objections to such response.

2. Defendants object to the "definitions"" and "instructions" contained in Plaintiff's Request for Production to the extent they impose requirements beyond those imposed by the Federal Rules of Civil Procedure. Defendant also objects to the "definitions" and "instructions" to the extent that they are overly broad, vague and/or ambiguous.

3. Defendants object to the Plaintiff's "definition" of "Collection File" contained in Plaintiff's Second Request for Production of Documents to the extent it is overly broad, vague

{N1118910.1}

and/or ambiguous, seeks information beyond the scope of the allegations contained within the Amended Complaint, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that it seeks to require the Defendants to organize their response to the requests by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on them.

4. Defendants object to the Plaintiff's "definition" of "Data Compilation" contained in Plaintiff's Second Request for Production of Documents to the extent that it seeks information beyond the scope of the allegations contained within the Amended Complaint, and is unduly burdensome as it seeks to require the Defendants to produce documents and/or information not regularly maintained by either Defendant.

5. Defendants object to each of the individual requests to the extent that they are vague, overbroad, unduly burdensome and/or unduly expensive, and/or require unreasonable investigation on the part of the Defendants.

6. Defendants object to each of the individual requests to the extent they call for the disclosure of documents neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to each of the individual requests to the extent that they call for production of documents not related to the underlying action or outside the relevant time period.

7. Defendants object to each of the individual requests to the extent that they seek documents protected by the attorney-client privilege, joint defense privilege, right of privacy, work product doctrine, and/or other privileges or related doctrines. Defendants object to each of the individual requests to the extent that they request documents that are confidential, business trade

secrets, competitor information and/or proprietary in nature. Such production as may hereafter occur shall not include any documents protected by such privileges or doctrines, and inadvertent production of same shall not be deemed a waiver of such privilege or doctrine.

8. Defendants object to each of the individual requests to the extent that they seek disclosure from any persons or entities that are not parties to this litigation and/or not available to the Defendants.

9. Defendants object to each of the individual requests to the extent that they seek disclosure of documents that are not within the possession, custody or control of Defendants.

10. Defendants object to each of the individual requests to the extent that they seek information which is equally accessible to the Plaintiff through public sources or records or through third parties or otherwise.

11. Defendants object to each of the individual requests to the extent that they seek documents already in the possession, custody or control of the Plaintiff.

12. These objections apply to each individual request and every sub-part thereof.

## RESPONSES

1. The Data Compilation.

**RESPONSE:** The Defendants object to this Request pursuant to the General Objections above, including the objection to the Plaintiff's "definition" of "Data Compilation." Notwithstanding and without waiving said objections, Defendants will provide as much of the requested information as is available and as previously agreed pursuant to the So-Ordered Joint Discovery and Notice Plan, dated May 15, 2017. As previously explained to counsel and to the Court during the status conference of June 16, 2017, a preliminary class list with as much information as possible will be provided and will be updated with additional information as quickly as practicable.

2. Documents sufficient to show all formulae used to make the calculations regarding charging of interest, application of payments, calculation of balances, and any other calculations reflected on the Data Compilation.

**RESPONSE:** The Defendants object to this Request pursuant to the General Objections above. Defendants further object to this Request on the basis that it is unduly burdensome as it seeks to require the Defendants to produce documents and/or information not regularly maintained by either Defendant. Notwithstanding and without waiving any objections, documents as to the interest rate policy will be produced pursuant to a protective order to be agreed upon and entered by the Court.

3. The Collection Files of 4% of the Class Members selected randomly on the following basis: After organizing the Data Compilation into alphabetical order by last name of the Class Members, Defendants shall select every 25th Class Member appearing on the Data Compilation and shall provide the Collection for each of those Class Members.

**RESPONSE:** Defendants object to this Request on the basis that it seeks information beyond the scope of the allegations contained within the Amended Complaint, seeks information not relevant to the claim or defense of any party and it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving said objections, Defendants will provide, to the extent possible, terms and conditions of the first alphabetically-listed class member for each of the approximately 20 major original creditors. Such production will be pursuant to a protective order to be agreed upon and entered by the Court.

