UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEX: 11-CV-8149 (CS) (LMS)

IN RE MIDLAND FUNDING, LLC
INTEREST RATE LITIGATION

DANIEL A. SCHLANGER, an attorney duly licensed to practice law in the State of New York, hereby declares, pursuant to 28 U.S.C. § 1746, that the following facts are truthful:

1. I am a partner at Schlanger Law Group LLP and have been appointed co-Class Counsel in this matter by the Court, and have been counsel to Plaintiffs and the now certified class at all relevant times.
2. As such, I am familiar with the facts and documents relevant to the instant motion for approval of Plaintiff's class notice plan.

**The Class List/Data Compilation**

3. As the Court is aware, Defendants have provided Plaintiffs with a Class List/Data Compilation containing the names of every class member and other pertinent information, including the consumers' last known address, the amount of interest in excess of 25% paid by the consumer, and the date of last communication with the consumer.
4. Per the Class List/Data Compilation, there are 58,479 class members, including 7,842 that have paid interest that is usurious per this Court's prior orders.[1]

**Plaintiffs' Class Notice Plan**

5. Plaintiffs' class notice plan has several principle components:
    a. Postcard Notice in the form set forth at <u>Exhibit A</u> hereto to each class member that Defendants' records indicate have paid an amount of interest above the 25% per annum rate (of the 7,842) at that consumer's last known address using the Class

---

[1] The list itself is subject to a protective order. The Class List/Data Compilation was previously submitted to the Court during motion practice regarding production of a sample of underlying collection files (ECF Doc. No. 167-3).

      List/Data Compilation developed by the parties during the course of discovery (the "Orange Notice");

   b. Postcard Notice in the form set forth at <u>Exhibit B</u> hereto to each class member not receiving a Postcard Notice in the form of Exhibit A hereto under subsection (a) above (of the remaining 50,637) at that consumer's last known address using the Class List/Data Compilation developed by the parties during the course of discovery (the "Blue Notice");

   c. Long-Form Notice in the form set forth at <u>Exhibit C</u> hereto, available on the class notice website referenced in the postcard notice.

   d. The website will also clearly display relevant deadlines and will include the Amended Complaint, the Second Circuit's 2015 decision, the 2017 Order and other relevant materials.

   e. Each Postcard Notice will also reference a 1-800 telephone number, which will be provide basic information regarding the notice, opting out, etc. Using the 1-800 number, class members who do not wish to view class-related information online or who lack online access will be able to order long-form notice and all related materials, to be delivered to the class member via U.S. Mail free of charge.

6. The class notice plan provides for notice to be administered by KCC LLC, a nationally recognized administrator, that has administered over 6,500 cases.[2]

7. KCC will handle printing and mailing of the postcard notice to the 58,479 class members.

8. KCC will run the addresses in Class List through the U.S.P.S. address database prior to mailing; and will conduct address searches for any Notices returned as undeliverable and re-mail to any new found address.

9. KCC will also establish and maintain the notice website, and the 1-800 number (including automated support).

10. KCC will receive and process all opt-outs and provide compliance declarations to the Court.

---

[2] http://www.kccllc.com/class-action/what-we-do#ClassActionClients

**Cost of Class Administration**

11. With regard to all of the services above, KCC has provide an estimate $51,609 including $22,036 in postage.
12. This cost, which is significantly below one dollar per class member is competitive with quotes provided by other class administrators and is also competitive in my experience working with class administrators in other matters in which I have served as class counsel, while still providing individualized notice and related services (e.g. the notice website, phone support, etc.).
13. I discussed this estimate with counsel for Defendants during a meet and confer telephone call and, although the parties disagree as to who should bear the cost, opposing counsel indicated to me on that call that he also viewed the estimate as competitive.

Dated:  September 4, 2018

Respectfully Submitted,

*/s/Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
9 East 40th Street, Suite 1300
New York, New York 10004
Tel: (212) 500-6114
Fax: (646) 612-7996
dschlanger@consumerprotection.net

# EXHIBIT A

| | |
|---|---|
| *A court authorized this notice.*<br><br>*This is not a solicitation from a lawyer.*<br><br>**LEGAL NOTICE REGARDING**<br><br>*The Midland Funding LLC Interest Rate Litigation* | *In re Midland Funding LLC Interest Rate Litigation*<br>**Notice Administrator**<br>**P.O. Box \_\_\_\_\_**<br>**New York, NY 10104**<br><br>«ScanString»<br>Postal Service: Please do not mark barcode<br><br>Control#: MSM-«AccountID»-«NoticeID»<br>«FirstName» «LastName»<br>«Attention»<br>«Address2»<br>«Address1»<br>«City», «StateCd»  «Zip» |

**WHAT IS THIS CASE ABOUT?**

This case involves collection letters sent by Midland Credit Management, LLC and Midland Funding, LLC to New York consumers. The collection letters sought an interest rate of over 25%. Plaintiffs contend that this was illegal under New York law and that that Defendants therefore violated the Fair Debt Collection Practices Act and New York General Business Law Sec. 349. Defendants contend that it was permitted to seek and collect interest at a rate over 25% under New York and federal law.

