IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Civil No.: 11-cv-8149

IN RE MIDLAND FUNDING LLC INTEREST RATE
LITIGATION

------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN

Defendants Midland Funding, LLC ("Midland") and Midland Credit Management, Inc. ("MCM") (collectively the "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiffs' Motion for Approval of Class Notice Plan (Docket Nos. 193-194). The defendants seek the denial of plaintiffs' request to shift the burden of paying class notice costs to the defendants. Additionally, the proposed class notices contain deficiencies and misleading statements that the Court should direct plaintiffs to correct.

## ARGUMENT

**A.     Plaintiffs' request to shift the costs of notice to defendants is contrary to established law**

Plaintiffs assert that Midland should be responsible for paying class notice costs because liability has "effectively been determined by a combination" of orders and stipulations. Mot. at 7. In fact, there has been no finding of liability and nothing plaintiffs allege can alter that. As such, the request is improper, contrary to controlling law and should be denied.

It is well-settled law that the class representative must pay for the cost of providing notice as part of the ordinary costs associated with prosecuting a lawsuit. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974). In *Eisen*, which involved alleged violations of antitrust and securities

law, the district court, after conducting a preliminary inquiry into the merits of plaintiff's claim and concluding that plaintiff was "more than likely" to prevail on his claims, ordered the defendant to pay 90% of the notice costs. The Second Circuit Court of Appeals reversed and the United States Supreme Court agreed, stating:

> [i]n the absence of any support under Rule 23, petitioner's effort to impose the cost of notice of respondents must fail. The usual rule is that a plaintiff must initially bear the cost of notice to the class. The exceptions cited by the District Court related to situations where a fiduciary duty pre-existed between the plaintiff and defendant, as in a shareholder derivative suit. <u>Where, as here, the relationship between the parties is truly adversarial, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit.</u>

*Id*. at 178-179 (emphasis added).

While there may be exceptions to shifting the burden of paying notice costs, the Supreme Court has cautioned that "courts must not stray too far from the principle...that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978) (finding that the district court abused its discretion in requiring the defendant to pay costs associated with identifying class members). The Southern District itself has acknowledged and reaffirmed this general rule. *See Jermyn v. Best Buy Stores, L.P.,* No. 08 CIV. 00214 CM, 2010 WL 5187746, at 2 (S.D.N.Y. Dec. 6, 2010) (requiring plaintiff to bear costs of sending class notice based on the general rule that the plaintiff bears such costs).

Here, plaintiffs seek to create an exception to *Eisen* by claiming that they should be relieved of their obligation to pay notice costs simply because certain defenses were withdrawn or rejected by the Court. However, the cases relied upon by the plaintiffs do not support cost shifting in this matter as this case has never had a finding of liability against the defendants.

The cases relied upon by the plaintiffs involve circumstances where the court shifted responsibility to a defendant *after* the court had *conclusively* established liability against the defendant on one or more claims. Such circumstances are not present here. For instance, in *Catlett v. Missouri Highway & Transp. Comm'n*, the Court directed the defendant to finance a fund for locating class members after a separate trial on liability was held and the Court found the defendant liable for discrimination. 589 F.Supp. 949 (W.D. Mo. 1984). In *Hartmann v. Wick*, the court directed the defendant to pay class notice costs because it had previously granted summary judgment against the defendant, finding the defendant liable on the claim that the collection letter violated the FDCPA. 678 F.Supp. 312 (D.D.C. 1988). Likewise, in *Meadows v. Ford Motor Co.*, the court directed the defendant to pay the expenses associated with sending class action notices because it had already determined that the class was entitled to recover on their demands for injunctive relief. 62 F.R.D. 98 (W.D.Ky. 1973). The court in *Meadows* noted that "only [the] details as to the method of perfecting the remedies available to the plaintiff…remain to be accomplished by the Court." *Id*. at 102.

The remaining cases relied upon by plaintiff are readily distinguishable as well. In *Six (6) Mexican Workers v. Ariz. Citrus Growers*, the court permitted cost-shifting because, in addition to having found the defendants liable, the defendants had intentionally failed to properly maintain records concerning class members which could result in "substantial costs" to locate the members whose whereabouts are unknown. 641 F.Supp. 259 (D. Az. 1986). In *Macarz v. Transworld Systems, Inc.*, the Court authorized cost-shifting to the defendants because liability had already been determined *and* defendants otherwise did not object to paying the costs. 201 F.R.D. 54, 59 (D. Conn. 2001) ("As defendant does not contest that it bears the cost of notice, defendant is ordered to pay for the cost of notice to the class members.").

None of the circumstances justifying cost shifting are present in the action before this Court. Contrary to plaintiffs' assertions, Midland has not been found liable on any of plaintiffs' claims. There has not been a finding of liability following a dispositive motion, unlike in *Hartmann* or *Meadows*. In fact, neither the Second Circuit nor this Court have resolved the question as to whether the defendants violated the Fair Debt Collection Practices Act by attempting to collect interest in excess of 25 percent per annum, and defendants have additional contentions and appellate rights that have yet to be exhausted. Finally, there has obviously not been a trial on liability, unlike in *Catlett*.

