# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE MIDLAND FUNDING, LLC
INTEREST RATE LITIGATION

**INDEX:  11-CV-8149 (LMS)**

---

## CLASS SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by Plaintiffs Linda Taylor Gay, Marianne Norelli, Rocco Commisso and Galo Uribe ("Representative Plaintiffs" or "Plaintiffs"), acting individually and on behalf of the Settlement Class defined below, and Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively, "Midland" or "Defendants"). This Settlement Agreement is subject to preliminary and final approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### I.   RECITALS

1.    On November 10, 2011, Representative Plaintiffs filed a putative class action Complaint in the United States District Court for the Southern District of New York, alleging that Midland violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349 ("NYGBL § 349") and New York General Obligations Law § 5-501.

2.    Since commencement of the action, over seven years ago, the matter has been litigated extensive including, *inter alia*, the filing of an amended complaint and second amended complaint, extensive paper discovery, multiple depositions, multiple motions for summary judgment, multiple motions for class certification, appellate practice before the Second Circuit and the U.S. Supreme Court, advocacy before the U.S. Solicitor General (from whom a brief was

requested by the U.S. Supreme Court with regard to whether *certiorari* should be granted), substitution of named plaintiffs, motion practice regarding multiple discovery disputes, innumerable meet and confers regarding a host of discovery and procedural issues, multiple appearances before the Hon. Cathy Seibel, and multiple appearances before the Hon. Lisa M. Smith.

3.      Following extensive settlement-related correspondence between the parties, multiple proposals and counter proposals, multiple phone calls between counsel, and three separate settlement conferences before Magistrate Judge Smith, the Parties reached a class settlement, the terms of which were put on the record at the close of the third settlement conference, held on October 30, 2018.  Minute Entry dated October 30, 2018.

4.      Pursuant to the settlement-in-principle, the Parties have consented to referral of this matter to Magistrate Judge Smith for all purposes.  ECF Doc. 205.

5.      This Agreement formalizes the settlement-in-principle reached on October 30, 2018.

6.      Midland has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the burden, risk and expense of further litigation.  Midland does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint, and maintains that it has a number of meritorious defenses to the claims.

7.      Nevertheless, Midland recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any additional appeals, and the disruption to its business operations arising out of this litigation. Accordingly, Midland

believes that settlement is in its best interests.  Nothing contained in this Agreement shall be used or construed as an admission of liability.

8.     Representative Plaintiffs have entered into this Agreement to recover on the class claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.  Representative Plaintiffs do not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

9.     This Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature other than to enforce the terms of this Agreement.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the Parties agree that the Action and all claims of the Representative Plaintiffs and the proposed Settlement Class are settled, compromised, and dismissed on the merits and with prejudice as to Midland, subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

## II.  TERMS OF THE SETTLEMENT

10.     **Definitions**:  As used in this Agreement, the following terms have the following meanings:

(a)  "Action" means and refers to the action styled *In re Midland Funding LLC Interest Rate Litigation,* Civil Action No. 11-cv-8149 (LMS) (S.D.N.Y.).

(b)  "Class Counsel" or "Plaintiffs' Counsel" means Daniel Schlanger, Esq. of Schlanger Law Group LLP and Rand Bragg, Esq. of Horwitz Horwitz & Associates.

(c) "Class List and Data Compilation" means the list of individuals who are within the Settlement Class, as defined below (and subject to the provisions below regarding confirmation of the list of individuals excluded from the list), including relevant account information that was compiled by Midland and provided to Class Counsel during discovery.

(d) "Complaint" refers to the Second Amended Complaint filed in the Action.  ECF Doc. 172.

(e) "Court" means the United States District Court for the Southern District of New York.

(f) "Effective Date" means the latest of (1) the date of Final Approval, if no Class Member objects to or intervenes in the Settlement; (2) thirty (30) days after the date of Final Approval, if a Class Member objects to the Settlement but no appeal by a Class Member is filed; (3) the date of the final affirmance on appeal, if a Class Member objects to the Settlement and an appeal is filed; or (4) the final dismissal of any appeal.

(g) "Final Approval" means the order approving the Settlement and certifying the Settlement Class as final.

(h) "Fairness Hearing" refers to the hearing at which the Court shall:

    (1) determine whether to grant final approval to this Settlement;

    (2) consider any timely objections to this Settlement and all responses thereto; and

    (3) consider requests for an incentive award to the Representative Plaintiffs, award of attorneys' fees and expenses.

(i) "Midland" means collectively Midland Funding, LLC and Midland Credit Management, Inc.

(j) "Parties" means the Representative Plaintiffs and Midland.

(k) "Preliminary Approval Date" means the date the Court enters the Preliminary Order approving the Settlement.

(l) "Preliminary Order" means that certain order entered by the Court, preliminarily approving the Settlement, provisionally certifying the Settlement Class, and approving notice to Settlement Class Members.

(m) "Released Claims" means and includes any and all charges, complaints, claims, debts, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory or otherwise), demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, whether asserted in federal, state court, arbitration or otherwise, and whether triable before a judge or a jury or otherwise, pled in the Action or unpled in the Action, which Representative Plaintiffs and those Settlement Class Members who do not opt-out now have, own or hold against Midland based on a common nucleus of operative facts as the claims asserted in the Action.  Notwithstanding the foregoing, this release shall not include any defense to any of the underlying state court actions and/or judgments taken against any Settlement Class Member.

(n) "Released Persons" means Midland and its past and present agents, directors, officers, employees, shareholders, members, managers, insurers, representatives, attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates and each of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives,

attorneys, vendors, independent contractors, predecessors, successors and assigns, parents and subsidiaries, divisions, and affiliates.

(o) "Representative Plaintiffs" means Linda Taylor Gay, Marianne Norelli, Rocco Commisso and Galo Uribe.

(p) "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Settlement Agreement.

(q) "Settlement Administrator" means KCC, LLC.

(r) "Settlement Class", "Class" and "Settlement Class Members" means only those persons included within the Settlement Class as defined below and who are not otherwise excluded.

(s) "Settlement Fund" means the sum referred to in Paragraph 15(a) which is being paid by Midland as the "Monetary Relief" portion of this settlement.

11.    **Settlement Class.**

(a) The Settlement Class:

Consistent with the Opinion & Order dated February 27, 2017 (ECF Doc. 133), granting Plaintiffs' renewed Motion for Class Certification, the parties hereby stipulate and agree that the Settlement Class shall be defined as follows:

> all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through [February 27, 2017].

(b) Exclusions:

Excluded from the Settlement Class and all subclasses are any person whose Letter relates

to a debt which was discharged pursuant to Chapter 7 of the United States Bankruptcy Code.

12.    **Class Counsel**.  The Parties agree that Daniel A. Schlanger, Esq. of Schlanger Law Group LLP and O. Randolph Bragg, Esq. of Horwitz, Horwitz & Associates are and shall continue to be Class Counsel in this Action.

13.    **Class Member List**.

(a)    The Settlement Class prior to confirmation of all exclusions as set forth below is comprised of fifty-eight thousand four hundred and seventy-nine (58,479) individual consumers who meet the Settlement Class definition, including 11,271 consumers who are members of the GBL Statutory Subclass but not the FDCPA Subclass and 47,208 consumers who are members of both the GBL Statutory Subclass and the FDCPA Subclass.

(b)    Within fourteen (14) days after execution of this Agreement, Midland will update the Class List & Data Compilation previously provided to Class Counsel to identify any individuals who Midland believes, based on its records, have filed for Chapter 7 bankruptcy and are thus potentially excluded from the Settlement Class definition. Within 21 days of the parties' Motion for Preliminary Approval, Class Counsel will review public records, confirm which of those potentially excludable due to bankruptcy were discharged on or before the date of execution of this Agreement, and will amend the Class List and Data Compilation to exclude any such individuals.  Class Counsel acknowledges that Plaintiffs conducted discovery, including multiple depositions, regarding the accuracy of the Class List and Data Compilation.  As a result, Class Counsel is satisfied that the Class List and Data Compilation is materially accurate with regard to Settlement Class members' identities and with regard to collection details

relevant to this Settlement Agreement.  Defendants hereby confirm that they believe the Class List and Data Compilation to be accurate.

(c) The estates of deceased Settlement Class Members are eligible to share in the Settlement Fund upon submission to the Settlement Administrator of a death certificate. In the event that a Settlement Class Member entitled to a check is deceased, upon receipt of the copy of the death certificate, the Settlement Administrator shall send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the Release in Paragraph 24 of this Agreement shall be effective as to such Settlement Class Member, notwithstanding any failure to comply with laws relating to probate or marital property.

14.    **Right to Opt Out from or Object to Settlement**.

