UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MIDLAND FUNDING, LLC INTEREST RATE LITIGATION | Civil Action No:. 11-cv-8149 (LMS) |

**FINAL ORDER AND JUDGMENT**

This matter comes before the Court on the joint request of Plaintiffs Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso and a class of persons similarly situated who have not opted out of the class (collectively, "Settlement Class Members"), and Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Defendants") for final approval of the Settlement Agreement dated (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the 9th day of September, 2019 and due deliberation having been had thereon, and the Court, having read and considered (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the Memorandum and the declarations submitted in support of the application for entry of this Final Order and Judgment, (iii) the oral arguments of counsel presented to the Court, if any, and (iv) all papers filed and proceedings had herein; and for good cause appearing, the Court finds the following:

1. On April 30, 2019, the Court preliminarily approved the Settlement, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Settlement Class Representatives, and Plaintiffs' attorneys as Class Counsel. Consistent with the Court's Order dated February 27, 2017, the Settlement Class was defined as:

> all persons residing in New York who were sent a letter by Defendants attempting to collect interest in excess of 25% per annum regarding debts incurred for personal, family, or household purposes, whose cardholder agreements: (i) purport to be governed

> by the law of a state that, like Delaware's, provides for no usury cap; or (ii) select no law other than New York. This class comprises two subclasses: (a) for claims arising out of GBL violations from November 10, 2008 through February 27, 2017; and (b) for claims arising out of FDCPA violations from November 10, 2010 through February 27, 2017.
>
> Excluded from the Settlement Class and all subclasses are any person whose Letter relates to a debt which was discharged pursuant to Chapter 7 of the United States Bankruptcy Code.

Preliminary Order dated April 30, 2019 (ECF Doc. 225) at ¶ 9.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants' counsel served notices of the proposed settlement on the appropriate federal and state officials.

3. Pursuant to the Preliminary Order, notice was mailed to approximately 58,263 persons falling within the description of the Settlement Class in paragraph 1 above. Additionally, pursuant to the parties' Notice Plan as approved by the Court's Preliminary Order, the Class Administrator identified 29,948 Settlement Class Members' email addresses and subsequently sent them a supplemental notice via email. Supplemental email notice was sent on June 13, 2019.

4. Pursuant to the parties' Settlement Agreement, a second postcard notice was sent to the Settlement Class Members on June 21, 2019, excepting those Settlement Class Members who had already filed a claim or opt out request by that date.

5. Due to a brief technical issue with the website, the Court granted the parties' subsequent request to send a third postcard notice and to extend the claim, optout and objection deadline from July 29, 2019 to August 23, 2019. ECF Doc.227. This third postcard notice was sent on July 9, 2019.

6. Class Counsel and the Settlement Administrator have reported that 5 of the persons who received the notice chose to opt out of the Settlement Class, leaving 58,258 Settlement Class Members who are parties to this Settlement.

7. Class Counsel and the Settlement Administrator have further reported that 7633 Settlement Class Members have filed claims, including 6239 that have filed claims for monetary relief, and 1394 that have filed claims for balance adjustments. Of the 7633 claimants, 1560 were entitled to the Supplemental Fund.

8. The Parties now jointly request final approval of the Settlement.

9. The Court has read and considered the Settlement Agreement, the Motion and Declarations submitted in support thereof, the accompanying documents, and the record.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Granting of Motion for Final Approval</u>. The Parties' Joint Motion for Final Approval of the proposed Settlement is GRANTED and the Parties are hereby ordered to consummate the Settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2. <u>Objections</u>. There were no objections timely or otherwise to the Settlement Agreement.

3. <u>Notice</u>. The Court finds that the distribution of the notice (including a postage prepaid claim form), the supplemental postcard and email notices, and the long form notice made available on the class settlement website, as provided for in the Preliminary Order, accurately informed all persons within the definition of the Settlement Class of the material elements of the Settlement; fully complied with the Preliminary Order; constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure

23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

A. The parties are directed to implement the Settlement in accordance with its terms.

B. There being 58,258 Settlement Class Members as of the date of this Order, pursuant to the Settlement Agreement, the Court (subject to its reservation of continuing jurisdiction over the Settlement set forth below) hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Persons, not including the claims of those persons opted out of the Settlement.

5. <u>Costs</u>. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. <u>Settlement Amount to Representative Plaintiffs</u>. For their efforts on behalf of the Settlement Class and to settle their individual claims, the Representative Plaintiffs, Linda Taylor Gay, Marianne Norelli, Galo Uribe and Rocco Commisso, are awarded $5,000 each in accordance with the Settlement Agreement. Defendants will pay the amount in the manner and time set forth in the Settlement Agreement. In addition, and in acknowledgment of each Representative Plaintiff's efforts on behalf of the Settlement Class, each Representative Plaintiff's purported account balance shall be adjusted by Defendants to zero.

7. <u>Settlement Payment</u>. Pursuant to the Settlement Agreement, Defendants are to pay each member of the Settlement Class who did not opt out of the Settlement and who filed a claim

the amount they are entitled to according to the formula set forth in the Settlement Agreement, in the manner and time set forth in the Settlement Agreement.

8. Balance Adjustments. With regard to Settlement Class Members entitled to balance adjustments under the settlement terms, Defendants shall make the balance adjustments as detailed under the Settlement Agreement within 90 days of Defendants' receipt of a finalized list of claimants from the Settlement Administrator, including final amounts to be disbursed or credited for each claimant.

9. Attorneys' Fees. The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on March 4, 2019, and having considered the fact that Defendants do not oppose these fees and costs, hereby approves attorneys' fees and costs in the amount of $550,000.

10. Cy Pres. The Court, having reviewed the Parties' submission on the issue, selects and approves Volunteer Lawyer For A Day as the recipient of any *cy pres* funds that may be available in the Settlement Fund after the expiration date of the last mailed settlement fund check, pursuant to the terms of the Settlement.

11. Release and Discharge. Upon entry of this Order and Final Approval of the Settlement, Representative Plaintiffs and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

12. Defendants' Denial of Liability. The Court notes that Defendants deny any liability to Representative Plaintiffs or to any Settlement Class Member for any matter whatsoever. Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by the Defendants of any liability or wrongdoing. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth in the

Settlement Agreement and ¶ 11, above, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from "a common nucleus of operative fact as the claims asserted in [this] Action". ECF Doc. 224 ¶ 10(m). Pursuant to the Settlement Agreement, "this release shall not include any defense to any of the underlying state court actions and/or judgments taken against any Settlement Class Member." *Id.*

13.  Dismissal of Complaint. Subject to the reservation of jurisdiction for matters set forth below, the Complaint is hereby dismissed with prejudice.

14.  Jurisdiction. The Court shall retain exclusive and continuing jurisdiction over the Action, Representative Plaintiffs, Defendants and all Settlement Class Members to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Settlement Class Members and resolving any disputes that may arise with regard to any of the foregoing.

15.  Entry of Judgment. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this 10th day of September, 2019.

HON. LISA M. SMITH
UNITED STATES MAGISTRATE JUDGE