4. The Collection Files of 10% of those individuals previously represented by Defendants as being members of putative class as pled in the First Amended Complaint but falling outside the class as defined in the Order. The 10% sample shall be selected by organizing the relevant Collection Files in alphabetical order by last name of alleged debtor and selecting every tenth file for production. For purposes of this request only, the term "Class Member" as used in the definition of "Collection File" (above) shall be deemed modified to mean an individual who was a member of the putative class as pled in the First Amended Complaint.

**RESPONSE:** Defendants object to this Request on the basis that it seeks information beyond the scope of the allegations contained within the Amended Complaint, seeks information not relevant to the claim or defense of any party and it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving said objections, to the extent the Court's redefined class definition has resulted in the exclusion of any original putative class member, Defendants will provide, to the extent possible, terms and conditions of the first alphabetically-listed excluded class member for each of the approximately 20 major original creditors.

5. Documents sufficient to show all form letters used by Defendants during the Relevant Time Period to attempt to collect debts with interest added in excess of 25% from purported debtors.

**RESPONSE:** Defendants object to this Request on the basis that it seeks information beyond the scope of the allegations contained within the Amended Complaint, seeks information not relevant to the claim or defense of any party and it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving said

{N1118910.1}

objections, to the extent possible and if any such documents are still available, examples of the requested letters will be provided.

6. All documents regarding Defendants' maintenance of procedures to avoid violations of the FDCPA of the type alleged in this lawsuit.

   Withdrawn per Stipulation dated June 16, 2017.

7. All insurance policies which may cover Defendants for the violations alleged in this lawsuit including but not limited to Indian Harbor Insurance Company – Policy Number ELU 119662-10.

**RESPONSE:** Copies of any applicable insurance policy will be provided.

8. Certified, GAAP compliant financial statements regarding the net worth of each Defendant, for 2008 through 20016, 2017 to date.

   Withdrawn per Stipulation dated June 16, 2017.

9. Copies of each Defendants' Federal tax returns, 2008 through 2016.

   Withdrawn per Stipulation dated June 16, 2017.

10. Documents sufficient to show and describe each of Defendants' different lines of businesses, the resources dedicated to each, the size of each, and the revenues generated by each.

**RESPONSE:** Defendant Midland Funding, LLC objects to this request on the basis that it is vague and ambiguous. Notwithstanding and without waiving said objections, per the Stipulation dated June 16, 2017, as the defendant is a passive debt buyer, there are no responsive documents to this request. The Servicing Agreement between Midland Funding, LLC and Midland Credit Management will be provided pursuant to a protective order to be agreed upon and entered by the Court.

11. All documents relating to Defendants' relationship with one another.

**RESPONSE:** In light of the Stipulation dated June 16, 2017, a response to this request is not necessary. Notwithstanding and without waiving any objection, relevant portions of a corporate organizational chart will be produced pursuant to a protective order to be agreed upon and entered by the Court.

12. All documents relating to Defendants' relationships with any parent company, subsidiary or related entity.

**RESPONSE:** In light of the Stipulation dated June 16, 2017, a response to this request is not necessary.

13. Any communications, policy memoranda, training materials or other written materials received by, created by, or used by Defendants during the Relevant Time Period which relate to Defendants':

    a. compliance with the usury laws of the State of New York;
    b. charging, collecting or attempting to collect interest in excess of 25%;
    c. crediting of payments made to Defendants on Class Members' accounts including, inter alia, application of payments to principal and interest; or
    d. determination of the interest rate to be charged to Class Members.

**RESPONSE:** Defendants object to this request on the basis that it is overly broad, seeks information not relevant to the claim or defense of any party and it is not reasonably calculated to lead to the discovery of admissible evidence. The Defendants further objects to this request as it seeks information that is confidential and/or proprietary in nature. Notwithstanding and without waiving any objections, to the extent any responsive documents are located, they will be produced pursuant to a protective order to be agreed upon and approved by the Court.

Dated:   New York, New York
         June 30, 2017

Respectfully submitted,

LONDON FISCHER LLP

By: _____
Thomas A. Leghorn, Esq.
Sheryl T. Parker
Attorneys for Defendants
*Midland Funding LLC and*
*Midland Credit Management, Inc.*
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 827.0000001

{N1118910.1}