**WHO IS INCLUDED IN THE CLASS?**

The Court certified two classes:

1. A Rule 23(b)(2) injunctive and declaratory relief class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class covers only claims arising out of GBL violations from November 10, 2008 through today's date.

2. A Rule 23(b)(3) damages class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through today's date.

In 2015 and 2017, the Court ruled against Defendants with regard to certain defenses. Defendants may, however, appeal these rulings to a higher court.

**WHAT ARE YOUR OPTIONS?**

You Can Opt-Out of the Class. If you are a Class Member, you may choose to remove yourself from the Class by submitting a timely Opt-Out Notice. If you want to opt-out, by no later than 5:00 p.m. (EST) on _____, you must submit an Opt-Out Notice, which may be found at www._____.

If you opt-out, you will not share in any recovery that might be paid to the Class Members as a result of trial or settlement of this Action, you will not be able to object to a settlement of this Action, and you will not be bound by any decision in this Action.

You Can Do Nothing. If you do nothing and you qualify as a Class Member, you may be able to share in any recovery that might be paid to the Class Members as a result of trial or settlement of this Action, and retain the right to object to any settlement of this Action. By remaining a Class Member, any claim you might have against Defendants arising from its conduct as alleged in the Action will be determined in and bound by this Action and cannot be presented in any other lawsuit.

Note: Defendants' records indicate that you have paid an amount of interest above the 25% per annum rate and the relief sought includes a return of funds to the consumer.

**WHO REPRESENTS THE CLASS?**

The District Court has certified the following attorneys as counsel for the Class ("Class Counsel"): Daniel A. Schlanger of Schlanger Law Group LLP and O. Randolph Bragg of Horwitz Horwitz & Associates. Class Members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all Class Members in the Action who do not object or retain their own counsel.

**WHO YOU CAN CONTACT FOR MORE INFORMATION?**

If you have questions about this Action, please visit www._____, or call the Midland Funding Interest Rate Class Action Administrator at 1-800_____ . Please do not contact Midland Funding LLC or Midland Credit Management LLC regarding this Action.

You may seek the advice and guidance of your own attorney if you desire. In any event,
PLEASE DO NOT TELEPHONE THE DISTRICT COURT OR THE DISTRICT COURT CLERK REGARDING THIS NOTICE.

# EXHIBIT B

| | |
|---|---|
| *A court authorized*<br>*this notice.*<br><br>*This is not a solicitation*<br>*from a lawyer.*<br><br>**LEGAL NOTICE REGARDING**<br><br>*The Midland Funding LLC Interest Rate Litigation* | *In re Midland Funding LLC Interest Rate Litigation*<br>**Notice Administrator**<br>**P.O. Box \_\_\_\_\_**<br>**New York, NY 10104**<br><br>«ScanString»<br>Postal Service: Please do not mark barcode<br><br>Control#: MSM-«AccountID»-«NoticeID»<br>«FirstName» «LastName»<br>«Attention»<br>«Address2»<br>«Address1»<br>«City», «StateCd»  «Zip» |

### WHAT IS THIS CASE ABOUT?

This case involves collection letters sent by Midland Credit Management, LLC and Midland Funding, LLC to New York consumers. The collection letters sought an interest rate of over 25%. Plaintiffs contend that this was illegal under New York law and that that Defendants therefore violated the Fair Debt Collection Practices Act and New York General Business Law Sec. 349. Defendants contend that it was permitted to seek and collect interest at a rate over 25% under New York and federal law.

### WHO IS INCLUDED IN THE CLASS?

The Court certified two classes:

1. A Rule 23(b)(2) injunctive and declaratory relief class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class covers only claims arising out of GBL violations from November 10, 2008 through today's date.
2. A Rule 23(b)(3) damages class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through today's date.

In 2015 and 2017, the Court ruled against Defendant with regard to certain defenses. Defendants may, however, appeal these rulings to a higher court.