In addition to there having been no final determination on liability here, there has been no concession by either defendant to pay notice costs, unlike in *Macarz*. Nor is there any claim that the defendants failed to maintain class records or have, by any action or inaction, unnecessarily increased the costs to locate class members. In fact, Midland maintained records of the class members and even provided a class list identifying over 58,000 class members during the discovery phase of this matter.

Glossing over these dispositive facts, Plaintiffs' basis for cost shifting is premised on the fact that certain of defendants' defenses were withdrawn (i.e., the bona fide error defense) or rejected by the Court, and that the defendants stipulated to the fact that one of the defendants is a debt collector. However, these actions are not findings of liability or admissions of liability and should not be a predicate for deviating from well-established law regarding class notice cost allocation. *See e.g., Erie Materials, Inc. v. Shue*, 2008 WL 1782387 (N.D.N.Y. 2008)(while court struck the debtor's affirmative defense that the debt was discharged in bankruptcy and rejected a defense that the debtor was not the proper defendant, the court indicated that finding of liability on the debt awaited trial). Indeed, had there been a determination of liability on the part of either

defendant on any of plaintiffs' claims, the only issue to be resolved would pertain to establishing damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999). Unlike in *Hunt*, a case also relied upon by the plaintiffs where the court did not expect another summary judgment motion, Midland intends to file a further dispositive motion once the court sets a briefing schedule at the next status conference. Moreover, Midland has significant, unexhausted appellate rights, and there is legislation in Congress currently that could completely do away with plaintiffs' liability theory. Clearly, liability is still an issue to be resolved.

Notably, the plaintiffs have never moved for summary judgment. Rather, Defendants made an initial motion for summary judgment premised upon two issues of law. Judge Seibel granted defendants' motion on the issue of pre-emption and did not address the second issue holding such had been rendered moot. *See* Docket No. 64. Later, the Second Circuit remanded the original motion back to Judge Seibel to consider the second issue. *See* Docket No. 87. Upon remand, Judge Seibel denied the balance of the motion. At no time did plaintiffs cross-move for summary judgment. Even though plaintiffs did not cross-move for summary judgment, a court is permitted to search the record and grant summary judgment to the non-moving party if the court finds it to be appropriate. *See, e.g., Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162 (2d Cir.1991). The Court did not do so herein. As such, plaintiffs have grossly overstated in their favor the actual status of this case.

Since plaintiffs have failed to show there are any exceptions to *Eisen* applicable to the case before this Court and fail to proffer any authority to support the position that a court may shift the cost of notice if there has *not* been a final determination as to liability, the motion requesting that the defendants bear the cost of notice should be denied.

    **B.**    **In the event that the Court shifts the burden of notice costs to the defendants, plaintiffs should be required to post a bond**

Although as noted herein defendants have shown that the class notice costs should not be shifted to them at this time, should the Court rule otherwise, prior to the finding of liability, then the Court should require the plaintiffs to post a bond equal to the amount of such costs.

A directive that the defendants must pay the class notice costs is essentially awarding a provisional remedy to the plaintiffs. In similar situations, the law requires a party to post security so that the opponent can be made whole if a remedy is later determined to be inappropriate. For instance, a court will issue a preliminary injunction or temporary restraining order only after the movant gives security in an amount that would cover any costs and damages in the event it is later found that the injunction or restraint was improper. *See, e.g.,* F.R.C.P.65(c); *North American Olive Oil Association v. Kangadis Food Inc.*, 962 F.Supp.2d 514 (S.D.N.Y. 2013)(requiring issuance of a bond to adequately compensate non-moving party in the event the injunction was issued in error). Similarly, an appellant can seek a stay of a final judgment by posting a supersedeas bond pursuant to F.R.C.P. 62(d), thus protecting the rights of the appellee pending resolution of an appeal. *See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1 (1966)(stay "conditioned upon the posting of a good and sufficient surety bond in the principal amount of the judgment and providing for costs, interest and damages for delay")

In this case, plaintiffs claim that the expenses associated with providing notice to the class members is $51,609, although it is unclear whether this number is accurate, whether it was part of a competitive bidding process, or whether that is the maximum, rather than the minimum, that the notice will supposedly cost. *See* Motion at 6. If the defendants are ordered to pay these notice costs, the Court should consider how the defendants will recoup such costs in the event that Midland is successful either on motion or at trial. Accordingly, the Court should require plaintiffs to post a bond in the amount of the notice costs if the defendants must pay for notice in this matter.