(a) Any Settlement Class Member may elect to be excluded from this Settlement and from the Settlement by opting out of the Settlement.  Any Settlement Class Member who desires to be excluded from the Settlement must give written notice of the election to be excluded to the Settlement Administrator at the address listed in the Notice of Proposed Class Action Settlement, which must be received by the Settlement Administrator no later than the deadline set by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court.  Requests for exclusion must be signed by the person requesting exclusion from the Settlement and must include the requestor's full name, current address, telephone number and a statement that the requestor seeking to be excluded from the Settlement Class wishes to opt-out of the Settlement.

(b) In the event that more than six hundred (600) of the Settlement Class Members exclude themselves from the Settlement, Defendants shall have the right, in their sole discretion, to void this Agreement by filing with the Court a Notice of Withdrawal from Settlement within fifteen (15) days after the end of the Exclusion deadline. If such a Notice of Withdrawal from Settlement is filed, the parties shall be returned to their positions on October 29th, 2018, *i.e.* the day before they reached a settlement-in-principle.

(c) **Right to Object to the Settlement.** Any Settlement Class Member shall have the right to object to the Settlement by filing a written objection with the Court at the address listed in the Notice of Proposed Class Action Settlement and by mailing a copy thereof to the Settlement Administrator, not later than the deadline established by the Court, which shall not be more than sixty (60) days after the date the Notice of Proposed Class Action Settlement is mailed to the Settlement Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name, current address, telephone number and whether he or she intends to appear at the Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

(d) Maintenance & Provision of Opt-Out Requests & Objections: The Settlement Administrator shall maintain all opt-out requests and requests for exclusions mailed to the Settlement Administrator and shall promptly provide copies of such requests to Midland's Counsel and Class Counsel. The Settlement Administrator shall retain the

originals of all written objections and opt-out requests (including the envelopes with the postmarks).

15.   **Class Relief.**

(a) <u>Summary</u>:

This Settlement Agreement provides for three forms of relief to the Class:

- Monetary Relief (total:  $555,000, as set forth below);

- Balance Reduction Relief (total:  $9,250,000 of credits available to class, as set forth below); and

- Confirmation Of Compliance of Midland Policies and Practices with Applicable Law (as set forth below).

(b) <u>Specifics of Class Relief</u>:

    (1) <u>FDCPA Subclass Relief</u>:  Settlement Class members who are members of the FDCPA Subclass members shall be entitled to submit a claim for either Monetary Relief or a Balance Reduction (whichever the consumer prefers), to be indicated by the consumer on the claim form.  With regard to members of this subclass who submit a claim and opt for Monetary Relief, $297,233 of the Settlement Fund shall be available for these payments.  The funds shall be distributed pro-rata to those class members who file a claim and opt for Monetary Relief rather than a Balance Reduction.  With regard to members of this subclass who submit a claim and opt for balance reduction, see "Balance Reduction Relief", below.

    (2) <u>GBL Subclass Relief</u>:  Settlement Class members who are members of the GBL Subclass members but not the FDCPA Subclass shall be entitled to

submit a claim for either Monetary Relief or a Balance Reduction (whichever the consumer prefers).  With regard to members of this subclass who submit a claim opting for Monetary Relief, $118,392 of the Settlement Fund shall be available for these payments. The funds shall be distributed pro-rata to those class members who file a claim and opt for Monetary Relief rather than a Balance Reduction.  Payments to Settlement Class members who are members of the GBL Subclass members but not the FDCPA Subclass made under this subprovision are capped at $50.00 per person.  If, based on the claims rate and per person cap, the total amount payable under this provision is less than $118,392, the excess shall "spill over" to the Supplemental Fund For Settlement Class Members Who Paid In Excess Of 25% Interest, and be added to the $139,375 available to those qualifying for a supplemental payment, as set forth below.  With regard to members of this subclass who submit a claim and opt for balance reduction, see "Balance Reduction Relief", below.

(3) <u>Supplemental Fund For Settlement Class Members Who Paid In Excess Of 25% Interest ("Supplemental Fund")</u>:  In addition to all other relief set forth in this Settlement Agreement, Settlement Class Members who paid Midland interest in excess of 25% per annum, as reflected in the  Class List, and who submit a claim shall also receive a pro rata share of a fund consisting of $139,375 (absent any spillover from other funds as set forth herein), capped at $320 per Settlement Class Member.  If, based on the claims rate and per person cap, the total amount payable under this provision is less than

$139,375 (plus any "spill over" from the GBL fund), the excess shall be added to the amount available to FDCPA Subclass members pursuant to 15(b)(1), *supra*.

(4) Balance Adjustment Relief:

    i.    Defendants shall establish a credit pool of $9,250,000 ($9.25M) for the benefit of the Class.  These credits shall be available to reduce the balances of those class members who file a claim and opt for Balance Adjustment Relief.  Credits shall be allocated pro-rata up to the amount of each class member's individual account balance.  No refunds shall be issued to any Settlement Class Member whose balances are exhausted by the application of the credit pool.

    ii.    To the extent those claimants opting for balance adjustments do not exhaust the balance credit pool of $9.25M, any remaining balance credits in the pool shall be applied pro rata to the balances of the class members who filed a claim for monetary relief.

    iii.    Regarding Settlement Class Members With Current Purported Balances of $100 or less:  In addition to the credit pool of $9.25M, Midland shall adjust the balance of any Settlement Class Member who is alleged to owe $100 or less to reflect a zero balance.

    iv.    No consumer who has a balance of zero, pursuant to paragraph 16(b)(4)(iii) or otherwise, shall be offered the option of a balance

adjustment in lieu of monetary relief. No refunds shall be issued to Settlement Class Members that have zero balances.

v.   To the extent that the credit pool of $9.25M is not exhausted using the methodology described above, any remaining balance shall be credited pro rata to the Settlement Class as a whole.  No refunds shall be issued to Settlement Class Members that have zero balances.

(c) <u>Compliance of Midland Policies and Practices with Applicable Law regarding collection of interest on settlement class member accounts</u>: Defendants warrant and represent that that they will comply with all laws, regulations and case law regarding the collection of interest, including those related to the application and or attempted collection of usurious interest, on class member accounts, and all accounts of New York residents more generally.  Defendants confirm that they will comply with all binding precedent, and will monitor the law for changes in the relevant New York/federal statutes and case law.  Nothing herein shall be construed to constitute a consent decree.

## III.  PROCEDURES FOR EFFECTUATING SETTLEMENT

16.     **Cooperation.**  Midland and Class Counsel shall reasonably cooperate with each other to implement and monitor all aspects of this Settlement Agreement.

17.     **The Motion for Preliminary Approval**.  The parties shall move the Court for an order preliminarily approving the settlement and providing notice of the Settlement through a Court-approved notice plan which shall include the mailing of the Notice of Proposed Class Action Settlement to the members of the Settlement Class.  With regard to the motion for preliminary approval, the Parties shall submit, *inter alia*, the proposed preliminary order attached hereto as **Exhibit A**, the Proposed Postcard Notice of Proposed Class Action Settlement and Claim Form

attached hereto as **Exhibit B**. the Proposed Long Form Notice of Proposed Class Action Settlement attached hereto as **Exhibit C**, the Proposed Reminder Notice Regarding Claim Submission Deadline attached hereto as **Exhibit D**, and the proposed Final Order attached hereto as **Exhibit E**. Mailing of the Proposed Postcard Notice of Proposed Class Action Settlement (**Exhibit A**) shall be accomplished no later than thirty days (30) days after the Preliminary Approval Date.

18.    **Creation of Settlement Fund**: Subject to the approval and further order of the Court, Midland shall pay the sum of Five Hundred Fifty-Five Thousand Dollars ($555,000) (the "Settlement Fund") for the benefit of Payments to Class Members.

(a) **Deposit of Settlement Fund**.  Midland shall transfer the Settlement Fund to the Settlement Administrator to be held in an interest-bearing escrow account within fifteen (15) days after the Effective Date.

(b) **Distribution of Settlement Fund**.  The Settlement Fund shall be distributed as set forth in paragraph 15, *supra*.

(c) **Method of Distribution**.  Payment to each member of the Settlement Class who files a claim for monetary relief shall be in the form of a check drawn on an account maintained by the Settlement Administrator in which the Settlement Fund is deposited, which shall be made payable to "[Name of Class Member(s)]" within forty-five (45) days after the Effective Date.

(d) **Negotiation of Checks**.  Each check issued pursuant to this Settlement Agreement shall be void if not negotiated within ninety (90) days after its date of issue, and shall contain a legend to such effect.  Checks that are not negotiated within ninety (90) days after their date of issue shall not be reissued.

(e) **Unclaimed Checks**.  All payments that are unclaimed by Settlement Class Members, including all returned checks and all checks not cashed within ninety (90) days after the date of issue, shall revert to the Settlement Fund and be paid to a *cy pres* recipient as set forth below.

19.    **Settlement Administrator**.

(a) The Settlement Administrator, Defendants and Class Counsel have executed a retainer agreement providing, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement.

(b) The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c) The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein.