### WHAT ARE YOUR OPTIONS?

You Can Opt-Out of the Class. If you are a Class Member, you may choose to remove yourself from the Class by submitting a timely Opt-Out Notice. If you want to opt-out, by no later than 5:00 p.m. (EST) on _____, you must submit an Opt-Out Notice, which may be found at www._____.

If you opt-out, you will not share in any recovery that might be paid to the Class Members as a result of trial or settlement of this Action, you will not be able to object to a settlement of this Action, and you will not be bound by any decision in this Action.

You Can Do Nothing. If you do nothing and you qualify as a Class Member, you may be able to share in any recovery that might be paid to the Class Members as a result of trial or settlement of this Action, and retain the right to object to any settlement of this Action. By remaining a Class Member, any claim you might have against Defendants arising from its conduct as alleged in the Action will be determined in and bound by this Action and cannot be presented in any other lawsuit.

### WHO REPRESENTS THE CLASS?

The District Court has certified the following attorneys as counsel for the Class ("Class Counsel"): Daniel A. Schlanger of Schlanger Law Group LLP and O. Randolph Bragg of Horwitz Horwitz & Associates. Class Members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all Class Members in the Action who do not object or retain their own counsel.

### WHO YOU CAN CONTACT FOR MORE INFORMATION?

If you have questions about this Action, please visit www._____, or call the Midland Funding Interest Rate Class Action Administrator at 1-800_____. Please do not contact Midland Funding LLC or Midland Credit Management LLC regarding this Action.

You may seek the advice and guidance of your own attorney if you desire. In any event,
PLEASE DO NOT TELEPHONE THE DISTRICT COURT OR THE DISTRICT COURT CLERK REGARDING THIS NOTICE.

# EXHIBIT C

## Notice of Class Action

*In re Midland Funding LLC Interest Rate Litigation*

U.S. District Court, Southern District of New York

## Records Indicate You Were Sent A Collection Letter By Midland Funding LLC:
## A Class Action Lawsuit May Affect Your Rights.

*A court authorized this notice. This is not a solicitation from an attorney. You are not being sued.*

1. **Why did I get this Notice?**

Several consumers have sued Midland Funding LLC and Midland Credit Management LLC (collectively, "Midland"), alleging that Midland violated federal and New York State law by sending New York consumers collection letters that sought interest at a rate higher than 25%. This Notice explains that the Court has allowed, or "certified," a lawsuit to proceed as a class action, which may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial will decide whether the claims against Midland, on behalf of the members of the class, are correct. Judge Cathy Seibel of the United States District Court for the Southern District of New York is overseeing this class action. The lawsuit is known as *In re Midland Funding LLC Interest Rate Litigation*.

2. **What is this lawsuit about?**

This lawsuit alleges that Midland violated the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law Section 349 ("GBL 349") by charging New York consumers interest at a rate above 25%. Plaintiffs allege that because this is the maximum rate of interest under New York's criminal usury statute, Midland may not exceed it and that by attempting to collect this interest (and in some instances collecting it), Midland broke the law. Midland contends that New York's criminal usury statute does not apply and that it was allowed to collect interest above 25% and therefore did not break any laws.

In 2015, the United States Court of Appeals for the Second Circuit rejected certain defenses advanced by Midland. In 2017, the District Court denied Midland's motion for summary judgment, certified the class and rejected certain other defenses advanced by Midland. However, Midland may appeal one or both of these rulings in the future. Midland has also voluntarily waived/withdrawn certain defenses.

3. **What are my rights and choices under this Notice?**

- The Court has allowed the lawsuit to be a class action for specific claims, described below.

- The Court has rejected several legal arguments put forward by Midland, but has not issued a judgment in favor of the class, and has not determined that the class is owed any particular amount. This is NOT notice of a settlement or judgment. No money is presently available to class members, nor is there a guarantee that there will be in the future. If you do not exclude yourself from this class action, however, your legal rights against Midland regarding Midland's collection letters and any excess amount you may have paid will be determined by this lawsuit. You now have a choice to make:

**Your Rights and Choices:**

| Take Steps to Exclude Yourself | **Get out of this lawsuit as to the claims that have been certified for class treatment. Receive no benefits from it. Keep rights.** If you ask to be excluded and money or benefits are later awarded as to the two legal claims that have been certified as a class action, you will not share in those. But, you keep any rights to sue Midland separately about those legal claims, and you keep your rights as to the other legal claims asserted in this lawsuit. |
|---|---|

| | |
|---|---|
| **Do Nothing and**<br><br>**Remain in Lawsuit** | **Stay in this lawsuit as to the claims that have been certified for class treatment. Await the outcome. Give up certain rights.** By doing nothing, you retain your right to share in any money or benefits that may come from a trial or a settlement in this case. But, you give up any rights to sue Midland separately about the legal claims that have been allowed to proceed as a class action. Your rights as to the other pending claims, which may or may not be allowed to proceed as a class action in the future, will be unaffected. |
| **Either Way** | This notification concerns only claims relating to the amount of interest sought by Midland. Your rights as to the other legal claims will be unaffected no matter what you do. |

- Your options are explained in this Notice. To ask to be excluded, you must send a letter before _____ to the address in Section 14, below.

- If money or benefits are obtained from Midland in a settlement or trial, and you do not exclude yourself, you will be contacted again.

- **Any questions? Read on.** Your rights and choices are further explained in this Notice.

**Additional Information Regarding this Class Action Lawsuit**

4. **What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" (in this case Linda Evans Gay; Rocco Commisso; Marianne Norelli and Galo Uribe) sue on behalf of themselves and other people who have similar claims. The people together are a "Class" or "Class Members." The companies they sued (in this case, Midland) are called the Defendants. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

5. **Why is this claim a class action?**

The Court decided that certain claims in this lawsuit can be a class action and move towards a trial because they meet the requirements of Federal Rule of Civil Procedure 23, which governs class actions in Federal courts. The Court found that:

- The Class Representatives along with the lawyers representing the Class will fairly and adequately represent the Class Members' interests;

- The claims of the Class Representatives are typical of the claims of the rest of the Class;

- There are predominant legal questions and facts that are common to all Class Members that must be resolved; and

- There are a sufficient number of Class Members to sustain a class action.

6. **Who is in the class?**

The Court certified the following two classes:

1. A Rule 23(b)(2) injunctive and declaratory relief class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class covers only claims arising out of GBL 349 violations from November 10, 2008 through today's date.

2. A Rule 23(b)(3) damages class comprising all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL 349 violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through today's date.

There are approximately 58,479 people who are members of these classes.

7. **Has the Court decided who is right?**

The Court denied Midland's motion for summary judgment in February 2017 and, in doing so, rejected certain defenses advanced by Midland. In 2015, the United States Court of Appeals for the Second Circuit, rejected another of Midland's defenses. The parties dispute whether these decisions, taken together with certain stipulations of the parties, effectively means that Plaintiffs have established some of their claims and whether a trial is still necessary on some or all claims. The Court will decide that dispute. The Court has not issued a judgment in favor of Plaintiffs and has not determined that any amount of money is owed to the Class. Midland may appeal rulings against it in the future. No trial has been held.

8. **What are the Plaintiffs asking for?**

Plaintiffs are asking for several types of relief:

Statutory Damages: Plaintiffs are seeking statutory damages of One Million Dollars from Midland for violation of the FDCPA. This money, if awarded and collected, would be shared equally amongst the 47,208 class members who have FDCPA claims. Plaintiffs also seek statutory damages of $50 per class member pursuant to GBL 349.

Actual Damages: Some class members paid Midland more than they would have if Midland hadn't charged over 25% interest. Plaintiffs want Midland to pay this money back. There are approximately 7,842 who have made overpayments.

Treble Damages: Plaintiffs are asking that each class member be awarded three times his or her GBL 349 damages up to $1,000.

Punitive Damages: Plaintiffs are asking for punitive damages.

Plaintiffs are also asking for a Court order stating that Midland broke the law and requiring Midland to stop engaging in the practice Plaintiffs allege is unlawful. Midland has represented to the Court that it has already changed its practices.

Plaintiffs also seek attorney's fees and costs, as well as a service fee to each named plaintiff.

9. **Is there any money available now?**
No money or benefits are available now. There is no guarantee that money or benefits will ever be obtained. If they are, the Class Members will be contacted again.

10. **Am I part of this Class?**

Yes. If you are receiving this Notice, Midland's records – which have been reviewed by Class Counsel – indicate that you are a Class Member.

If the postcard you received was Blue, we believe you are a Class Member. If the postcard you received was Orange, we believe you are a Class Member and Midland's records indicate that you have damages due to overpayment of interest. Whether or not you received a postcard and no matter the color, your receipt of this Notice indicates that you are a Class Member and may be entitled to damages.