C.   **Plaintiffs' proposed notices must be modified to comply with Rule 23**

Plaintiff's proposed notices include information that must be removed if the notice is to comply with Rule 23(c)(2). That Rule requires that notice "clearly and concisely state in plain, easily understood language" the nature of the action and the class claims. F.R.C.P 23(c)(2)(B). Indeed, notice to the class should set forth an impartial recital of subject matter of suit, should inform members what their rights are in litigation, and should alert them to take appropriate steps to make certain their individual interests are protected. *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir.1980); *see also Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478 (E.D.Pa.1995). The above is all that the class notice requires to accomplish and is not to serve as an opportunity for either party to cast the circumstance of the matter in the light most favorable to it as plaintiffs have done here.

   i.   **Paragraph 8 of the long form notice inappropriately attempts to set forth an itemization of damages**

Plaintiffs' itemization of sought-after – not legally justified or awarded, but just sought-after – damages in paragraph 8 of the proposed long form notice (Plaintiffs' Motion, Exhibit 3) serves no purpose but to confuse and mislead the average class member. Paragraph 8 of the long form notice states that the plaintiffs are seeking treble damages and punitive damages without giving class members any indication as to what must be proven to establish these damages and that the determination would have to be done on an individual basis, as opposed to a class-wide basis. Since these types of damages may not be available on a class-wide basis, their reference should be deleted. *See, e.g., In re Copley Pharmaceutical, Inc.*, 161 F.R.D. 456 (D. Wyo. 1995) (punitive damages are "inappropriate for class certification because they depend on individual's injury and compensable damages").

Plaintiffs' reference to statutory and actual damages in the notice is likewise confusing and misleading as it gives the impression that each class member is entitled to *both* types of damages. For instance, the notice does not accurately reflect that a GBL 349 claimant would only be entitled to recover his actual damage *or* $50, whichever is greater. Moreover, it is defendants' positions that actual damages are not recoverable under the FDCPA, and therefore any reference to them in the notice is a product of plaintiffs' overly aggressive view of the value of their claims, rather than objective notice to class members. In any event, the inclusion of the entire itemized list of damages is unnecessary as plaintiffs intend to post a copy of the Second Amended Complaint, which already describes the claims and the damages sought, in the class notice website. As such, the itemized list of damages in the notices should be deleted, as the notice would satisfy the requirements of F.R.C.P. Rule 23 by simply stating that the suit seeks the recovery of both monetary damages and injunctive relief.

It is respectfully requested that plaintiffs' entire paragraph 8 of the proposed long form notice (Plaintiffs' Motion, Exhibit 3) be deleted and replaced with the following:

> Plaintiffs are asking for several types of relief including monetary damages as well as injunctive relief. Plaintiffs also seek attorney fees and costs, as well as a service fee to each named Plaintiff.

*See* Midland's proposed long form notice attached hereto as Exhibit "A".

### ii. Two separate notices – of different colors and substance – are misleading, and are unnecessarily costly and confusing

Plaintiffs also propose to send short form notices of different colors purportedly to distinguish between those class members who are entitled to actual damages and those who are entitled to statutory damages. *See* Plaintiffs' Motion, Exhibit 1 and Exhibit 2. Not only would this method of dissemination be confusing, but it would also be unnecessary, especially where liability has not been determined and where the goal of providing notice is simply "to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 at 812, 105 S.Ct. 2965 (1985). As summarized above, defendants disagree that members of the FDCPA class are entitled to actual damages. Moreover, liability has not been established and plaintiffs' insistence on different postcards wrongly implies otherwise and improperly leaves the class members with the impression that they will receive money when that has yet to be resolved. It would also create unnecessary, significant additional costs, and potentially lead to confusion (and cost) at the claims administrator. At this juncture, a single, initial, notice to the class – which merely informs the class of the pendency of the action, not the merits of plaintiffs' contentions – is all that is required. Indeed, courts have found that even general "notice to members of putative subclasses is not a requirement imposed by [Rule 23] nor is it a requirement of due process in ordinary case." *Wofford v. Safeway Stores, Inc.,* 78 F.R.D. 460, 493 (N.D. Cal. 1978). Accordingly, the same short form notice (and not two of differing colors) should be sent to all class members irrespective of their subclass status. Midland proposes that Exhibit "B", attached hereto, be the short form notice that is used. Additionally, the second full paragraph of Section 10 in the long form notice should be deleted as well to comport with the use of a single postcard. *See* Midland's proposed long form notice attached hereto as Exhibit "A".

## CONCLUSION

For the reasons stated above, the Court should deny plaintiffs' motion to the extent it seeks to shift the burden of paying class notice costs to the defendants. However, should the Court order the defendants to pay the notice costs, then this Court should order the plaintiffs to post a bond in an amount to cover the costs incurred by the defendants in sending notice. The Court should also order that the language in the notices be revised to more accurately reflect the status of the case consistent with the requirements of Rule 23 of the FRCP.

Dated: September 27, 2018
New York, New York

                                              Respectfully submitted,

                                              **LONDON FISCHER LLP**

By: _____
Thomas A. Leghorn, Esq.
Sheryl T. Parker
Attorneys for Defendants
*Midland Funding LLC and*
*Midland Credit Management, Inc.*
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 827.0000001