(d) The Settlement Administrator will be responsible for administering the Settlement including, *inter alia*:

  (1) effecting notice to the Settlement Class in a form and manner proposed by the parties, subject to Court approval;

  (2) conducting appropriate research, with the United States Postal Service Change of Address Database and/or a recognized credit bureau to ensure that any mailed notice which is returned for the reason that the address is incorrect will be corrected and a second notice sent;

  (3) performing a search for each Settlement Class Member's email address based on the information available in the Class List & Data Compilation;

(4) Sending, in addition to mailed postcard notice with claim form set forth as **Exhibit A**, an electronic notice in the form set forth as **Exhibit F** to all Settlement Class Members whose emails can be determined;

(5) Sending a reminder postcard notice in the form set forth as **Exhibit E**, 40 days prior to the end of the claims period, but only in the event that the number of claims filed as of 50 days prior to the end of the claims period is less than 5% of the total number of Settlement Class Members.

(6) opening an account at a bank with accounts insured by the FDIC for the deposit of the Settlement Fund and for disbursing all funds from the Settlement Fund in accordance with this Agreement;

(7) maintaining a post office box address to receive inquiries with respect to the Settlement for a period of two hundred seventy days (270) after the Preliminary Approval Date or one hundred eighty (180) days from the Effective Date, whichever is longer;

(8)  preparing reports regarding the mailed notices, as directed by the Parties' counsel and the Court;

(9)  receiving, tracking and processing all submitted claims;

(10)    accepting and reporting on written notice(s) to opt-out of the Settlement;

(11)    creating and maintaining a website regarding the Settlement including basic information regarding the Settlement and links to, *inter alia*, the Settlement Agreement, Preliminary Order, Final Order and Class Notice;

(12)    creating and maintaining an automated toll-free line providing basic information regarding the Settlement and instructions for obtaining relevant

documents (e.g. copies of the Settlement Agreement, Preliminary Order, Final Order and Class Notice.);

20.     **Cost of Notice and Administration of Settlement**.  The Settlement Administrator has agreed to provide the Settlement Administration services set forth herein for a fee of $76,500 (the "Settlement Administration Fee").  Midland is responsible for payment of the Settlement Administration Fee up to $76,500.  Midland's payment of these costs shall be in addition to its payment of the Settlement Fund, incentive awards and attorneys' fees and costs agreed to herein.

21.     **Cy Pres**.  A *Cy Pres* fund will be created which includes any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after ninety (90) days following the mailing of the checks to Class Members.  Subject to Court approval, the *Cy Pres* fund shall be donated to the Volunteer Lawyer For A Day ("VLFD"), run jointly by the New York State Access to Justice Program and New York Legal Assistance Group ("NYLAG")) by paying those funds to NYLAG (designated for VLFD use, only).  The *Cy Pres* funds shall be remitted by the Settlement Administrator to Class Counsel within one hundred and twenty (120) days after the checks are mailed to the Class Members and Class Counsel shall then remit the funds to the *Cy Pres* recipient on behalf of the Settlement Class and provide proof of such payment to Midland's counsel.

22.     **Full and Final Settlement.**  Each Party agrees that the Action is being voluntarily settled after consultation with experienced legal counsel of their own choosing and that terms of the Settlement Agreement were negotiated at arm's length and in good faith.  It is the intent and purpose of this Settlement Agreement to achieve a full and final settlement of the Released Claims. In order to effectuate that purpose, the Parties agree to cooperate with one another and with the

Settlement Administrator and use their best efforts to obtain Court approval of the Settlement and this Settlement Agreement.

23.     **Incentive Payment**. Within fifteen (15) days after the Effective Date, Midland shall pay the Representative Plaintiffs the sum of Five Thousand Dollars ($5,000) each as an incentive payment.  This payment by Midland shall be in addition to its payment of all other amounts set forth in this Agreement (*i.e.* the Settlement Fund, the Settlement Administration Fee, Class Counsel's Attorney's Fees and Costs, etc.).  Payment shall be by check payable to "Schlanger Law Group, LLP as attorneys" and the check shall be delivered to Class Counsel.  In addition, and in acknowledgment of each Representative Plaintiffs' efforts on behalf of the class, each Representative Plaintiffs' purported account balance shall be adjusted to zero.

24.     **Releases.**  Upon the Effective Date and without any further action by the Court or by any Party to this Settlement Agreement, Representative Plaintiffs, on behalf of themselves and all of their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Settlement Class Members, who do not opt-out of the Settlement, including their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, insurers and agents, shall be deemed to, and shall in fact, have released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against the Released Persons.

### IV. CONDITIONS OF SETTLEMENT

25.     **Approval of the Court**.   This Agreement is subject to final approval by the Court. In connection with the Plaintiffs' motion for final approval, the Plaintiffs shall submit the proposed final approval order attached hereto as **Exhibit E**.  If the Court does not approve this Settlement Agreement or enter the Orders requested herein (or materially similar orders), or if the Court enters

the judgment provided for herein but either the judgment is materially modified or reversed upon appellate review, then this Settlement Agreement shall be canceled and terminated, unless counsel for both sides, within fourteen (14) days from the receipt of a ruling or written notice of circumstances giving rise to termination, agree in writing to proceed with this Settlement Agreement.

26.    **Termination of Agreement**.  This Settlement Agreement shall terminate:

(a) Automatically if the Court fails to approve the Settlement Agreement;

(b) At the option of either Representative Plaintiffs or Midland if the Court or any other court materially modifies this Settlement Agreement as a condition to approval of the Settlement. A change shall be deemed to be a material modification if it materially affects, to the detriment of the party seeking termination (i) the monetary payments such party is to pay or to receive, (ii) the scope of the release to be granted, (iii) the definition of the Class or Class Members subject to the Agreement and final judgement or order, or (iv) a provision expressly noted as material in this Agreement. A change shall not be deemed to substantively change the obligation of a party if it merely alters the wording or appearance of any notice or order or it reasonably modifies the timing of any contemplated event.

27.    **Effect of Termination of Agreement**.  If this Settlement Agreement is terminated or canceled as set forth, the Parties shall be deemed to have reverted to their respective status as of October 29, 2018 (the day before settlement-in-principle was reached), and they may proceed in all respects as if this Agreement had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in this case.

## V.  APPLICATION FOR ATTORNEY'S FEES, COSTS AND DISBURSEMENTS

28.     **Class Counsel Attorneys' Fees and Costs**.

Midland shall not oppose or comment negatively to a request by Class Counsel for reimbursement of costs actually incurred or expected to be incurred and reasonable attorney's fees and disbursements, in an amount not to exceed $550,000.  All Court-approved attorney's fees, costs and disbursements on behalf of or by Class Counsel shall be paid by Midland in addition to all other amounts set forth herein including, the Settlement Fund; Settlement Administration Fee, and incentive payments to Representative Plaintiffs.  Midland shall not be liable for any fees, costs or disbursements of Class Counsel apart from what is paid pursuant to this Agreement.  On or before the Effective Date, Class Counsel will transmit instructions to Midland as to how the Court's award of Attorneys' Fees and costs will be paid and any necessary tax information as well as a w-9 for Schlanger Law Group LLP. Any award of Attorneys' Fees and Costs, up to $550,000 will be paid within thirty (30) business days after the Effective Date.

29.     **Costs.**  Except as otherwise provided in this Settlement Agreement, each Party shall bear its own costs.

## VI.     MISCELLANEOUS PROVISIONS

30.     **CAFA Notice**.  Midland shall be responsible for serving the requisite CAFA Notice within ten (10) days after the filing of the motion to preliminarily approve the Settlement.

31.     **No Admission of Liability**.  This Settlement Agreement, whether or not approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Midland, or of the truth of any of the claims or allegations made in the Action. Neither this Settlement Agreement, nor any of its terms, nor any of the negotiations or proceedings connected with it, shall be offered as

evidence or received in evidence in any pending or future action or proceeding of any type whatsoever to establish any liability or admission by Midland.

32.    **Confidential Material and Disclosure Material**. The Parties shall continue to abide by the Consent Protective Order agreed to and filed in this Action on July 17, 2017 s it relates to the use, maintenance and destruction of material produced subject to the Consent Protective Order. *See* ECF Doc. 157.

33.    **Publicity**. Neither the Parties nor Class Counsel will initiate any public statement intended to be disseminated through the press, television, radio, internet, or other media that includes an opinion or editorial comment about the merit of any adverse Party's position in the Action, nor that expresses a derogatory opinion about any Party.

34.    **No Assignment**. Representative Plaintiffs hereby represent that they have not assigned to any person or corporation any of the claims, demands, actions and/or causes of action of any kind or nature referred to herein.

35.    **Amendments**. This Settlement Agreement may be amended or modified by the parties only by a written instrument signed by Class Counsel and Midland or its attorneys and approved by the Court.