11. **What do I have to do with this Notice?**

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

12. **What happens if I do nothing at all?**

You do not have to do anything now if you want to keep the possibility of receiving money or benefits from this lawsuit. By doing nothing you are choosing to stay in the Class. If you are a Class Member and you stay in the Class, and if the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be contacted again. Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, Farmers—as part of any other lawsuit—about the same legal claims that are the subject of this Notice. You will also be legally bound by all of the orders the Court issues and judgments the Court makes as to the two claims

that have been certified for class treatment in this class action. If the case later settles, you will not have a further opportunity to exclude yourself from the settlement.

13. **Why would I ask to be excluded?**

    If you want to bring your own lawsuit against Midland on these claims you should ask to be excluded from the Class.

    If you exclude yourself from the Class—sometimes called "opting out" of the Class—you will not receive any money or benefits from this lawsuit even if the Plaintiffs obtain money or benefits as a result of obtaining a judgment or from any settlement (which may or may not be reached) between Midland and the Plaintiffs. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

    If you start your own lawsuit against Midland after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you exclude yourself so you can start or continue your own lawsuit against Midland, you should speak with your own lawyer soon, because your claims may be subject to a statute of limitations (meaning you may only be allowed to bring claims going back a limited amount of time), which may bar you from making your personal claims outside of the pending class action lawsuit.

14. **How do I ask the Court to exclude me from the Class?**

    To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, or by email, stating that you want to be excluded from *In re Midland Funding LLC Interest Rate Litigation.* Be sure to include your name and address, and if sent by mail, sign the letter. You must mail your Exclusion Request postmarked by _____, to:

    *In re Midland Funding LLC Interest Rate Litigation* Class Action Administrator

    Address

    Alternatively, you must email your Exclusion Request by no later than 6:00 p.m. Pacific time on _____, to: _____.

15. **Do I have a lawyer in this case?**

    The Court has decided that Daniel A. Schlanger of Schlanger Law Group LLP and O. Randolph Bragg of Horwitz, Horwitz & Associates are qualified to represent you as a member of the Class and has appointed them as Class Counsel. They are experienced in handling class action litigation. More information about these law firms, their practice, and their lawyers' experience is available at: _____. Class Counsel's contact information is:

    | | |
    |---|---|
    | O. Randolph Bragg | Daniel A. Schlanger |
    | Horwitz, Horwitz and Associates, Ltd. | Schlanger Law Group LLP |
    | 25 E. Washington, Suite 900 | 9 E. 40th Street, Suite 1300 |
    | Chicago, Illinois 60602 | New York, NY 10016 |
    | T. 312.372.8822 | T. 212-500-6114 |
    | F. 312.372.1673 | F. 646-612-6996 |

16. **Should I get my own lawyer?**

    You do not need to hire your own lawyer because Class Counsel are working on your behalf. But, if you prefer to have your own lawyer, you will have to hire that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak on your behalf. If you hire your own lawyer, separate from Class Counsel, you will have to make arrangements to pay that attorney the fees that attorney may charge.

17. **How will the lawyers be paid?**

    If Class Counsel are successful in obtaining money or benefits for the Class, they will ask the Court to approve the payment of their fees and expenses. You will not have to pay these fees and expenses directly. If the Court grants Class Counsel's request, the fees and expenses will be paid separately by Farmers.

18. **How and when will the Court decide who is right?**

    Unless this case is resolved by a settlement, the parties intend to submit cross motions for summary judgment asking the Court to rule in their favor without need for a trial on some or all claims.  To the extent those motions for summary judgment do not resolve the case, a trial will be necessary to determine who is right.  A date for trial has not yet been set.

19. **Do I have to come to the trial if one is held?**

    No.  You do not need to attend the trial if one is held.  Class Counsel will present the case for the Plaintiffs, and Midland will present their defenses.  You and/or your own lawyer are welcome to come at your own expense.

20. **Will I receive money and benefits after the trial?**

    If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, and you have not submitted an Exclusion Request, you will be notified about how to participate.  We do not know how long this will take.  If Plaintiffs do not obtain money or benefits as a result of the trial or settlement, Class Members will not receive money or benefits either, and no further notice will be given.

21. **Are more details available?**

    Visit the Class Action Administrator's website to get copies of key documents in this case: www._____.

    Should you have any questions, you may speak to one of the Class Counsel lawyers at the contact information in Section 15, above.  Please include your name, your current address, the case name, and the case number on any letters, faxes, or emails.

**PLEASE NOTIFY CLASS COUNSEL OR THE CLASS ACTION
ADMINISTRATOR IF YOUR ADDRESS CHANGES.**

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS NOTICE OR THIS CASE.**