36.    **Entire Agreement**.   This Settlement Agreement constitutes the entire agreement among the Parties with respect to the subject matter of this Settlement Agreement and supersedes all prior negotiations, communications, and agreements between the Parties.  No Party has entered into this Settlement Agreement in reliance upon any representations, warranties or inducements outside this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

37.     **Extensions of Time.**   The Parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

38.     **The Representative Plaintiffs' Authority**. Class Counsel, on behalf of the Representative Plaintiffs, is expressly authorized to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class.

39.     **Counterparts and Facsimiles**.  This Settlement Agreement may be executed in one or more counterparts and facsimile signatures shall be deemed to operate as original signatures. A full, executed copy of this Settlement Agreement, including all Exhibits shall be filed with the Court as an Exhibit to the motion for preliminary approval.

40.     **Binding Nature**.  This Settlement Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties.

41.     **Construing the Agreement**.   This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties.  It is acknowledged that all Parties have contributed substantially to the preparation of this Settlement Agreement.

42.     **Applicable Law**. All the terms of this Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, exclusive of choice of law principles, and applicable federal law.

43.     **Headings**.  The captions and paragraph headings employed in this Settlement Agreement are for convenience only, are not part of the Settlement Agreement, and shall not be used in construing or interpreting the Agreement.

44.     **Jurisdiction**.  The Parties submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of implementing this Settlement Agreement and further consent and submit to the jurisdiction of this Court following the Effective Date over any disputes which later arise in connection with this Settlement Agreement or actions taken pursuant to the Settlement Agreement.

45.     **Notification**.  Any notice to be given to Class Counsel and/or Representative Plaintiffs shall be sent by either first class mail, postage prepaid, or email as follows:

> Daniel A. Schlanger, Esq.
> Schlanger Law Group LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016
> dschlanger@consumerprotection.net

Any notice to be given to Midland under the terms of this Agreement shall be sent by either first class mail, postage prepaid, or email:

> Thomas A. Leghorn, Esq.
> London Fischer
> 59 Maiden Lane
> New York, NY 10038
> tleghorn@londonfischer.com

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by authorized individuals.

FOR REPRESENTATIVE PLAINTIFFS:

By: _____          By: _____
Linda Taylor Gay (Feb 18, 2019)
Linda Taylor Gay                                    Rocco Commisso

Date: **Feb 18, 2019**                               Date: _____
_____

44.    **Jurisdiction**.  The Parties submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of implementing this Settlement Agreement and further consent and submit to the jurisdiction of this Court following the Effective Date over any disputes which later arise in connection with this Settlement Agreement or actions taken pursuant to the Settlement Agreement.

45.    **Notification**.  Any notice to be given to Class Counsel and/or Representative Plaintiffs shall be sent by either first class mail, postage prepaid, or email as follows:

> Daniel A. Schlanger, Esq.
> Schlanger Law Group LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016
> dschlanger@consumerprotection.net

Any notice to be given to Midland under the terms of this Agreement shall be sent by either first class mail, postage prepaid, or email:

> Thomas A. Leghorn, Esq.
> London Fischer
> 59 Maiden Lane
> New York, NY 10038
> tleghorn@londonfischer.com

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by authorized individuals.

FOR REPRESENTATIVE PLAINTIFFS:

By: _____
    Linda Taylor Gay

Date: _____

By: _Rocco Commisso_____
    Rocco Commisso

Date: _2/15/19_____

By: _____          By: _____

    Galo Uribe                                  Marianne Norelli

Date: 2/18/19 _____               Date: _____

SCHLANGER LAW GROUP LLP

By: _____          Date: _____

    Daniel A. Schlanger

DEFENDANT MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.

_____

_____

Print Name

_____          Date: _____

Position

LONDON FISCHER

By: _____          Date: _____

    Thomas A. Leghorn

By:  _____        By:  _Marianne Norelli_
        Galo Uribe                              Marianne Norelli

Date:  _____      Date:  _2/18/19_

SCHLANGER LAW GROUP LLP

By:  _____        Date:  _____
        Daniel A. Schlanger

DEFENDANT MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.

_____

_____
Print Name

_____                Date:  _____
Position

LONDON FISCHER

By:  _____           Date:  _____
        Thomas A. Leghorn

By: _____          By: _____
     Galo Uribe                                         Marianne Norelli

Date: _____                     Date: _____

SCHLANGER LAW GROUP LLP

By: _____          Date: _____
     Daniel A. Schlanger

DEFENDANT MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.

_____

_____
Print Name

_____          Date: _____
Position

LONDON FISCHER

By: _____          Date: _____
     Thomas A. Leghorn

By: _____        By: _____
      Galo Uribe                            Marianne Norelli

Date: _____             Date: _____

SCHLANGER LAW GROUP LLP

By: _____        Date: 2/17/19
      Daniel A. Schlanger

DEFENDANT MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.

_____

Gregory Call
Print Name

EVP, Corporate Secretary, MCM        Date: 2/22/19
Position
Secretary, MF

LONDON FISCHER

By: _____        Date: February 22, 2019
      Thomas A. Leghorn

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MIDLAND FUNDING, LLC INTEREST RATE LITIGATION | Civil Action No.: 11-cv-8149 (LMS) |

## [PROPOSED] PRELIMINARY ORDER APPROVING SETTLEMENT, DIRECTING NOTICE TO CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING

THIS MATTER presented for hearing before the Honorable Lisa M. Smith, United States Magistrate Judge, in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement and Release of Claims dated _____, 2019 ("Settlement Agreement") between Plaintiffs Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso ("Representative Plaintiffs" or "Plaintiffs") and Midland Funding, LLC and Midland Credit Management Inc. (the "Defendants") is fair, reasonable and adequate, to provisionally certify the Settlement Class, to appoint Class Counsel and a Class Representative, and to schedule a Fairness Hearing;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted by counsel for the parties, having reviewed and considered the parties Joint Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the memorandum of law in support thereof and the declarations and exhibits attached thereto, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.    The settlement before the Court is between Plaintiffs, the Class Members in the class proposed to be certified for settlement purposes, and the Defendants.

2.    Defendants have denied any and all liability alleged in the Second Amended Complaint.

3.     As a result of arm's-length negotiations, including three settlement conferences before this Court, the parties have reached a proposed Class-wide settlement that provides, among other relief, monetary relief and balance adjustments to the Class Members.

4.     Plaintiffs and Defendants now request preliminary approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3).

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

5.     The Motion for Preliminary Approval of the proposed settlement is GRANTED and Plaintiffs and Defendants are hereby ordered to comply with the schedule as set forth in this Order.

6.     The Court has jurisdiction over the subject matter of this matter and over Plaintiffs and Defendants in this action.

7.     Defendants have complied with the obligation to serve written notice of the proposed class settlement to the appropriate governmental representatives pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and the terms of the Settlement Agreement.

8.     Pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class is preliminarily certified for purposes of final settlement:

9.     The Settlement Class is defined as:

> all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through [February 27, 2017].

> *Exclusions:*

Excluded from the Settlement Class and all subclasses are any person whose Letter relates to a debt which was discharged pursuant to Chapter 7 of the United States Bankruptcy Code.

10.   The Court finds that, for the purpose of this Settlement (and without prejudice to any party in the event final approval is not granted), the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

   i.   The members of the above defined class, numbering approximately 58,479, are so numerous that joinder of all members is impracticable.

   ii.   There are questions of law and fact common to the Settlement Class.

   iii.   The claims of the Plaintiffs (appointed below) are typical of the claims of the Settlement Class.

   iv.   The Plaintiffs fairly and adequately represents the interests of the Settlement Class.  There are no conflicts of interest between the Representative Plaintiffs and members of the Settlement Class.

   v.   Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the class.

   vi.   Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

11.   The Court notes in this regard that it previously certified an almost identical class by Order dated February 27, 2017.

12.   The Court finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement (previously filed as ECF Document _____, reattached here as **Exhibit 1**), is fundamentally fair, reasonable, adequate and is in the best interests of the Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in

litigation; and the limited amount of any potential recovery that could be shared by the Class Members.

13.     Pursuant to Fed. R. Civ. P. 23(a)(4) (and without prejudice to any party in the event final approval is not granted), the Court finds that Plaintiffs Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso fairly and adequately represent and protect the interests of the Settlement Class and appoints them as Representative Plaintiffs.

14.     Pursuant to Fed. R. Civ. P. 23(g) (and without prejudice to any party in the event final approval is not granted), the Court appoints Daniel A. Schlanger and O. Randolph Bragg to serve as Settlement Class Counsel.  Mr. Schlanger and Mr. Bragg were previously appointed Class Counsel by Order dated February 27, 2017; have investigated the claims; prosecuted the case; negotiated a fair and reasonable settlement; and have the experience, knowledge, and resources to represent the Settlement Class.

15.     The Settlement Agreement provides in part for the Defendants to (a) provide monetary relief and/or a balance adjustment to each Class Member who does not exclude himself or herself from the Settlement; (b) pay the costs of administering the settlement; (c) pay reasonable attorneys' fees, costs and expenses; and (d) pay an amount to the Representative Plaintiffs as service payment and for a release of their individual claims, as provided by the Settlement Agreement.

16.     The Court approves KCC, LLC as the Settlement Administrator.  The Settlement Administrator shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

17.     Pursuant to the procedures set forth in Paragraph 13 of the Settlement Agreement, the Defendants provided Plaintiffs with a class list, the accuracy of which has been confirmed by the Parties.  The Parties have agreed that, subject to minor adjustments pursuant to Paragraph 13(b) of

the Settlement Agreement, there are 58,479 consumers disclosed in the verified class list that are Class Members (inclusive of the Representative Plaintiffs).

18.    The costs of administering the Settlement, including but not limited to the following, shall be covered by the Defendant and paid by the Defendant up to $76,500 pursuant to the terms of the Settlement Agreement:

- Printing the Notice;

- Updating the address database;

- Establishing and maintaining the class settlement website;

- Mailing the Proposed Postcard Notice and Claim Form (Exhibit B to the Settlement Agreement);

- Posting the Long Form Notice on the class settlement website (Exhibit C to the Settlement Agreement);

- Confirming the email addresses of as many Class Members as practicable;

- Printing and mailing the Proposed Supplemental Notice Regarding Claim Submission Deadline (Exhibit D to the Settlement Agreement) if required under the terms of the Settlement Agreement;

- Emailing the Proposed Supplemental Email Notice Regarding Claim Submission Deadline (Exhibit F to the Settlement Agreement); and

- Issuing and mailing the settlement checks.

19.    The Court finds that notices described above: constitute the best practicable notice under the circumstances; are consistent with due process of law; constitute due and sufficient notice of this Order to all persons entitled thereto; and that the parties Notice Plan is in full compliance with

the requirements of Fed. R. Civ. P. 23: and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

20.    The Court finds that the Notice clearly states the procedures and deadlines for an individual to opt out of the class or to object to the Settlement.

21.    The Settlement Administrator shall cause the Notice to be mailed to all Class Members in accordance with the terms of the Settlement Agreement in substantially the same form as **Exhibit 2**, by no later than [__], with the Supplemental Notice (by email, and as otherwise required) to follow no more than 21 days later.

22.    By no later than sixty (60) days following the date of this Order, the Settlement Administrator shall provide to Class Counsel and counsel for Defendants one or more declarations attesting to compliance with the terms of this Order and the Settlement Agreement, including declarations stating that it properly mailed the Notice in accordance with the terms of this Order and as required by the Settlement Agreement and maintained a settlement website as provided for in the Settlement Agreement.

23.    The moving parties shall file the Settlement Administrator's declaration with the application for Final Approval.

24.    Objections not conforming to the requirements set forth in the Notice shall be stricken and shall not be considered or heard by this Court.  Requests for exclusion from the class not conforming to the requirements set forth in the Notice shall be deemed inadequate and shall not serve to exclude any individual from the class.

25.    A Fairness Hearing shall be held before this Court at _____, on _____ [INSERT A DATE NOT SOONER THAN 110 DAYS AFTER ENTRY OF THIS ORDER] in Courtroom [__] at the United States District Court, Southern District of New York,

300 Quarropas St., White Plains, New York 10601, on the proposed Settlement including: (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; (b) whether Class Counsel's requested attorneys' fees and costs are fair and reasonable and (c) whether to approve the service payment to Plaintiffs. This hearing may be adjourned to a later date without further or prior notice by oral announcement by the Court or by written order.

26.    Class Counsel shall submit materials in support of approval of the Parties' agreement regarding attorney's fees and costs within 21 days of entry of this Order.

27.    Any Member of the Settlement Class may appear, in person or through counsel (at their own expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses, and Plaintiffs' service fees provided, however, that no person shall be heard in opposition to the proposed Settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court unless such person has timely filed with the court a written objection and sent a copy to the Settlement Administrator in the manner described in the Notice.

28.    In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of the Order for Preliminary Approval or the Final Order and Judgment, is reversed or modified on appeal, or any one of the conditions precedent set forth in the Settlement Agreement is not met, then the Order for Preliminary Approval and the Final Order and Judgment, shall upon election of the Party or Parties adversely affected, be dissolved *ab initio* without further order of the Court, and become null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other

things, all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiffs and all Class Members.

**IT IS SO ORDERED.**

**Date:**_____

_____

**Hon. Lisa M. Smith**
**United States District Magistrate Judge**

# EXHIBIT B

| | |
|---|---|
| ***A court authorized this notice.*** | *In re Midland Funding LLC Interest Rate Litigation* |
| | **Notice Administrator** |
| ***CLASS ACTION SETTLEMENT NOTICE*** | **P.O. Box _____** |
| | **New York, NY 10104** |
| ***In re Midland Funding LLC Interest Rate Litigation*** | |
| | «ScanString» |
| If you return the attached claim form you will receive money and/or a balance adjustment | Postal Service: Please do not mark barcode |
| | |
| ***This Is Not A Collection Notice*** | Control#: MSM-«AccountID»-«NoticeID» |
| | «FirstName» «LastName» |
| | «Attention» |
| | «Address2» |
| | «Address1» |
| | «City», «StateCd»  «Zip» |

## NOTICE OF CLASS ACTION SETTLEMENT

The parties have reached a settlement in this case. The Defendants' records indicate that you are a Class Member. Under the parties' settlement Class Members are entitled to cash and/or a balance adjustment, **BUT ONLY IF YOU MAIL IN THE ATTACHED CLAIM FORM**. You can also submit a claim form online at www._____.

### WHAT IS THIS CASE ABOUT?

This case involves collection letters sent by Midland Credit Management, Inc. on behalf of Midland Funding LLC to New York consumers. The collection letters sought to collect interest that had been applied to the collection accounts at a rate of over 25%. Plaintiffs contend that this was illegal under New York law and that Defendants therefore violated the Fair Debt Collection Practices Act and New York General Business Law Sec. 349. Defendants contend that their conduct was lawful and that they were permitted to seek and collect interest at a rate over 25% under New York and federal law.

Under the Settlement Agreement, there is a total of $555,000 in cash relief and $9,250,000 in balance adjustments available to be shared by those class members who file a claim. For more information about the payments and credits to the class, go to www._____ ._____

### WHO IS INCLUDED IN THE CLASS?

The Class includes: All persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through [February 27, 2017].

### WHAT ARE YOUR OPTIONS?

You Can Mail in the Attached Claim Form. **YOU MUST MAIL IN THE ATTACHED CLAIM FORM IN ORDER TO GET MONEY AND/OR A BALANCE ADJUSTMENT**. You can also submit a claim online at www._____.

You Can Do Nothing. If you do nothing, you will be included in the settlement. **HOWEVER, UNLESS YOU ALSO SUBMIT A CLAIM FORM, YOU WILL NOT GET ANY MONEY OR A BALANCE ADJUSTMENT**.

You Can Opt Out of the Class. You may choose to remove yourself from the Class by submitting a timely Opt-Out Notice. If you want to opt out, by no later than 5:00 p.m. (EST) on _____ 2019, you must submit an Opt-Out Notice, which may be found at www._____. If you opt out, you will not take part in this settlement or receive any settlement funds, you will not be able to object to the settlement, and you will not be bound by any decision in this Action.

### WHO REPRESENTS THE CLASS?

The District Court has certified the following attorneys as counsel for the Class ("Class Counsel"): Daniel A. Schlanger of Schlanger Law Group LLP and O. Randolph Bragg of Horwitz Horwitz & Associates. Class Members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all Class Members in the Action who do not object or retain their own counsel.

### WHO YOU CAN CONTACT FOR MORE INFORMATION?

If you have questions about this Action, please visit www._____, or call the Class Administrator at 1-800-_____ . Please do not contact Midland Funding LLC or Midland Credit Management, Inc. regarding this Action.

You may seek the advice and guidance of your own attorney if you desire. In any event,
PLEASE DO NOT TELEPHONE THE DISTRICT COURT OR THE DISTRICT COURT CLERK REGARDING THIS NOTICE.

## THIS IS NOT A COLLECTION NOTICE

# EXHIBIT C

**This Notice Was Authorized by the United States District Court for the Southern District of New York.   This is not a solicitation from a lawyer.**

# Notice of Proposed Class Action Settlement and Fairness Hearing
# You May Include Yourself in a Class Action Settlement and Receive a Settlement Payment

*In re Midland Funding LLC Interest Rate Litigation*
United States District Court, Southern District of New York
Case No.:  11-cv-8149 (CS)(LMS)

► This is a Notice to inform you about a proposed settlement (the "Settlement") in a class action lawsuit brought against Midland Funding LLC and Midland Credit Management, Inc. (collectively, "Midland" or "Defendants") related to allegations that Defendants violated federal and New York State law by sending New York consumers collection letters that sought interest at a rate higher than 25%.

► <u>Unless you opt out</u>, you will be included as a Class Member and you will therefore be a party to the Settlement.  **<u>HOWEVER, YOU MUST MAIL IN A CLAIM FORM OR SUBMIT ONE ONLINE IF YOU WISH TO RECEIVE MONEY OR A BALANCE ADJUSTMENT</u>**.

► This Notice describes the Settlement and informs you of your rights.

► Please carefully read the entire Notice.  If you take no action, you WILL be included in the Settlement.  You MUST submit a claim online or by mail to receive a cash payment or balance adjustment.

  - If you do <u>not</u> wish to be included in the Settlement, you must follow the procedures stated in response to Question 10 below no later than [**XXXXXX**].

  - If you wish to be included as a Class Member but to object to the terms of the Settlement, you must follow the procedures stated in response to Question 11 below no later than [**XXXXXX**].

  - If you do nothing, you will automatically be included as a Class Member.  <u>However, **ONLY CLASS MEMBERS WHO SUBMIT A CLAIM FORM WILL RECEIVE CASH PAYMENTS AND/OR BALANCE ADJUSTMENTS**.  To submit a claim, you can mail in the claim form that was attached to the postcard we sent you OR submit a claim online at www. _____</u>

---

Cash payments and balance adjustments will vary depending on a variety of factors.  However, based on reasonable assumptions about claims participation, most Class Members who fill out their claim form and send it back will receive a cash payment of at least $50.00 to $118.00 or a balance adjustment of at least $1,920.00 (assuming the claimant has a balance equal or greater to this amount).  Not sure of your balance?  Want to compare different options?  Go to www._____

---

Basic Information ............................................................................... **PAGES 3-4**
      1.     What is this lawsuit about?
      2.     What is a class action and who is involved?
      3.     Why did I get this Notice?
      4.     Why is there a Settlement?

The Claims in the Lawsuit .............................................................. **PAGE 4**
      5.     What did the Plaintiffs ask for?
      6.     Who is representing the Class Members in this case?

The Terms of the Settlement ........................................................... **PAGES 4-5**
      7.     What is the Settlement?
      8.     What claims are released if I participate in the Settlement?

Your Rights and Options ................................................................. **PAGES 5-7**
      9.     How do I participate in the Settlement?
     10.    What if I want to exclude myself from the Settlement?
     11.    What if I wish to object to the terms of the Settlement?
     12.    What is the difference between objecting to the Settlement and not
              including myself from the Class?
     13.    What will happen at the Fairness Hearing?
     14.    How will I know if the settlement is approved?

Additional Information .................................................................... **PAGE 8**
     15.    How may I obtain more information about the case?
     16.    What if my address changes?

# Basic Information

## 1.  What is this lawsuit about?

This lawsuit involves collection letters sent by Midland Credit Management, Inc. on behalf of Midland Funding LLC to New York consumers.  The collection letters sought to collect interest that had been applied to the collection accounts at a rate of over 25%.   Plaintiffs contend that this was illegal under New York law and that that Defendants therefore violated the Fair Debt Collection Practices Act and New York General Business Law Sec. 349.  Defendants contend that their conduct was lawful and that they were permitted to seek and collect interest at a rate over 25% under New York and federal law.

## 2.  What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Linda Taylor Gay; Rocco Commisso; Marianne Norelli and Galo Uribe) sue on behalf of themselves and other people who have similar claims.  The people together are a "Class" or "Class Members." The companies they sued (in this case, Midland) are called the Defendants.  One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## 3.  Why did I get this Notice?

You received this Notice because available records show that you are one of the consumers who received a collection letter from Midland that sought interest at a rate higher than 25%.  As a result, unless you opt out, you will be included as a Class Member and be subject to the terms of the Settlement as described in response to Questions 7 and 8 below.

Specifically, individuals will be included as Class Members absent a specific request to the contrary if they meet the following definition:

> All persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through [February 27, 2017].

There are approximately 58,479 people who are members of these classes.

These individuals are divided into two subclasses:

> a)  11,271 members who are members of the GBL Statutory Subclass but not the FDCPA Subclass; and

b) 47,208 consumers who are members of both the GBL Statutory Subclass and the FDCPA Subclass.

The following people who otherwise meet the Settlement Class definition are excluded: any person whose Letter relates to a debt which was discharged pursuant to Chapter 7 of the United States Bankruptcy Code.

## 4.  Why is there a Settlement?

Both sides agreed to a settlement before going to trial in order to avoid the costs and uncertainties of litigation.  The Class Representative and counsel for the class ("Class Counsel") believe the Settlement is in the best interest of all Class Members.

# The Claims in the Lawsuit

## 5.  What did the Plaintiffs ask for?

Plaintiffs sought statutory damages, actual damages under the FDCPA, treble damages, punitive damages and a declaration that Midland broke the law and requiring Midland to stop engaging in the practice Plaintiffs allege is unlawful.  Plaintiffs also sought attorney's fees and costs, as well as a service fee to each named plaintiff.

## 6.  Who is representing the Class Members in this case?

The Court appointed the following firms as "Class Counsel" to represent the Class:

Daniel A. Schlanger
Schlanger Law Group LLP
9 E. 40th Street, Suite 1300
New York, NY 10016
T. 212-500-6114
F. 646-612-6996

O. Randolph Bragg
Horwitz, Horwitz and Associates, Ltd.
25 E. Washington, Suite 900
Chicago, Illinois 60602
T. 312.372.8822
F. 312.372.1673

These attorneys are experienced in handling class actions.  You will not be charged for their services.  You may hire your own attorney to represent you in this matter.  If you want to be represented by your own lawyer, you will be responsible for paying his or her fees.

# The Terms of the Settlement

## 7.  What is the proposed settlement?

a) If the Settlement becomes final, there are three forms of relief to the Class:

- Monetary Relief (total: $555,000, as set forth below);

- Balance Reduction Relief (total: $9,250,000 of credits available to class, as set forth below); and
- Confirmation Of Certain Changes In Business Practices (as set forth below).

Each person who does not opt out of the Settlement will be releasing claims, as described in response to Question 8, in exchange for relief provided by the Settlement.

a) <u>FDCPA Subclass Relief</u>:   Settlement Class members who are members of the FDCPA Subclass members shall be entitled to submit a claim for either Monetary Relief or a Balance Reduction (whichever the consumer prefers), to be indicated by the consumer on the claim form. With regard to members of this subclass who submit a claim and opt for Monetary Relief, $297,233 of the Settlement Fund shall be available for these payments. The funds shall be distributed pro-rata to those class members who file a claim and opt for Monetary Relief rather than a Balance Reduction. With regard to members of this subclass who submit a claim and opt for balance reduction, see "Balance Reduction Relief", below.

> **Not sure of your balance? Want to see an estimate of how much cash or balance reduction you are likely to receive?**
>
> **Go to www._____ and put in your claim ID.**

b) <u>GBL Subclass Relief</u>:   Settlement Class members who are members of the GBL Subclass members but not the FDCPA Subclass shall be entitled to submit a claim for either Monetary Relief or a Balance Reduction (whichever the consumer prefers).  With regard to members of this subclass who submit a claim opting for Monetary Relief, $118,392 of the Settlement Fund shall be available for these payments. The funds shall be distributed pro-rata to those class members who file a claim and opt for Monetary Relief rather than a Balance Reduction.  Payments to Settlement Class members who are members of the GBL Subclass members but not the FDCPA Subclass made under this subprovision are capped at $50.00 per person.  If, based on the claims rate and per person cap, the total amount payable under this provision is less than $118,392, the excess shall "spill over" to the Supplemental Fund For Settlement Class Members Who Paid In Excess Of 25% Interest, and be added to the $139,375 available to those qualifying for a supplemental payment, as set forth below.  With regard to members of this subclass who submit a claim and opt for balance reduction, see "Balance Reduction Relief", below.

c) <u>Supplemental Fund For Settlement Class Members Who Paid In Excess Of 25% Interest</u> ("<u>Supplemental Fund</u>"):   In addition to all other relief set forth in this Settlement Agreement, Settlement Class Members who paid Midland interest in excess of 25% per annum, as reflected in the  Class List, and who submit a claim shall also receive a pro rata share of a fund consisting of $139,375 (absent any spillover from other funds as set forth herein), capped at $320.00 per Settlement Class Member.  If, based on the claims rate and per person cap, the total amount payable under this provision is less than $139,375 (plus any "spill over" from the GBL <u>Subclass Relief</u>), the excess shall be added to the amount available to FDCPA Subclass members pursuant to 15(b)(1), *supra*.

d) <u>Balance Adjustment Relief</u>:
   i.  Defendants shall establish a credit pool of $9,250,000 ($9.25M) for the benefit of the Class.  These credits shall be available to reduce the balances of those class members who file a claim and opt for Balance Adjustment Relief.  Credits shall be allocated pro-rata up to the amount of each class member's individual account

balance.  No refunds shall be issued to any Settlement Class Member whose balances are exhausted by the application of the credit pool.

ii.  To the extent those claimants opting for balance adjustments do not exhaust the balance credit pool of 9.25M, any remaining balance credits in the pool shall be applied pro rata to the balances of the class members who filed a claim for monetary relief.

iii.  Regarding Settlement Class Members With Current Purported Balances of $100 or less:  In addition to the credit pool of $9,250,000, Midland shall adjust the balance of any Settlement Class Member who is alleged to owe $100 or less to reflect a zero balance.

e) <u>Compliance Of Midland Policies And Practices With Applicable Law Regarding Collection Of Interest On Settlement Class Member Accounts</u>: Defendants warrant and represent that that they will comply with all laws, regulations and case law regarding the collection of interest, including those related to the application and or attempted collection of usurious interest, on class member accounts, and all accounts of New York residents more generally.  Defendants confirm that they will comply with all binding precedent, and will monitor the law for changes in the relevant New York/federal statutes.  Nothing herein shall be construed to constitute a consent decree.

f) <u>Defendants Shall Pay the Cost of Administering the Settlement</u>:  Defendants will pay all costs of administering the Settlement up to $76,500, including the fees and costs of the Settlement Administrator in sending out this Notice. If any checks remain uncashed, the remaining funds will be distributed to the Volunteer Lawyer For A Day ("VLFD", run jointly by the New York State Access to Justice Program and New York Legal Assistance Group (NYLAG)).

g) <u>Defendants Shall Pay Class Counsel's Attorney's Fees and Costs</u>:  Defendants have agreed to pay Class Counsel's reasonable attorneys' fees and expenses incurred in connection with this litigation, in the amount of $550,000, subject to Court approval. This payment will not reduce the benefits to each Class Member.

h) <u>Defendants Shall Pay an Incentive Award to the Class Representatives</u>:  In exchange for the release of their individual claims and in recognition of their efforts on behalf of the Class, Defendants will pay each of the Class Representatives $5,000 and will adjust each Class Representatives' balances to zero.

# 8.  What claims are released if I participate in the Settlement?

Under the Settlement Agreement, each Class Member who does not opt out will give up the right to sue Midland with regards to any claim based on the same facts as the claims brought in this lawsuit.  However, this release shall not include any defense to any of the underlying state court actions and/or judgments taken against any Settlement Class Member.

If you opt out of the Settlement, you will not release any claims.  However, there is no guarantee that anyone who opts out of the settlement will have any viable claims or receive any compensation.

# Your Rights and Options

## 9.  How do I participate in the Settlement?

You do not need to do anything to be included in the Settlement.  **HOWEVER, ONLY THOSE CLASS MEMBERS THAT MAIL IN A CLAIM FORM  (OR SUBMIT A CLAIM ONLINE AT WWW._____) WILL RECEIVE MONEY OR A BALANCE CREDIT.**

## 10. How do I opt out of the Class?

If you do <u>not</u> want to be included as a Class Member, you must submit a written request for exclusion.  The request for exclusion **must** (1) set forth your full named and current address and (2) specifically state your desire not to be included as a Class Member.

Your request for exclusion must be sent by First-Class U.S. Mail, postage paid, to the following address:  \_\_\_\_\_.   Your letter must be postmarked on or before [date not less than 60 days from the date of the Notice].

If you choose not to be included as a Class Member, you will not enjoy any of the benefits of the Settlement described in response to Question 7 above.  You also will not be permitted to object to the terms of the Settlement, as described in response to Questions 11 and 12 below.

Any person who falls within the definition of a Class Member stated in response to Question 4 above, but who does not submit a request for exclusion in complete accordance with these requirements, will be included as Class Member and shall be bound by the terms of the Settlement.

## 11.  What if I object to the terms of the Settlement?

Objecting is telling the Court that you do not approve of the Settlement or that you dislike the Settlement.  Any Class member who wishes to object to the Settlement must send a written objection ("Objection") to the Settlement Administrator by First-Class U.S. Mail, postage paid, to the following address \_\_\_\_.

An objection <u>must be postmarked no later than</u> [date no less than 60 days after date of the Notice].

The objection must set forth: (1) your full name, current address and telephone number; (2) a statement of the position you wish to assert in opposition to the Settlement, including any factual or legal grounds for the position; and (3) you must provide copies of all documents you wish to submit in support of your position.

**Any person who does not <u>strictly</u> comply with these procedures will not be permitted to object to the Settlement.**

Any objector may appear at the Fairness Hearing on _____ in person or through counsel, to show cause why the Settlement should not be approved as fair, adequate, or reasonable.

## 12.  What is the difference between objecting to the settlement and not joining the Settlement Class?

If you choose to opt out you are not a Class Member.  If you are not a Class Member, then you <u>cannot</u> object to the Settlement.  You may not object and then exclude yourself from the class.  You may not exclude yourself from the class and then object.

## 13.  What will happen at the Fairness Hearing?

At the Fairness Hearing, presently scheduled for _____ on _____, 2019, Magistrate Judge Lisa M. Smith will hear arguments on whether the settlement is fair, reasonable, and adequate and whether it should be given final approval.  The Judge will also consider any objections, determine whether Class Counsel's requested attorneys' fees and expenses are reasonable, and whether the requested incentive payments to the Class Representatives should be approved.  Unless you wish to object to the settlement, **you are not required to attend the Fairness Hearing**.  You are welcome to attend at your own expense.  The Court may adjourn the Fairness Hearing without further written notice to Class Members.

## 14.  How will I know if the settlement is approved?

If the Court approves the settlement, the final approval order will be made available at this website: <u>www.XXXXXX</u>   You may also contact Class Counsel.

# Additional Information

## 15.  How may I obtain more information about the case?

- **Do not contact the judge or the Clerk of Court for legal questions or advice.**
- You may obtain copies of the complaint and other documents filed in this lawsuit from the Clerk of the Court, United States District Court, Southern District of New York, 300 Quarropas St., White Plains, NY 10601-4150, during regular business hours.  You will need to provide the name of the lawsuit and the case number: *In re Midland Funding LLC Interest Rate Litigation* Case No.:  11-cv-8149 (CS)(LMS).
- You can also obtain documents filed with the Court in this case through the website www.pacer.gov, which requires registration and charges a small fee.
- You may also contact Class Counsel at the addresses listed in the answer to Question 6 above.

### 16.  What if my address changes?

If your address has changed, or changes in the future, you should send your new address and telephone number to _____, the company selected to mail Notices and settlement checks to the Settlement Class members, at this address:[__]


THIS NOTICE WAS APPROVED BY THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK.

/s/_____

# EXHIBIT D

*IN RE MIDLAND FUNDING LLC INTEREST RATE LITIGATION*          POSTAGE IS PRE-PAID

Carefully separate at perforation

## **CLAIM FORM**

<span style="background-color: yellow">**«ClaimID»**</span>

Complete and mail this Claim Form by _____, 2019 to qualify for monetary compensation and/or a balance adjustment.
If you are receiving this notice, then you are eligible for compensation from this settlement.  YOU MUST MAIL IN THIS FORM OR SUBMIT A CLAIM ONLINE AT www._____ TO RECEIVE COMPENSATION.

Change of address only
_____
_____
_____

Cash payments and balance adjustments will vary depending on a variety of factors.  However, based on reasonable assumptions about claims participation, most Class Members who fill out their form and send it back, will receive a cash payment of at least $50.00 to $118.00 or a balance adjustment of at least $1,920.00 (assuming the claimant has a balance equal or greater to this amount).  Please choose which type of compensation you prefer.

☐ I want a Cash Payment

☐ I want a Balance Adjustment

Note: 1)  If your account balance is zero, you will receive a cash payment even if you pick the "balance adjustment" option.
   2)  If you do not check any box, your compensation will default to cash payment.
   3)  A small percentage of class members made alleged overpayments of interest to Defendants.  If you are one of these Class Members, you will receive an additional cash payment in addition to the payment or balance adjustment you selected above, **BUT ONLY IF YOU MAIL BACK THIS CLAIM FORM**.  You can also submit a claim online at www._____.

*Not sure of your balance?  Want to compare different options?  Go to www._____*

Signature: _____          Date (mm/dd/yyyy):  _____

Printed Name: _____

**Did you check one of the two boxes?**
**Did you sign and print your name?**
**Postage is pre-paid, no need for a stamp.**

■ \*MID<span style="background-color: yellow">«ClaimID»</span>\*          <span style="background-color: yellow">«ClaimID»</span>   MIDCRD1   ✚

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MIDLAND FUNDING, LLC INTEREST RATE LITIGATION | Civil Action No:. 11-cv-8149 (LMS) |

**PROPOSED FINAL ORDER AND JUDGMENT**

This matter comes before the Court on the joint request of Plaintiffs Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso and a class of persons similarly situated who have not opted out of the class (collectively, "Class Members"), and Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Defendants") for final approval of the Settlement Agreement dated (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the ____ day of _____, and due deliberation having been had thereon, and the Court, having read and considered (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the Memorandum and the declarations submitted in support of the application for entry of this Final Order and Judgment, (iii) the oral arguments of counsel presented to the Court, if any, and (iv) all papers filed and proceedings had herein; and for good cause appearing, the Court finds the following:

1.    On _____, 2019, the Court preliminary approved the Settlement, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Settlement Class Representatives, and Plaintiff's attorneys as Class Counsel. Consistent with the Court's Order dated February 27, 2017, the Class was defined as:

> all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising

out of FDCPA violations from November 10, 2010 through [February 27, 2017].

Excluded from the Settlement Class and all subclasses are any person whose Letter relates to a debt which was discharged pursuant to Chapter 7 of the United States Bankruptcy Code.

Preliminary Order dated _____, 2019 (ECF _____) at p. ____.

2.      In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants' counsel served notices of the proposed settlement on the appropriate federal and state officials.

3.      Pursuant to the Preliminary Approval Order, Notice was mailed to approximately _____ persons falling within the description of the Class in paragraph 1 above.   Additionally, pursuant to the parties' Notice Plan as approved by the Court's Preliminary Approval Order, the Class Administrator identified _____ Class Members email addresses and subsequently sent them a supplemental Notice via email.  Supplemental email notice was sent on _____.

4.      Class Counsel and the Settlement Administrator have reported that _____ of the persons who received the notice chose to opt out of the class, leaving ____ Class Members who are parties to this Settlement.

5.      Class Counsel and the Settlement Administrator have further reported that _____ Class Members have filed claims, including _____ that have filed claims for monetary relief, and _____ that have filed claims for balance adjustments.

6.      Plaintiffs now request, and Defendants do not oppose, final approval of the Settlement.

7.      The Court has read and considered the Settlement Agreement, the Motion and Declarations submitted in support thereof, the accompanying documents, and the record.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      <u>Granting of Motion for Final Approval</u>.  The Parties' Joint Motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to

consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2. <u>Objections</u>. The Court has considered the objections to approval of the Settlement Agreement and finds it to be without merit. The objections are therefore overruled. [OR "There were no objections timely or otherwise to the Settlement Agreement."]

3. <u>Notice</u>. The Court finds that the distribution of the Notice (including a postage prepaid claim form), the supplemental notices, and the long form notice made available on the class settlement website, as provided for in the Preliminary Approval Order, accurately informed all Persons within the definition of the Class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

A. The parties are directed to implement the settlement in accordance with its terms.

B. There being ___ Class Members as of the date of this Order, pursuant to the Agreement, the Court (subject to its reservation of continuing jurisdiction over the Settlement set forth below) hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties, not including the claims of those persons opted out of the Settlement.

5. <u>Costs</u>. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6.    <u>Settlement Amount to Plaintiffs</u>.  For their efforts on behalf of the Class and to settle their individual claims, the named Plaintiffs, Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso, are awarded $5,000 each in accordance with the Settlement Agreement. Defendants will pay the amount in the manner and time set forth in the Settlement Agreement.  In addition, and in acknowledgment of each Representative Plaintiffs' efforts on behalf of the class, each Representative Plaintiffs' purported account balance shall be adjusted by Defendants to zero.

7.    <u>Settlement Payment</u>.  Pursuant to the Settlement Agreement, Defendants are to pay each member of the Settlement Class who did not opt out of the Settlement and who filed a claim the amount they are entitled to according to the formula set forth in the Settlement Agreement, in the manner and time set forth in the Settlement Agreement.

8.    <u>Balance Adjustments</u>. With regard to Class Members entitled to balance adjustments under the settlement terms, Defendants shall make the balance adjustments as detailed under the Settlement Agreement within 30 days of the Effective Date.

9.    <u>Attorneys' Fees</u>.

The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on March 4, 2019, and having considered the fact that Defendants do not oppose these fees and costs, hereby approves attorneys' fees and costs in the amount of $550,000.

10.    <u>Cy Pres</u>.  The Court, having reviewed the parties' submission on the issue, selects and approves Volunteer Lawyer For A Day as the recipient of any *cy pres* funds that may be available in the Settlement Fund after the expiration date of the last mailed settlement fund check, pursuant to the terms of the Settlement.

11.    <u>Release and Discharge</u>. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

12.    <u>Defendants' Denial of Liability</u>.  The Court notes that Defendants deny any liability to Plaintiff or to any Class Member for any matter whatsoever.  Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by the Settling Parties of any liability or wrongdoing.  Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

13.    <u>Dismissal of Complaint</u>.  Subject to the reservation of jurisdiction for matters set forth below, the Complaint is hereby dismissed with prejudice.

14.    <u>Jurisdiction</u>.  The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

15.    <u>Entry of Judgment</u>.  In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.


So Ordered this ___ day of_____, 2019.


_____
HON. LISA M. SMITH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT F

*In re Midland Funding LLC Interest Rate Litigation*

## EMAIL NOTICE OF CLASS ACTION SETTLEMENT

We recently sent you a class action settlement notice postcard.  A claim form was attached.  We are sending you the same information now via email.

The parties have reached a settlement in this case.  The Defendants' records indicate that you are a Class Member.  Under the parties' settlement Class Members are entitled to cash and/or a balance adjustment, **BUT ONLY IF YOU SUBMIT A CLAIM ONLINE (go to www._____) OR MAIL IN THE CLAIM FORM WE PREVIOUSLY SENT YOU.**

### WHAT IS THIS CASE ABOUT?

This case involves collection letters sent by Midland Credit Management, Inc. on behalf of Midland Funding LLC to New York consumers.  The collection letters sought to collect interest that had been applied to the collection accounts at a rate of over 25%.    Plaintiffs contend that this was illegal under New York law and that that Defendants therefore violated the Fair Debt Collection Practices Act and New York General Business Law Sec. 349.  Defendants contend that their conduct was lawful and that they were permitted to seek and collect interest at a rate over 25% under New York and federal law.

Under the Settlement Agreement, there is a total of $555,000 in cash relief and $9,250,000 in balance adjustments available to be shared by those class members who file a claim.  For more information about the payments and credits to the class, go to www._____

### WHO IS INCLUDED IN THE CLASS?

The Class includes:  All persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through today's date; and (b) for claims arising out of FDCPA violations from November 10, 2010 through [February 27, 2017].

### WHAT ARE YOUR OPTIONS?

<u>You Can Mail In the Attached Claim Form</u>.  **YOU MUST SUBMIT A CLAIM ONLINE (go to www._____) OR MAIL IN THE CLAIM FORM WE PREVIOUSLY SENT YOU IN ORDER TO GET MONEY AND/OR A BALANCE ADJUSTMENT**.  You can also submit a claim online at www._____.

<u>You Can Do Nothing</u>.  If you do nothing, you will be included in the settlement. **HOWEVER, UNLESS YOU ALSO <u>SUBMIT A CLAIM ONLINE (go to www._____) OR MAIL IN THE CLAIM FORM WE PREVIOUSLY SENT YOU</u> , YOU WILL NOT GET ANY MONEY OR A BALANCE ADJUSTMENT**.

<u>You Can Opt Out of the Class</u>.  You may choose to remove yourself from the Class by submitting a timely Opt-Out Notice.  If you want to opt out, by no later than 5:00 p.m. (EST) on _____2019, you must submit an Opt-Out Notice, which may be found at www._____.  If you opt out, you will not take part in this settlement or receive any settlement funds, you will not be able to object to the settlement, and you will not be bound by any decision in this Action.

{N1423334.1 }

> Cash payments and balance adjustments will vary depending on a variety of factors.  However, based on reasonable assumptions about claims participation, most Class Members who fill out their claim form and send it back will receive a cash payment of at least $50.00 to $118.00 or a balance adjustment of at least $1,920.00 (assuming the claimant has a balance equal or greater to this amount).   Not sure of your balance?  Want to compare different options?  Go to www._____

## WHO REPRESENTS THE CLASS?

The District Court has certified the following attorneys as counsel for the Class ("Class Counsel"): Daniel A. Schlanger of Schlanger Law Group LLP and O. Randolph Bragg of Horwitz Horwitz & Associates. Class Members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all Class Members in the Action who do not object or retain their own counsel.

## WHO YOU CAN CONTACT FOR MORE INFORMATION?

If you have questions about this Action, please visit www._____, or call the Class Administrator at 1-800-_____ . Please do not contact Midland Funding LLC or Midland Credit Management, Inc. regarding this Action.

You may seek the advice and guidance of your own attorney if you desire.  In any event, PLEASE DO NOT TELEPHONE THE DISTRICT COURT OR THE DISTRICT COURT CLERK REGARDING THIS NOTICE.

## THIS IS NOT A COLLECTION NOTICE